

* 5 0 0 8 8 9 9 4 *

FILED
7/6/2021 12:42 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
13927423

FILED DATE: 7/6/2021 12:42 PM   2021L006834

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

BRIAN POSTRELKO )
 )
  Plaintiff, )
 )
Vs. ) No.: 2021L006834
 )
CITY OF CHICAGO, a Municipal )
Corporation, POLICE DEPARTMENT, )
and officer CARRIE A. COONEY, )
individually, and as an agent and )
employee of the CITY OF CHICAGO, )
 )
  Defendants. )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, BRIAN POSTRELKO, by and through his attorneys, CUDA LAW OFFICES, LTD., and complaining of the Defendants, CITY OF CHICAGO, a Municipal Corporation, POLICE DEPARTMENT and officer CARRIE A. COONEY, individually and as an agent and employee of the CITY OF CHICAGO, states as follows:

### COUNT I – VIOLATION OF HUMAN RIGHTS ACT
### BRIAN POSTRELKO vs CITY OF CHICAGO

1) Defendant, CITY OF CHICAGO, a Municipal Corporation, (hereinafter "CITY OF CHICAGO"), was and still is a duly organized and existing corporation in and about the City of Chicago, County of Cook and State of Illinois.

2) At all times relevant to this Complaint, Defendant, CARRIE A. COONEY, individually, was a police officer and agent and employee of Defendant, CITY OF CHICAGO.

3) On or about January 4, 2021, Plaintiff, BRIAN POSTRELKO, was offered a position with the CITY OF CHICAGO, which was at their Headquarters and within the Awards Department.

1

**EXHIBIT A**



* 5 0 0 8 8 9 9 4 *

FILED DATE: 7/6/2021 12:42 PM   2021L006834

4)      Throughout the course of BRIAN POSTRELKO'S employment with the CITY

OF CHICAGO between January 2021, and March 2021, the Defendant, CARRIE A. COONEY,

as an agent and employee of Defendant, CITY OF CHICAGO, on several occasions, made

inappropriate comments and advances towards BRIAN POSTRELKO.

5)      During these encounters Defendant CARRIE A. COONEY as agent and

employee of Defendant, CITY OF CHICAGO:

      a. Took an unconsented and inappropriate picture of BRIAN POSTRELKO's buttocks;

      b. Pulled BRIAN POSTRELKO by his backpack without his consent;

      c. Touched BRIAN POSTRELKO on his back and neck without his consent;

      d. Grazed up against BRIAN POSTRELKO's buttocks and back without his consent;

      e. Grabbed and fixed BRIAN POSTRELKO's shirt collar without his consent;

      f. Violated social distancing protocols;

      g. Made inappropriate and unwanted sexual comments towards BRIAN POSTRELKO;

      h. Sexually harassed BRIAN POSTRELKO;

      i. Retaliated against BRIAN POSTRELKO for denying her inappropriate and unwanted advances;

      j. Sexually discriminated against BRIAN POSTRELKO on the basis of his sex.

6)      During the course of these encounters, Defendant CITY OF CHICAGO, knew or

should have known about the inappropriate conduct directed at BRIAN POSTRELKO and failed

to take appropriate action.



* 5 0 0 8 8 9 9 4 *

FILED DATE: 7/6/2021 12:42 PM   2021L006834

7)      On each occasion during which the Defendant CARRIE A. COONEY made the foregoing inappropriate and sexually related overtures, BRIAN POSTRELKO, informed the Defendant that he objected to the advances, behavior and comments.

8)      For purposes of this Complaint, CITY OF CHICAGO, was at all times herein Plaintiff's employer as contemplated by 775 ILCS 5/2-101(B)(1)(b).

9)      At all times relevant, Plaintiff was an employee of, CITY OF CHICAGO, as contemplated by 775 ILCS 5/2-101(A)(1).

10)     For purposes of this Complaint, Defendant, CARRIE A. COONEY,  was a managerial employee and agent of Defendant CITY OF CHICAGO, as contemplated by 775 ILCS 5/2-102(D) and at all times relevant to this Complaint had managerial and supervisory authority over BRIAN POSTRELKO in his capacity as an employee of Defendant, CITY OF CHICAGO.

11)     As a managerial and supervisory employee and agent of Defendant CITY OF CHICAGO, Defendant CARRIE A. COONEY engaged in the foregoing conduct set forth in Paragraphs 5.

12)     This action is brought pursuant to Article II of the Illinois Human Rights Act [775 ILCS 5/2-101 et seq.].

13)     The forgoing acts perpetrated against BRIAN POSTRELKO by the Defendant CARRIE A. COONEY constituted acts of sexual harassment, in violation of 775 ILCS 5/2-102(D).

14)     Within 180 days of the forgoing acts of sexual harassment, BRIAN POSTRELKO brought a Charge of Discrimination against the Defendant CITY OF CHICAGO, before the



* 5 0 0 8 8 9 9 4 *

Illinois Department of Human Rights (hereinafter "the Department"), as contemplated by 775 ILCS 5/7A-102. A copy of said Charge of Discrimination is attached hereto as Exhibit A.

15) BRIAN POSTRELKO received his Notice of Rights letter from the EEOC on May 24, 2021. A copy of said Notice of Rights letter is attached hereto as Exhibit B.

16) As a result of the foregoing acts of sexual harassment perpetrated against him by the Defendant CARRIE A. COONEY, who was at the time acting as an agent of Defendant, CITY OF CHICAGO, and having managerial authority over BRIAN POSTRELKO, Plaintiff suffered severe and permanent emotional distress and psychological suffering and has suffered economic losses, which are a direct and proximate result of the foregoing harassment.

17) The acts of the Defendants were so outrageous as to warrant imposition of punitive damages authorized by the Illinois Human Rights Act in order to deter other employers from similar acts.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CITY OF CHICAGO, for actual and punitive damages in an amount in excess of $50,000.00.

### COUNT II – BATTERY
### BRIAN POSTRELKO vs CITY OF CHICAGO

18-28) Plaintiff, BRIAN POSTRELKO, adopts and realleges each and every allegation of Paragraphs 1 through 11 of Count I above as and for Paragraphs 18-28 of Count II of his Complaint as though fully set forth herein.

29) Between January 2021, and March 2021, Defendant CARRIE A. COONEY, as agent and employee of Defendant, CITY OF CHICAGO, without the consent of BRIAN POSTRELKO, made offensive physical contact with Plaintiff, causing him apprehension for his personal safety.

4


* 5 0 0 8 8 9 9 4 *

30)     Contact with BRIAN POSTRELKO as set forth in Paragraph 5, constituted impermissible touching and battery perpetrated against BRIAN POSTRELKO.

31)     As a direct and proximate result of the acts of battery perpetrated against him by Defendant CARRIE A. COONEY, as agent and employee of Defendant CITY OF CHICAGO, BRIAN POSTRELKO has suffered humiliation, shame and emotional distress.

32)     The conduct of Defendant CARRIE A. COONEY, as agent and employee of Defendant CITY OF CHICAGO, is so outrageous as to warrant an award of punitive damages to deter others from similar conduct as authorized and contemplated by the Illinois Human Rights Act.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CARRIE A. COONEY, for actual and punitive damages in an amount in excess of $50,000.00.

### COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### BRIAN POSTRELKO vs CITY OF CHICAGO

33-43)  Plaintiff, BRIAN POSTRELKO, adopts and realleges each and every allegation of Paragraphs 1 through 11 of Count I above as and for Paragraphs 33-43 of Count III of his Complaint as though fully set forth herein.

44)     The inappropriate sexual advances and impermissible touching of the Plaintiff as set forth in Paragraph 5 hereof were willful and deliberate and were of such a character that any reasonable person would know they would cause the Plaintiff, BRIAN POSTRELKO, to suffer emotional distress.

45)     That in so acting, the Defendant CARRIE A. COONEY, as agent and employee of Defendant, CITY OF CHICAGO, intentionally inflicted emotional distress upon BRIAN POSTRELKO.

5



* 5 0 0 8 8 9 9 4 *

FILED DATE: 7/6/2021 12:42 PM 2021L006834

46)     As a result of the conduct of the Defendant CARRIE A. COONEY, as agent and

employee of Defendant CITY OF CHICAGO, as expressed in Paragraph 5 hereof, BRIAN

POSTRELKO was caused to suffer severe and permanent emotional distress.

47)     The conduct of the Defendant CARRIE A. COONEY, as agent and employee of

Defendant CITY OF CHICAGO, was so outrageous as to warrant an award of punitive damages

to deter others from similar conduct as authorized and contemplated by the Illinois Human

Rights Act.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the

Plaintiff and against the Defendant, CITY OF CHICAGO, for actual and punitive damages in an

amount in excess of $50,000.00.

### COUNT IV – VIOLATION OF HUMAN RIGHTS ACT
### BRIAN POSTRELKO vs CARRIE A. COONEY, Individually

48)     At all times relevant to this Complaint, Defendant CARRIE A. COONEY,

individually was a police officer and agent and employee of Defendant, CITY OF CHICAGO.

49)     On or about January 4, 2021, Plaintiff BRIAN POSTRELKO was offered a

position with the CITY OF CHICAGO.

50)     Throughout the course of BRIAN POSTRELKO'S employment with the CITY

OF CHICAGO between January 2021, and March 2021, the Defendant, CARRIE A. COONEY,

as an agent and employee of Defendant, CITY OF CHICAGO, on several occasions, made

inappropriate comments and advances towards BRIAN POSTRELKO.

51)     During these encounters Defendant CARRIE A. COONEY, individually:

    a.   Took an unconsented and inappropriate picture of BRIAN POSTRELKO's
        buttocks;

    b.   Pulled BRIAN POSTRELKO by his backpack without his consent;



* 5 0 0 8 8 9 9 4 *

FILED DATE: 7/6/2021 12:42 PM 2021L006834

    c.   Touched BRIAN POSTRELKO on his back and neck without his consent;

    d.   Grazed up against BRIAN POSTRELKO's buttocks and back without his consent;

    e.   Grabbed and fixed BRIAN POSTRELKO's shirt collar without his consent;

    f.   Violated social distancing protocols;

    g.   Made inappropriate and unwanted sexual comments towards BRIAN POSTRELKO;

    h.   Sexually harassed BRIAN POSTRELKO;

    i.   Retaliated against BRIAN POSTRELKO for denying her inappropriate and unwanted advances; and

    j.   Sexually discriminated against BRIAN POSTRELKO on the basis of his sex.

52)    On each occasion during which the Defendant CARRIE A. COONEY made the foregoing inappropriate and sexually related overtures, BRIAN POSTRELKO informed the Defendant that he objected to the advances, behavior and comments.

53)    For purposes of this Complaint, CITY OF CHICAGO, was at all times herein Plaintiff's employer as contemplated by 775 ILCS 5/2-101(B)(1)(b).

54)    At all times relevant, Plaintiff was an employee of, CITY OF CHICAGO, as contemplated by 775 ILCS 5/2-101(A)(1).

55)    For purposes of this Complaint, Defendant, CARRIE A. COONEY, was a managerial employee and agent of Defendant CITY OF CHICAGO, as contemplated by 775 ILCS 5/2-102(D) and at all times relevant to this Complaint had managerial and supervisory authority over BRIAN POSTRELKO in his capacity as an employee of Defendant, CITY OF CHICAGO.



56)     As a managerial and supervisory employee and agent of Defendant CITY OF CHICAGO, Defendant CARRIE A. COONEY engaged in the foregoing conduct set forth in Paragraph 5.

57)     This action is brought pursuant to Article II of the Illinois Human Rights Act [775 ILCS 5/2-101 et seq.].

58)     The forgoing acts perpetrated against BRIAN POSTRELKO by the Defendant CARRIE A. COONEY constituted acts of sexual harassment, in violation of 775 ILCS 5/2-102(D).

59)     Within 180 days of the forgoing acts of sexual harassment, BRIAN POSTRELKO brought a Charge of Discrimination against the Defendant CITY OF CHICAGO, before the Illinois Department of Human Rights (hereinafter "the Department"), as contemplated by 775 ILCS 5/7A-102. A copy of said Charge of Discrimination is attached hereto as Exhibit A.

60)     BRIAN POSTRELKO received his Notice of Rights letter from the EEOC on May 24, 2021. A copy of said Notice of Rights letter is attached hereto as Exhibit B.

61)     As a result of the foregoing acts of sexual harassment perpetrated against him by the Defendant CARRIE A. COONEY, individually, who at that time had managerial authority over BRIAN POSTRELKO, Plaintiff suffered severe and permanent emotional distress and psychological suffering and has suffered economic losses, which are a direct and proximate result of the foregoing harassment.

62)     The acts of the Defendants were so outrageous as to warrant imposition of punitive damages authorized by the Illinois Human Rights Act in order to deter other employers from similar acts.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the

FILED DATE: 7/6/2021 12:42 PM 2021L006834

* 5 0 0 8 8 9 9 4 *

Plaintiff and against the Defendant, CARRIE A. COONEY, individually, for actual and punitive damages in an amount in excess of $50,000.00.

## COUNT V – BATTERY
### BRIAN POSTRELKO vs CARRIE A. COONEY, Individually

63-71) Plaintiff, BRIAN POSTRELKO, adopts and realleges each and every allegation of Paragraphs 48 through 56 of Count IV above as and for Paragraphs 63-71 of Count V of his Complaint as though fully set forth herein.

72)     Between January 2021, and March 2021, Defendant CARRIE A. COONEY, individually, without the consent of BRIAN POSTRELKO, made offensive physical contact with Plaintiff, causing him apprehension for his personal safety.

73)     Contact with BRIAN POSTRELKO as set forth in Paragraph 5, constituted impermissible touching and battery perpetrated against BRIAN POSTRELKO.

74)     As a direct and proximate result of the acts of battery perpetrated against him by Defendant CARRIE A. COONEY, individually, Plaintiff BRIAN POSTRELKO has suffered humiliation, shame and emotional distress.

75)     The conduct of Defendant CARRIE A. COONEY, individually, is so outrageous as to warrant an award of punitive damages to deter others from similar conduct as authorized and contemplated by the Illinois Human Rights Act.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CARRIE A. COONEY, individually, for actual and punitive damages in an amount in excess of $50,000.00.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### BRIAN POSTRELKO vs CARRIE A. COONEY, Individually

FILED DATE: 7/6/2021 12:42 PM    2021L006834



FILED DATE: 7/6/2021 12:42 PM 2021L006834

76-84) Plaintiff, BRIAN POSTRELKO, adopts and realleges each and every allegation of Paragraphs 48 through 56 of Count IV above as and for Paragraphs 76-84 of Count VI of his Complaint as though fully set forth herein.

85)     The inappropriate sexual advances and impermissible touching of the Plaintiff as set forth in Paragraph 5 hereof were willful and deliberate and were of such a character that any reasonable person would know they would cause the Plaintiff, BRIAN POSTRELKO, to suffer emotional distress.

86)     That in so acting, the Defendant CARRIE A. COONEY, individually, intentionally inflicted emotional distress upon BRIAN POSTRELKO.

87)     As a result of the conduct of the Defendant CARRIE A. COONEY, individually, as expressed in Paragraph 5 hereof, Plaintiff BRIAN POSTRELKO was caused to suffer severe and permanent emotional distress.

88)     The conduct of the Defendant CARRIE A. COONEY, individually, was so outrageous as to warrant an award of punitive damages to deter others from similar conduct as authorized and contemplated by the Illinois Human Rights Act.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CARRIE A. COONEY, individually, for actual and punitive damages in an amount in excess of $50,000.00.

Respectfully submitted

By:     *Anthony Cuda*
        Attorney for Plaintiff

Attorney No: 27099
CUDA LAW OFFICES, LTD.
6525 W. North Avenue, Suite 204
Oak Park, Illinois 60302
708-383-4900



EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 440-2021-02528  and EEOC |

**ILLINOIS DEPARTMENT OF HUMAN RIGHTS**
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **MR. BRIAN POSTRELKO** | **(773) 972-7009** | **1977** |

| Street Address | City, State and ZIP Code |
|---|---|
| **7061 NORTH KEDZIE AVENUE, STE 1713, CHICAGO,IL 60645** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **CHICAGO POLICE DEPARTMENT** | **501+** | **(312) 746-6000** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3510 SOUTH MICHIGAN AVENUE, CHICAGO, IL 60653** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **01-29-2021** Latest **04-06-2021**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with Respondent on or about October 31, 2005. My current position is Police Officer. During my employment, I have been subjected to sexual harassment. I was also subjected to different terms and conditions of employment, including but not limited to, harsher work assignments. I complained to Respondent.

I believe I have been discriminated against because of my sex, male, and in retaliation for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

DEPT. OF HUMAN RIGHTS
INTAKE DIVISION

May 24, 2021
RECEIVED
BY:_____

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Brian Postrelko on 05-12-2021 02:00 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EXHIBIT
A



EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

\* 5 0 0 8 8 9 9 4 \*

## DISMISSAL AND NOTICE OF RIGHTS

FILED DATE: 7/6/2021 12:42 PM 2021L006834

| To: | **Brian Postrelko**<br>**7061 North Kedzie Avenue**<br>**STE 1713**<br>**Chicago, IL 60645** | From: | **Chicago District Office**<br>**230 S. Dearborn**<br>**Suite 1866**<br>**Chicago, IL 60604** |

|  | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| | **Katarzyna Hammond,** | |
| **440-2021-02528** | **Investigator** | **(312) 872-9703** |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|  | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| --- | --- |
|  | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
|  | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
|  | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| X | The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
|  | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
|  | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Julianne Bowman/eh*

5/24/2021

Enclosures(s)

**Julianne Bowman,**
**District Director**

*(Date Issued)*

cc: **CITY OF CHICAGO LAW DEPARTMENT LABOR**
**DIVISION**
**Eileen Geary, Esq.**
**Chief Assistant Corporation Counsel**
**2 North LaSalle Street, Suite 660**
**Chicago, IL 60602**



**EXHIBIT**

tabbies®

**B**

**From:** Scott Crouch <Scott.Crouch@cityofchicago.org>
**Sent:** Wednesday, August 18, 2021 12:41 PM
**To:** Gina LaRose <GLaRose@cudalaw.com>; Anthony Cuda <acuda@cudalaw.com>
**Cc:** Jessica Durkin <Jessica.Durkin@cityofchicago.org>; Pamela Buscemi <Pamela.Buscemi@cityofchicago.org>; Sydney Seal <Sydney@cudalaw.com>
**Subject:** Re: Postrelko v. City - 21 L 6834- Introduction and responsive pleading

Thanks, Gina,

We will draft the motion. We still need to file appearances, but the Clerk's website has been down all week so we've been unable to access the court forms.

Regards,
Scott

Get Outlook for Android

**From:** Gina LaRose <GLaRose@cudalaw.com>
**Sent:** Wednesday, August 18, 2021, 12:39 PM
**To:** Scott Crouch; Anthony Cuda
**Cc:** Jessica Durkin; Pamela Buscemi; Sydney Seal
**Subject:** Re: Postrelko v. City - 21 L 6834- Introduction and responsive pleading

[Warning: External email]

Hello Scott,

We will agree to an extension and to transferring to the commercial calendar. Will you be drafting the motion to transfer?

**EXHIBIT B**

Thank you,
Gina LaRose

---

**From:** Scott Crouch <Scott.Crouch@cityofchicago.org>
**Sent:** Wednesday, August 18, 2021 11:07 AM
**To:** Anthony Cuda <acuda@cudalaw.com>
**Cc:** Jessica Durkin <Jessica.Durkin@cityofchicago.org>; Pamela Buscemi <Pamela.Buscemi@cityofchicago.org>; Gina LaRose <GLaRose@cudalaw.com>; Sydney Seal <Sydney@cudalaw.com>
**Subject:** RE: Postrelko v. City - 21 L 6834- Introduction and responsive pleading

Hi Tony,
I hope you're doing well. I'm just following up on our email exchange from a few days ago regarding our requested extension to answer/otherwise plead and about transferring to the commercial calendar.
Thanks,
Scott
**Scott Crouch**
Pronouns: he/him/his
Assistant Corporation Counsel
City of Chicago Department of Law - Employment Litigation Division
2 N. LaSalle, Suite #640, Chicago, IL 60602
Office (312) 744-8369
Mobile (312) 857-8366
Scott.Crouch@CityOfChicago.org

---

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

---

**From:** Anthony Cuda <acuda@cudalaw.com>
**Sent:** Monday, August 9, 2021 10:33 AM
**To:** Scott Crouch <Scott.Crouch@cityofchicago.org>
**Cc:** Jessica Durkin <Jessica.Durkin@cityofchicago.org>; Pamela Buscemi <Pamela.Buscemi@cityofchicago.org>; Gina LaRose <GLaRose@cudalaw.com>; Sydney Seal <Sydney@cudalaw.com>
**Subject:** RE: Postrelko v. City - 21 L 6834- Introduction and responsive pleading

[Warning: External email]

Dear Mr. Crouch,
Thank you for your email,. Please add, attorney Gina Larose, and our paralegal, Sydney Seal. We will discuss your email with our client and get back to you.
Sincerely,
Tony

*Anthony Cuda*
Attorney at Law
**CUDA LAW OFFICES, LTD.**
6525 West North Avenue, Suite 204
Oak Park, Illinois 60302
Main: 708-383-4900

Direct Dial: 708-665-3000
Cell: 312-543-3700
Fax: 708-383-0100
**acuda@cudalaw.com**



CONFIDENTIALITY NOTICE: This -e-mail message, including any attachments, is for the sole use of the intended recipients and may contain confidential and privileged information. All personal messages express views solely of the sender, which are not to be attributed to Cuda Law Offices. Unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact by reply email and destroy all copies of the original message. Legal Disclaimer: Information contained in this e-mail, including any files transmitted with it, may contain confidential medical or business information intended only for use by the intended recipient(s). Any unauthorized disclosure, use, copying, distribution or taking of any action based on the contents of this email is strictly prohibited. Review by any individual other than the intended recipient does not waive or surrender the physician-patient privilege or any other legal rights. If you received this e-mail in error, please delete it immediately and notify the sender by return email.

**From:** Scott Crouch <Scott.Crouch@cityofchicago.org>
**Sent:** Friday, August 6, 2021 5:25 PM
**To:** Anthony Cuda <acuda@cudalaw.com>
**Cc:** Jessica Durkin <Jessica.Durkin@cityofchicago.org>; Pamela Buscemi <Pamela.Buscemi@cityofchicago.org>
**Subject:** Postrelko v. City - 21 L 6834- Introduction and responsive pleading

Good evening, Counsel,

I am the attorney representing the City of Chicago in the above referenced matter. My colleague, Jessica Durkin (cc'd on this email) is representing Sgt. Cooney. Pam Buscemi (cc'd) is a paralegal from our office who has been assigned to the matter.

Jessica and I are in receipt of your complaint and are in the process of reviewing the allegations and conducting our initial investigations. Based on the need for further investigation, deadlines in other matters, we plan on filing a motion for extension of time to October 1, 2021, to answer or otherwise plead to the complaint. We wondered if you had any objection to such a request.

Additionally, we saw that the case is assigned to the 22nd floor of the Daley Center. Typically, employment discrimination cases are assigned to the law division's commercial calendar. We wondered if you would oppose a request to transfer to the appropriate division.

Thank you in advance. We look forward to working with you to resolve this matter.

Regards,
Scott

**Scott Crouch**
Pronouns: he/him/his
Assistant Corporation Counsel
City of Chicago Department of Law - Employment Litigation Division
2 N. LaSalle, Suite #640, Chicago, IL 60602
Office (312) 744-8369
Mobile (312) 857-8366
Scott.Crouch@CityOfChicago.org

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

Appearance                                                                    (12/30/15) CCL N530

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

FILED
8/19/2021 9:48 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006834

Brian Postrelko
_____
                                    Plaintiff

                    v.

City of Chicago, et al.
_____
                                   Defendant

No. 21 L 6834

Calendar: X

FILED DATE: 8/19/2021 9:48 AM     2021L006834

## APPEARANCE

☑ GENERAL APPEARANCE          0900 - APPEARANCE - FEE PAID;  0909 - APPEARANCE - NO FEE;
                               0904 - APPEARANCE FILED - FEE WAIVED

☑ JURY DEMAND                  1900 - APPEARANCE & JURY DEMAND - FEE PAID
                               1909 - APPEARANCE & JURY DEMAND - NO FEE

The undersigned enters the appearance of:      ☐ Plaintiff   ☑ Defendant

City of Chicago
_____

_____
(Insert litigant's name.)

                                        /s/   Scott Crouch
                                              _____
                                                       Signature

☑ INITIAL COUNSEL OF RECORD       ☐ PRO SE
☐ ADDITIONAL APPEARANCE           ☐ SUBSTITUTE APPEARANCE

     A copy of this appearance shall be given to all parties who have appeared and have not been found by the Court to be in default.

☑ Atty. No.: 90909          ☐ Pro Se  99500
(Please complete the following contact information.)

Name: Scott Crouch

Atty. for: Defendant City of Chicago

Address: 2 N. LaSalle Street, Suite 640

City/State/Zip: Chicago/IL/60602

Telephone: 312-744-8369

Primary Email: scott.crouch@cityofchicago.org

Secondary Email: _____

Tertiary Email: _____

**Pro Se Only:** ☐ I have read and agree to the terms of the Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

_____

**EXHIBIT C**

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

FILED
8/19/2021 9:53 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006834

Brian Postrelko
_____
                                    Plaintiff

v.

City of Chicago, et al.
_____
                                    Defendant

No. 21 L 6834 _____

Calendar: X _____

FILED DATE: 8/19/2021 9:53 AM   2021L006834

## APPEARANCE

☑ GENERAL APPEARANCE            0900 - APPEARANCE - FEE PAID;  0909 - APPEARANCE - NO FEE;
                                0904 - APPEARANCE FILED - FEE WAIVED

☑ JURY DEMAND                   1900 - APPEARANCE & JURY DEMAND - FEE PAID
                                1909 - APPEARANCE & JURY DEMAND - NO FEE

The undersigned enters the appearance of:        ☐ Plaintiff   ☑ Defendant

Carrie A. Cooney
_____

_____
(Insert litigant's name.)

                              /s/   Jessica R Durkin
                                    _____
                                    Signature

☑ INITIAL COUNSEL OF RECORD         ☐ PRO SE
☐ ADDITIONAL APPEARANCE             ☐ SUBSTITUTE APPEARANCE

A copy of this appearance shall be given to all parties who have appeared and have not been found by the Court to be in default.

☑ Atty. No.: 90909 _____   ☐ Pro Se  99500

(Please complete the following contact information.)

Name: Jessica R Durkin

Atty. for: Defendant City of Chicago

Address: 2 N. LaSalle Street, Suite 640

City/State/Zip: Chicago/IL/60602

Telephone: 312-744-2836

Primary Email: jessica.durkin@cityofchicago.org

Secondary Email: _____

Tertiary Email: _____

**Pro Se Only:** ☐ I have read and agree to the terms of the Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

_____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED DATE: 10/1/2021 2:54 PM   2021L006834

FILED
10/1/2021 2:54 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006834

15050079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

BRIAN POSTRELKO,                              )
                                             )
              Plaintiff,                      )
                                             )
       v.                                     )          No.: 2021 L 006834
                                             )
CITY OF CHICAGO, a Municipal                  )          Honorable Daniel J. Kubasiak
Corporation, POLICE DEPARTMENT,               )
and officer CARRIE A. COONEY,                 )          Commercial Calendar T
individually, and as an agent and            )
employee of the CITY OF CHICAGO,              )
                                             )
              Defendants.                     )

## DEFENDANT CITY OF CHICAGO'S PARTIAL MOTION TO DISMISS PURSUANT TO 735 ILCS 5/2-619.1

Defendant, City of Chicago ("the City") through Celia Meza, corporation counsel for the City moves to dismiss Counts I, II and III of Plaintiff's Complaint pursuant to 735 ILCS 5/2-619(a)(1) and 735 ILCS 5/2-619(a)(9). The City also moves to dismiss Count III of Plaintiff's Complaint pursuant to 735 ILCS 5/2-615. The City states the following in support of its motion.

### I.   INTRODUCTION

Plaintiff alleges the City violated the Illinois Human Rights Act (IHRA), and is liable for Defendant Cooney's alleged battery and intentional infliction of emotional distress (IIED). However, Plaintiff failed to administratively exhaust his IHRA charge and his IHRA claim is thus barred. The IHRA preempts Plaintiff's Battery and IIED claims against the City (Counts II and III, respectively). Plaintiff fails to state a cause of action for IIED, which is a separate basis for dismissing Count III. Additionally, the Chicago Police Department is not a suable entity and thus should be dismissed from the Complaint and stricken from the caption. Finally, the Tort Immunity Act bars Plaintiff's request for punitive damages against the City in counts I, II and III of the Complaint.

**EXHIBIT D**

FILED DATE: 10/1/2021 2:54 PM    2021L006834

## II.    FACTUAL BACKGROUND

### A.    Allegations in Plaintiff's Complaint

Plaintiff is a Police Officer with the Chicago Police Department (CPD). Plaintiff alleges that between January and March 2021, his then-supervisor, Defendant Sgt. Carrie Cooney, sexually harassed him. Plaintiff alleges Sgt. Cooney's purported harassment of Plaintiff took the following forms:

- Inappropriate unwanted sexual comments and advances towards Plaintiff, (Complaint ("Comp.") (attached as "Exhibit 1" or "Ex. 1") at ¶¶4, 5);
- Taking a picture of Plaintiff's buttocks without consent, (*id.* at ¶5);
- Pulling Plaintiff by his backpack without consent, (*id.*);
- Touching Plaintiff's back and neck without his consent, (*id.*);
- "Graz[ing] up against [Plaintiff's] buttocks and back without his consent," (*id.*);
- Grabbing and fixing Plaintiff's shirt collar without his consent, (*id.*);
- Violating social distancing protocols, (*id.*);

Plaintiff also concludes that Defendant Cooney retaliated against him but does not specify what form the alleged retaliation took. (*Id.*) Plaintiff also alleges that Defendant Cooney "sexually discriminated" against him, but fails to allege how. (*Id.*)

In Count I of the Complaint, Plaintiff alleges the City, as Defendant Cooney's principal, violated the Illinois Human Rights Act's prohibition on sexual harassment, 775 ILCS 5/2-102(D) ("IHRA"). (Comp., ¶13).

In Count II of the Complaint, Plaintiff alleges that the purported unwanted touching outlined in paragraph 5 of the Complaint constituted battery. (*Id.* at ¶30). Plaintiff alleges the City, as Defendant Cooney's principal, is liable for the alleged acts of battery. (*Id.* at ¶31).

In Count III of the Complaint, Plaintiff alleges the purported "inappropriate sexual advances and impermissible touching of the Plaintiff as set forth in Paragraph 5 [of the Complaint]"

constituted IIED in violation of Illinois common law. (*Id.* at ¶45). Plaintiff further alleges the City is liable for IIED since Defendant Cooney is the City's "agent and employee." (*Id.* at ¶46).[1]

In Counts I, II and III's "Wherefore" paragraphs, Plaintiff requests punitive damages be included in any judgment against the City. (*Id.* at pp. 4 (Count I, "Wherefore" paragraph), 5 (Count II, "Wherefore" paragraph), 6 (Count III, "Wherefore" paragraph)).

**B.      Administrative Proceedings before EEOC and failure to notify IDHR**

On May 12, 2021, Plaintiff cross-filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). (Charge of Discrimination, Ex. 1-A). Pursuant to the cooperative agreement between the EEOC and IDHR, the EEOC conducted the initial investigation of Plaintiff's charge. (A copy of the EEOC May 24, 2021 letter to the IDHR indicating the EEOC would conduct the initial investigation is part of the IDHR file attached hereto as "Exhibit 2" or "Ex. 2" at p. 5).

On May 24, 2021, the IDHR sent Plaintiff a letter notifying him that the IDHR would take no further action on Plaintiff's IDHR charge unless Plaintiff requested the IDHR do so after the EEOC issued its findings. (Ex. 2, p. 1). The IDHR's letter to Plaintiff stated, in relevant part:

> Since you filed your discrimination charge initially with the EEOC, the EEOC is the governmental agency responsible for investigating the charge and the investigation will be conducted pursuant to the rules and procedures adopted by the EEOC. The Department will take no action on your charge until the EEOC issues its findings. **After the EEOC issues its findings**, if you want the Department to take any further action on your charge, **you must send the Department a copy of the EEOC's findings within 30 days after service of the EEOC's findings** on you. . . .
>
> If you received the EEOC's findings prior to receipt of this letter, you have 30 days from the date of this letter to send the Department a copy of the EEOC's findings. Upon receipt of the EEOC's findings, the Department will mail you a notice as to what further action the Department may take on your charge. . . .

---

[1] Counts I, II and III are directed only towards the City. Counts IV, V and VI are directed only towards Defendant Cooney and are not addressed in this motion.

FILED DATE: 10/1/2021 2:54 PM      2021L006834

FILED DATE: 10/1/2021 2:54 PM    2021L006834

> Your failure to timely provide the EEOC's findings to the Department will result
> only in the Department closing your file. . . . If you do not wish to proceed with the
> Department, you do not need to take any further action.

*Id.* The EEOC issued its findings to Plaintiff on May 24, 2021. (Ex. 1-B). Per the IDHR, Plaintiff

never submitted the EEOC filings to the IDHR: "the [IDHR]'s records do not show that [Plaintiff]

notified the Department in writing of his intent to proceed before the Department. Therefore, the

Department did not investigate [Plaintiff]'s allegations . . . ." (September 20, 2021 Letter from the

IDHR, "Exhibit 3" or "Ex. 3"). The IDHR never issued Plaintiff a right to sue letter. (*See* Ex. 2

(entire IDHR file received via FOIA) and Ex. 3 (letter from the IDHR explaining charge was not

investigated). Plaintiff filed suit on July 6, 2021. (Ex. 1).

### III.    LEGAL STANDARD

A section 2-615 motion to dismiss attacks the legal sufficiency of a complaint by alleging

defects on the face of the complaint. *Trilisky v. City of Chicago*, 2019 IL App (1st) 182189, ¶ 28, 143

N.E.3d 925, 935 (citing *Vitro v. Mihelcic*, 209 Ill. 2d 76, 81, 806 N.E.2d 632 (2004)). When ruling on a

section 2-615 motion, the relevant question is whether the allegations in the complaint, construed in

a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may

be granted. *Trilisky*, 2019 IL App (1st) 182189, ¶ 28 (citing *Canel v. Topinka*, 212 Ill. 2d 311, 317, 818

N.E.2d 311 (2004)).

A motion to dismiss pursuant to 735 ILCS 5/2-619 admits the sufficiency of all well-pleaded

facts but argues for the dismissal of the complaint based on an affirmative matter defeating the claim

or avoiding its legal effect. *Janda v. United States Cellular Corp.*, 2011 IL App (1st) 103552, ¶ 83. A

motion brought pursuant to section 2-619(a)(1) asserts "the court does not have jurisdiction of the

subject matter of the action . . . ." 735 ILCS 5/2-619(a)(1). A motion brought pursuant to 2-

619(a)(9) asserts "the claim asserted against defendant is barred by other affirmative matter avoiding

the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9).

FILED DATE: 10/1/2021 2:54 PM    2021L006834

"Motions with respect to pleadings under Section 2-615, motions for involuntary dismissal or other relief under Section 2-619 . . . may be filed together as a single motion in any combination. A combined motion, however, shall be in parts. Each part shall be limited to and shall specify that it is made under one of Sections 2-615 [or] 2-619 . . . . Each part shall also clearly show the points or grounds relied upon under the Section upon which it is based." 735 ILCS 5/2-619.1.

## IV.   ARGUMENT

### A.   Plaintiff's IHRA claim against the City (Count I) should be dismissed as Plaintiff failed to administratively exhaust his complaint with the IDHR (Dismissal pursuant to 2-619(a)(9))

Before initiating suit under the IHRA a plaintiff must generally file a charge of discrimination with the IDHR; the plaintiff may then file a civil suit after (1) he receives a final report from the IDHR, or (2) the IDHR fails to issue a report within a year after the charge is filed. 775 ILCS 5/7A-102(D), (G). Where a complainant files a charge with the EEOC and cross-files the charge with IDHR, the IHRA provides that "the [IDHR] shall take no action until the EEOC makes a determination on the charge and after the complainant notifies the Department of the EEOC's determination." 775 ILCS 5/7A-102(A-1)(1). After the EEOC notifies the IDHR that the charge has been filed, the IDHR is required to notify the parties that "the complainant must submit a copy of the EEOC's determination within 30 days after service of the determination by the EEOC on complainant." 775 ILCS 5/7A-102(A-1)(1)(iv). (*See* Ex. 2, p. 1). Once it receives the EEOC determination, the IDHR will either adopt the EEOC's determination or initiate its own investigation. 775 ILCS 5/7A-102(A-1).

The IHRA provides that "the complainant **must** submit a copy of the EEOC's determination within 30 days after service of the determination by the EEOC on complainant." 775 ILCS 5/7A-102(A-1)(1)(iv)(emphasis added); (*see* Ex. 2, p. 1 (letter from IDHR to Plaintiff informing him of this requirement). Compliance with such a statutory time limit "is a condition

FILED DATE: 10/1/2021 2:54 PM    2021L006834

precedent to the right to seek a remedy before an administrative body, and ... a prerequisite to the acquisition of subject matter jurisdiction." *Bumphus v. Ill. Human Rights Comm'n*, 2021 IL App (5th) 200037-U, ¶ 17, 2021 WL 754596 (internal quotations omitted). Accordingly, where plaintiffs have failed to comply with the 30-day notice requirement, courts have dismissed IHRA claims for lack of exhaustion of administrative remedies. *Donald v. City of Chicago,* 20-CV-6815, 2021 WL 1946335, at *4 (N.D. Ill. May 14, 2021) (quoting *Jafri v. Signal Funding LLC*, No. 19 C 645, 2019 WL 4824883, at *2 (N.D. Ill. Oct. 1, 2019)(internal citations omitted).

Here, Plaintiff filed a Charge of Discrimination with the EEOC, Charge No. 440-2021-02528 (*see* Ex. 1-A) (the "Charge"), on May 12, 2021, which was automatically cross-filed with the IDHR.  (Ex. 1-A; Ex. 2, p. 5). On May 24, 2021, the IDHR notified Plaintiff that to proceed with his Charge before the IDHR, Plaintiff was required to notify the IDHR of the EEOC's findings within 30 days of the EEOC's service of their findings on Plaintiff. (Ex. 2, p. 1). On May 24, 2021, the EEOC issued Plaintiff a Dismissal and Notice of Rights. (Ex. 1-B). Plaintiff failed to notify IDHR of EEOC's findings. On September 20, 2021, IDHR issued a letter stating "the Department's records do not show that Mr. Postrelko notified the Department in writing of his intent to proceed before the Department. Therefore, the Department did not investigate Mr. Postrelko's allegations . . . ." (Ex. 3). Plaintiff's failure to notify the IHRA of the EEOC's findings is indistinguishable from the facts of *Donald* and *Jafri*, and the result should be the same. Plaintiff's IHRA claims should be dismissed because he failed to exhaust his administrative remedies.

**B.      The IHRA preempts Plaintiff's Battery and IIED claims (Counts II & III) and thus the Court does not have subject matter jurisdiction over these claims (Dismissal pursuant to 2-619(a)(1)).**

The IHRA clearly states: "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8–111(C). The IHRA's definitions of "civil rights violations" include sexual

FILED DATE: 10/1/2021 2:54 PM    2021L006834

harassment, (775 ILCS 5/2-102(D)) and retaliation "against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination [or] sexual harassment in employment. . ." 775 ILCS 5/6-101(A). "Sexual harassment" is defined as

> any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.

775 ILCS 5/2-101(E).

Illinois and federal courts have repeatedly held that "[t]he IHRA is the exclusive remedy for civil-rights violations. It 'preempts tort claims that are 'inextricably linked' to allegations of sexual harassment.'" *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 934 (7th Cir. 2017)(quoting *Quantock v. Shared Mktg. Servs., Inc.*, 312 F.3d 899, 905 (7th Cir. 2002) (citing *Maksimovic v. Tsogalis*, 177 Ill. 2d 511 (1997)). *See Quantock*, 312 F.3d 899, 905 (7th Cir. 2002) (IIED claim was preempted by the IHRA because plaintiff alleged that employer's motivation was sexual harassment). The IHRA's preemption provision deprives Illinois' circuit courts of subject matter jurisdiction over all intentional tort actions seeking redress for civil rights violations, such as discrimination, sexual harassment and retaliation. If a tort cause of action relies upon "wrongful and unjustified conduct prohibited by [the Act]" then circuit courts lack subject-matter jurisdiction over that cause of action. *Welch v. Illinois Supreme Court*, 322 Ill. App. 3d 345, 356-57 (3d Dist. 2001). *See also, Veazey v. LaSalle Telecomm., Inc.*, 334 Ill. App. 3d 926, 934 (1st Dist. 2002); *Anderson v. Pistner*, 148 Ill. App. 3d 616, 619-20 (1st Dist. 1986). "Claims for assault, battery, and [IIED] that rest solely on allegations of sexual harassment are preempted." *Griffin v. Sutton Ford, Inc.*, 452 F. Supp. 2d 842, 845 (N.D. Ill. 2006)(citing *Quantock*, 312 F.3d 899, 902, 905 (7th Cir. 2002) (IIED claim preempted); *Thomas v. L'Eggs Prods., Inc.*, 13 F.Supp. 2d 806, 810 (C.D. Ill. 1998) (battery claim preempted)).

FILED DATE: 10/1/2021 2:54 PM    2021L006834

Here, Plaintiff uses the same allegations that form the basis of his IHRA claims to form the bases of his Battery and IIED claims. (*See* Ex. 1, "Count II, Battery [Plaintiff] v. City of Chicago," at ¶30 (incorporating by reference ¶5 from Count I, violation of the IHRA); *see* Ex. 1, "Count III, [IIED], [Plaintiff] v. City of Chicago," at ¶44 (same)). Plaintiff acknowledges that his battery and IIED claims arise under the IHRA. (S*ee* Ex. 1, "Count II, Battery [Plaintiff] v. City of Chicago," at ¶32 ("the conduct of Defendant Carrie A. Cooney, as agent and employee of Defendant City of Chicago, is so outrageous as to warrant an award of punitive damages to deter others from similar conduct as authorized and contemplated by the Illinois Human Rights Act"); *see* Ex. 1, "Count III, [IIED], [Plaintiff] v. City of Chicago" at ¶47("the conduct of Defendant Carrie A. Cooney, as agent and employee of Defendant City of Chicago, was so outrageous as to warrant an award of punitive damages to deter others from similar conduct as authorized and contemplated by the Illinois Human Rights Act"). Other than the IHRA, the Complaint does not identify any independent theory of City's alleged liability for the alleged battery and IIED connected with Defendant Cooney's alleged harassing acts. "In other words, the [] battery and IIED claims arise solely as a result of a duty imposed under the IHRA; therefore, these are inextricably linked." *Griffin*, 452 F. Supp. 2d at 846 (internal citations omitted).

Additionally, the IHRA still preempts intentional tort claims even when a plaintiff fails to properly bring an IHRA claim or does not reference the IHRA at all. *In Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill. 2d 507, the plaintiff filed only a "common law tort action" alleging, *inter alia*, her employer negligently hired and negligently retained a supervisor who sexually harassed her. 159 Ill. 2d at 509, 517-18. The Illinois Supreme Court nevertheless ruled that the IHRA preempted the tort claims because "the concept of sexual harassment is inextricably linked to [plaintiff's tort claims against her employer]". *Id.*, 159 Ill. 2d at 516–17. Accordingly, as the Court lacks subject-matter jurisdiction over Counts II and III of the Complaint, those Counts should be dismissed.

FILED DATE: 10/1/2021 2:54 PM    2021L006834

**C.     Plaintiff fails to state a cause of action for IIED and thus Count III should be dismissed (Dismissal pursuant to 2-615).**

Defendant Cooney is filing a motion to dismiss concurrently with this motion. In her motion, she asserts that Plaintiff has failed to state a cause of action for IIED and that Count IV (IIED v. Cooney only) should be dismissed pursuant to 735 ILCS 5/2-615. The paragraphs in Count III (IIED vs. City) are nearly identical to the paragraphs in Count IV (compare Ex. 1, ¶44 with ¶85, ¶45 with ¶86, ¶46 with ¶87, ¶47 with ¶88). The City adopts Defendant Cooney's arguments (§ IV.B. (pp. 4-7)) and moves that this Court dismiss Count III of Plaintiff's complaint for failure to state a cause of action for IIED.

**D.     The Chicago Police Department is not a suable entity (Dismissal pursuant to 2-619(a)(9)).**

While Plaintiff does not direct any allegations towards the Chicago Police Department ("CPD"), Plaintiff does name CPD as a separate defendant in the Complaint's caption. The Court should dismiss CPD from the case and strike references to CPD from the caption as CPD is "an organizational division of the City and therefore not a separate suable entity." *Johnston v. United States Attorney's Office for N. Dist. of Illinois*, 21-CV-1057, 2021 WL 860356, at *3 (N.D. Ill. Mar. 8, 2021)(quoting *Smith v. City of Chicago Police Dept.*, 937 F.2d 610 (7th Cir. 1991)). The Illinois Supreme Court has also noted that the Chicago Police Department is not a distinct legal entity apart from the City. *Ferguson v. Patton,* 2013 IL 112488, ¶ 30 ("[CPD is] merely a department of the City which does not have separate legal existence")(citing *Jordan v. City of Chicago, Department of Police*, 505 F.Supp. 1, 4 (N.D. Ill. 1980)). *See Ferguson*, 2013 IL 112488, ¶ 30 (collecting cases finding that departments of the City are not distinct legal entities and have "no legal status separate and apart from the City.") Thus, CPD should be dismissed from this case.

FILED DATE: 10/1/2021 2:54 PM    2021L006834

**E.**     **The City is Immune from punitive damages (Dismissal pursuant to 2-619(a)(9)).**

All three of Plaintiff's claims against the City (Counts I, II and III) seek punitive damages in the "Wherefore" paragraphs. However, the Tort Immunity Act immunizes the City from punitive damages: "Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party." 745 ILCS 10/2-102. The portions of the prayers for relief in Counts I, II and III seeking punitive damages against the City should be dismissed.

## V.     CONCLUSION

For these reasons, the City requests the Court dismiss Counts I, II and III with prejudice and dismiss the City from this matter.  The City further requests the Court dismiss CPD from this matter as a non-suable entity. Finally, in the alternative, the City requests the Court strike Plaintiff's prayer for punitive damages from Counts I, II and III.

Dated: October 1, 2021                            Respectfully submitted,

                                                  CELIA MEZA
                                                  Corporation Counsel of the City of Chicago

Attorney No.: 90909                               By:  *s/ Scott Crouch*
City of Chicago, Department of Law                SCOTT CROUCH
Employment Litigation Division                    Assistant Corporation Counsel
2 North LaSalle Street, Suite 640
Chicago, Illinois 60602
Scott.Crouch@cityofchicago.org
(312) 744-8369

Counsel for Defendant City of Chicago

Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
10/1/2021 2:54 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006834
13027423

FILED DATE: 10/1/2021 2:54 PM  2021L006834
FILED DATE: 7/6/2021 12:42 PM  2021L006834

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| BRIAN POSTRELKO | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) No.: 2021L006834 |
| | ) |
| CITY OF CHICAGO, a Municipal | ) |
| Corporation, POLICE DEPARTMENT, | ) |
| and officer CARRIE A. COONEY, | ) |
| individually, and as an agent and | ) |
| employee of the CITY OF CHICAGO, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, BRIAN POSTRELKO, by and through his attorneys, CUDA LAW OFFICES, LTD., and complaining of the Defendants, CITY OF CHICAGO, a Municipal Corporation, POLICE DEPARTMENT and officer CARRIE A. COONEY, individually and as an agent and employee of the CITY OF CHICAGO, states as follows:

### COUNT I – VIOLATION OF HUMAN RIGHTS ACT
### BRIAN POSTRELKO vs CITY OF CHICAGO

1)      Defendant, CITY OF CHICAGO, a Municipal Corporation, (hereinafter "CITY OF CHICAGO"), was and still is a duly organized and existing corporation in and about the City of Chicago, County of Cook and State of Illinois.

2)      At all times relevant to this Complaint, Defendant, CARRIE A. COONEY, individually, was a police officer and agent and employee of Defendant, CITY OF CHICAGO.

3)      On or about January 4, 2021, Plaintiff, BRIAN POSTRELKO, was offered a position with the CITY OF CHICAGO, which was at their Headquarters and within the Awards Department.

1

**City of Chicago MTD Exhibit 1**



FILED DATE: 10/1/2021 2:54 PM   2021L006834
FILED DATE: 7/6/2021 12:42 PM   2021L006834

4)      Throughout the course of BRIAN POSTRELKO'S employment with the CITY OF CHICAGO between January 2021, and March 2021, the Defendant, CARRIE A. COONEY, as an agent and employee of Defendant, CITY OF CHICAGO, on several occasions, made inappropriate comments and advances towards BRIAN POSTRELKO.

5)      During these encounters Defendant CARRIE A. COONEY as agent and employee of Defendant, CITY OF CHICAGO:

    a.   Took an unconsented and inappropriate picture of BRIAN POSTRELKO's buttocks;

    b.   Pulled BRIAN POSTRELKO by his backpack without his consent;

    c.   Touched BRIAN POSTRELKO on his back and neck without his consent;

    d.   Grazed up against BRIAN POSTRELKO's buttocks and back without his consent;

    e.   Grabbed and fixed BRIAN POSTRELKO's shirt collar without his consent;

    f.   Violated social distancing protocols;

    g.   Made inappropriate and unwanted sexual comments towards BRIAN POSTRELKO;

    h.   Sexually harassed BRIAN POSTRELKO;

    i.   Retaliated against BRIAN POSTRELKO for denying her inappropriate and unwanted advances;

    j.   Sexually discriminated against BRIAN POSTRELKO on the basis of his sex.

6)      During the course of these encounters, Defendant CITY OF CHICAGO, knew or should have known about the inappropriate conduct directed at BRIAN POSTRELKO and failed to take appropriate action.



* 5 0 0 8 8 9 9 4 *

FILED DATE: 10/1/2021 2:54 PM   2021L006834
FILED DATE: 7/6/2021 12:42 PM   2021L006834

7)      On each occasion during which the Defendant CARRIE A. COONEY made the foregoing inappropriate and sexually related overtures, BRIAN POSTRELKO, informed the Defendant that he objected to the advances, behavior and comments.

8)      For purposes of this Complaint, CITY OF CHICAGO, was at all times herein Plaintiff's employer as contemplated by 775 ILCS 5/2-101(B)(1)(b).

9)      At all times relevant, Plaintiff was an employee of, CITY OF CHICAGO, as contemplated by 775 ILCS 5/2-101(A)(1).

10)     For purposes of this Complaint, Defendant, CARRIE A. COONEY,  was a managerial employee and agent of Defendant CITY OF CHICAGO, as contemplated by 775 ILCS 5/2-102(D) and at all times relevant to this Complaint had managerial and supervisory authority over BRIAN POSTRELKO in his capacity as an employee of Defendant, CITY OF CHICAGO.

11)     As a managerial and supervisory employee and agent of Defendant CITY OF CHICAGO, Defendant CARRIE A. COONEY engaged in the foregoing conduct set forth in Paragraphs 5.

12)     This action is brought pursuant to Article II of the Illinois Human Rights Act [775 ILCS 5/2-101 et seq.].

13)     The forgoing acts perpetrated against BRIAN POSTRELKO by the Defendant CARRIE A. COONEY constituted acts of sexual harassment, in violation of 775 ILCS 5/2-102(D).

14)     Within 180 days of the forgoing acts of sexual harassment, BRIAN POSTRELKO brought a Charge of Discrimination against the Defendant CITY OF CHICAGO, before the



FILED DATE: 10/1/2021 2:54 PM   2021L006834
FILED DATE: 7/6/2021 12:42 PM   2021L006834

Illinois Department of Human Rights (hereinafter "the Department"), as contemplated by 775 ILCS 5/7A-102. A copy of said Charge of Discrimination is attached hereto as Exhibit A.

15)     BRIAN POSTRELKO received his Notice of Rights letter from the EEOC on May 24, 2021. A copy of said Notice of Rights letter is attached hereto as Exhibit B.

16)     As a result of the foregoing acts of sexual harassment perpetrated against him by the Defendant CARRIE A. COONEY, who was at the time acting as an agent of Defendant, CITY OF CHICAGO, and having managerial authority over BRIAN POSTRELKO, Plaintiff suffered severe and permanent emotional distress and psychological suffering and has suffered economic losses, which are a direct and proximate result of the foregoing harassment.

17)     The acts of the Defendants were so outrageous as to warrant imposition of punitive damages authorized by the Illinois Human Rights Act in order to deter other employers from similar acts.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CITY OF CHICAGO, for actual and punitive damages in an amount in excess of $50,000.00.

**COUNT II – BATTERY**
**BRIAN POSTRELKO vs CITY OF CHICAGO**

18-28) Plaintiff, BRIAN POSTRELKO, adopts and realleges each and every allegation of Paragraphs 1 through 11 of Count I above as and for Paragraphs 18-28 of Count II of his Complaint as though fully set forth herein.

29)     Between January 2021, and March 2021, Defendant CARRIE A. COONEY, as agent and employee of Defendant, CITY OF CHICAGO, without the consent of BRIAN POSTRELKO, made offensive physical contact with Plaintiff, causing him apprehension for his personal safety.

* 5 0 0 8 8 9 9 4 *

FILED DATE: 10/1/2021 2:54 PM   2021L006834
FILED DATE: 7/6/2021 12:42 PM   2021L006834

30)     Contact with BRIAN POSTRELKO as set forth in Paragraph 5, constituted impermissible touching and battery perpetrated against BRIAN POSTRELKO.

31)     As a direct and proximate result of the acts of battery perpetrated against him by Defendant CARRIE A. COONEY, as agent and employee of Defendant CITY OF CHICAGO, BRIAN POSTRELKO has suffered humiliation, shame and emotional distress.

32)     The conduct of Defendant CARRIE A. COONEY, as agent and employee of Defendant CITY OF CHICAGO, is so outrageous as to warrant an award of punitive damages to deter others from similar conduct as authorized and contemplated by the Illinois Human Rights Act.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CARRIE A. COONEY, for actual and punitive damages in an amount in excess of $50,000.00.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## BRIAN POSTRELKO vs CITY OF CHICAGO

33-43) Plaintiff, BRIAN POSTRELKO, adopts and realleges each and every allegation of Paragraphs 1 through 11 of Count I above as and for Paragraphs 33-43 of Count III of his Complaint as though fully set forth herein.

44)     The inappropriate sexual advances and impermissible touching of the Plaintiff as set forth in Paragraph 5 hereof were willful and deliberate and were of such a character that any reasonable person would know they would cause the Plaintiff, BRIAN POSTRELKO, to suffer emotional distress.

45)     That in so acting, the Defendant CARRIE A. COONEY, as agent and employee of Defendant, CITY OF CHICAGO, intentionally inflicted emotional distress upon BRIAN POSTRELKO.



FILED DATE: 10/1/2021 2:54 PM   2021L006834
FILED DATE: 7/6/2021 12:42 PM   2021L006834

46)     As a result of the conduct of the Defendant CARRIE A. COONEY, as agent and employee of Defendant CITY OF CHICAGO, as expressed in Paragraph 5 hereof, BRIAN POSTRELKO was caused to suffer severe and permanent emotional distress.

47)     The conduct of the Defendant CARRIE A. COONEY, as agent and employee of Defendant CITY OF CHICAGO, was so outrageous as to warrant an award of punitive damages to deter others from similar conduct as authorized and contemplated by the Illinois Human Rights Act.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CITY OF CHICAGO, for actual and punitive damages in an amount in excess of $50,000.00.

### COUNT IV – VIOLATION OF HUMAN RIGHTS ACT
### BRIAN POSTRELKO vs CARRIE A. COONEY, Individually

48)     At all times relevant to this Complaint, Defendant CARRIE A. COONEY, individually was a police officer and agent and employee of Defendant, CITY OF CHICAGO.

49)     On or about January 4, 2021, Plaintiff BRIAN POSTRELKO was offered a position with the CITY OF CHICAGO.

50)     Throughout the course of BRIAN POSTRELKO'S employment with the CITY OF CHICAGO between January 2021, and March 2021, the Defendant, CARRIE A. COONEY, as an agent and employee of Defendant, CITY OF CHICAGO, on several occasions, made inappropriate comments and advances towards BRIAN POSTRELKO.

51)     During these encounters Defendant CARRIE A. COONEY, individually:

   a.   Took an unconsented and inappropriate picture of BRIAN POSTRELKO's buttocks;

   b.   Pulled BRIAN POSTRELKO by his backpack without his consent;

6



FILED DATE: 10/1/2021 2:54 PM   2021L006834
FILED DATE: 7/6/2021 12:42 PM   2021L006834

c.  Touched BRIAN POSTRELKO on his back and neck without his consent;

d.  Grazed up against BRIAN POSTRELKO's buttocks and back without his consent;

e.  Grabbed and fixed BRIAN POSTRELKO's shirt collar without his consent;

f.  Violated social distancing protocols;

g.  Made inappropriate and unwanted sexual comments towards BRIAN POSTRELKO;

h.  Sexually harassed BRIAN POSTRELKO;

i.  Retaliated against BRIAN POSTRELKO for denying her inappropriate and unwanted advances; and

j.  Sexually discriminated against BRIAN POSTRELKO on the basis of his sex.

52)  On each occasion during which the Defendant CARRIE A. COONEY made the foregoing inappropriate and sexually related overtures, BRIAN POSTRELKO informed the Defendant that he objected to the advances, behavior and comments.

53)  For purposes of this Complaint, CITY OF CHICAGO, was at all times herein Plaintiff's employer as contemplated by 775 ILCS 5/2-101(B)(1)(b).

54)  At all times relevant, Plaintiff was an employee of, CITY OF CHICAGO, as contemplated by 775 ILCS 5/2-101(A)(1).

55)  For purposes of this Complaint, Defendant, CARRIE A. COONEY,  was a managerial employee and agent of Defendant CITY OF CHICAGO, as contemplated by 775 ILCS 5/2-102(D) and at all times relevant to this Complaint had managerial and supervisory authority over BRIAN POSTRELKO in his capacity as an employee of Defendant, CITY OF CHICAGO.



FILED DATE: 10/1/2021 2:54 PM   2021L006834
FILED DATE: 7/6/2021 12:42 PM   2021L006834

56)    As a managerial and supervisory employee and agent of Defendant CITY OF CHICAGO, Defendant CARRIE A. COONEY engaged in the foregoing conduct set forth in Paragraph 5.

57)    This action is brought pursuant to Article II of the Illinois Human Rights Act [775 ILCS 5/2-101 et seq.].

58)    The forgoing acts perpetrated against BRIAN POSTRELKO by the Defendant CARRIE A. COONEY constituted acts of sexual harassment, in violation of 775 ILCS 5/2-102(D).

59)    Within 180 days of the forgoing acts of sexual harassment, BRIAN POSTRELKO brought a Charge of Discrimination against the Defendant CITY OF CHICAGO, before the Illinois Department of Human Rights (hereinafter "the Department"), as contemplated by 775 ILCS 5/7A-102.  A copy of said Charge of Discrimination is attached hereto as Exhibit A.

60)    BRIAN POSTRELKO received his Notice of Rights letter from the EEOC on May 24, 2021.  A copy of said Notice of Rights letter is attached hereto as Exhibit B.

61)    As a result of the foregoing acts of sexual harassment perpetrated against him by the Defendant CARRIE A. COONEY, individually, who at that time had managerial authority over BRIAN POSTRELKO, Plaintiff suffered severe and permanent emotional distress and psychological suffering and has suffered economic losses, which are a direct and proximate result of the foregoing harassment.

62)    The acts of the Defendants were so outrageous as to warrant imposition of punitive damages authorized by the Illinois Human Rights Act in order to deter other employers from similar acts.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the



FILED DATE: 10/1/2021 2:54 PM  2021L006834
FILED DATE: 7/6/2021 12:42 PM  2021L006834

Plaintiff and against the Defendant, CARRIE A. COONEY, individually, for actual and punitive damages in an amount in excess of $50,000.00.

**COUNT V – BATTERY**
**BRIAN POSTRELKO vs CARRIE A. COONEY, Individually**

63-71)  Plaintiff, BRIAN POSTRELKO, adopts and realleges each and every allegation of Paragraphs 48 through 56 of Count IV above as and for Paragraphs 63-71 of Count V of his Complaint as though fully set forth herein.

72)  Between January 2021, and March 2021, Defendant CARRIE A. COONEY, individually, without the consent of BRIAN POSTRELKO, made offensive physical contact with Plaintiff, causing him apprehension for his personal safety.

73)  Contact with BRIAN POSTRELKO as set forth in Paragraph 5, constituted impermissible touching and battery perpetrated against BRIAN POSTRELKO.

74)  As a direct and proximate result of the acts of battery perpetrated against him by Defendant CARRIE A. COONEY, individually, Plaintiff BRIAN POSTRELKO has suffered humiliation, shame and emotional distress.

75)  The conduct of Defendant CARRIE A. COONEY, individually, is so outrageous as to warrant an award of punitive damages to deter others from similar conduct as authorized and contemplated by the Illinois Human Rights Act.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CARRIE A. COONEY, individually, for actual and punitive damages in an amount in excess of $50,000.00.

**COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**BRIAN POSTRELKO vs CARRIE A. COONEY, Individually**

* 5 0 0 8 8 9 9 4 *

FILED DATE: 10/1/2021 2:54 PM   2021L006834
FILED DATE: 7/6/2021 12:42 PM   2021L006834

76-84) Plaintiff, BRIAN POSTRELKO, adopts and realleges each and every allegation of Paragraphs 48 through 56 of Count IV above as and for Paragraphs 76-84 of Count VI of his Complaint as though fully set forth herein.

85)     The inappropriate sexual advances and impermissible touching of the Plaintiff as set forth in Paragraph 5 hereof were willful and deliberate and were of such a character that any reasonable person would know they would cause the Plaintiff, BRIAN POSTRELKO, to suffer emotional distress.

86)     That in so acting, the Defendant CARRIE A. COONEY, individually, intentionally inflicted emotional distress upon BRIAN POSTRELKO.

87)     As a result of the conduct of the Defendant CARRIE A. COONEY, individually, as expressed in Paragraph 5 hereof, Plaintiff BRIAN POSTRELKO was caused to suffer severe and permanent emotional distress.

88)     The conduct of the Defendant CARRIE A. COONEY, individually, was so outrageous as to warrant an award of punitive damages to deter others from similar conduct as authorized and contemplated by the Illinois Human Rights Act.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CARRIE A. COONEY, individually, for actual and punitive damages in an amount in excess of $50,000.00.

Respectfully submitted

By:     _Anthony Cuda_
        Attorney for Plaintiff

Attorney No: 27099
CUDA LAW OFFICES, LTD.
6525 W. North Avenue, Suite 204
Oak Park, Illinois 60302
708-383-4900



*210524.012 9 4 *

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2021-02528 |

FILED
07/02/2021 12:42 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006834
13927429

**ILLINOIS DEPARTMENT OF HUMAN RIGHTS** and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| **MR. BRIAN POSTRELKO** | **(773) 972-7009** | **1977** |

| Street Address | City, State and ZIP Code |
|---|---|
| **7061 NORTH KEDZIE AVENUE, STE 1713, CHICAGO,IL 60645** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **CHICAGO POLICE DEPARTMENT** | **501+** | **(312) 746-6000** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3510 SOUTH MICHIGAN AVENUE, CHICAGO, IL 60653** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN<br>☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION<br>☐ OTHER *(Specify)* | Earliest: **01-29-2021** Latest: **04-06-2021**<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with Respondent on or about October 31, 2005. My current position is Police Officer. During my employment, I have been subjected to sexual harassment. I was also subjected to different terms and conditions of employment, including but not limited to, harsher work assignments. I complained to Respondent.

I believe I have been discriminated against because of my sex, male, and in retaliation for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

DEPT. OF HUMAN RIGHTS
INTAKE DIVISION

May 24, 2021
**RECEIVED**

BY:_____

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Brian Postrelko on 05-12-2021 02:00 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EXHIBIT
A

FILED DATE: 10/1/2021 2:54 PM 2021L006834
FILED DATE: 7/6/2021 12:42 PM 2021L006834

FILED DATE: 10/1/2021 2:54 PM 2021L006834
FILED DATE: 7/6/2021 12:42 PM 2021L006834

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**\* 5 0 0 8 8 9 9 4 \***

### DISMISSAL AND NOTICE OF RIGHTS

| To: | **Brian Postrelko**<br>**7061 North Kedzie Avenue**<br>**STE 1713**<br>**Chicago, IL 60645** | From: | **Chicago District Office**<br>**230 S. Dearborn**<br>**Suite 1866**<br>**Chicago, IL 60604** |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |  |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2021-02528** | **Katarzyna Hammond,**<br>**Investigator** | **(312) 872-9703** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

|   | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
|   | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
|   | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
|   | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| **X** | The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
|   | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
|   | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/eh*                     5/24/2021

| Enclosures(s) | **Julianne Bowman,**<br>**District Director** | *(Date Issued)* |
|---|---|---|

cc:   **CITY OF CHICAGO LAW DEPARTMENT LABOR**
**DIVISION**
**Eileen Geary, Esq.**
**Chief Assistant Corporation Counsel**
**2 North LaSalle Street, Suite 660**
**Chicago, IL 60602**



**EXHIBIT**

**B**

**ILLINOIS DEPARTMENT OF**

# Human Rights

JB Pritzker, Governor
James L. Bennett, Director

FILED DATE: 10/1/2021 2:54 PM    2021L006834

May 24, 2021

Brian Postrelko

Chicago, IL

Re: **Brian Postrelko v. Chicago Police Department    #210524.012**

Dear Complainant:

You are receiving this letter because you filed a charge with the United States Equal Employment Opportunity Commission (EEOC). The EEOC and the Illinois Department of Human Rights (Department) are parties to a cooperative agreement. Under this agreement, when you filed your charge of discrimination with the EEOC, a copy of the charge was automatically filed with the Department. The Department is keeping a copy of your EEOC charge on file to preserve jurisdiction under Illinois law.

Since you filed your discrimination charge initially with the EEOC, the EEOC is the governmental agency responsible for investigating the charge and the investigation will be conducted pursuant to the rules and procedures adopted by the EEOC. The Department will take no action on your charge until the EEOC issues its findings. **After the EEOC issues its findings**, if you want the Department to take any further action on your charge, you must send the Department a copy of the EEOC's findings within 30 days after service of the EEOC's findings on you. Please also send a one sentence written statement requesting that the Department investigate your charge and include the above Control Number. You may submit a copy of the EEOC's findings by either of the following methods:

**By Mail:**    Send your EEOC findings and written statement via U.S. Postal certified mail, return receipt requested, to: Illinois Department of Human Rights, Attn: EEOC Referred Charges/Intake Unit, 100 W. Randolph St., Ste. 10-100, Chicago, IL 60601.

**In Person:**    Bring an original and one copy of your EEOC findings and written statement to the Department. The Department will stamp and return the copies to you for your records.

If you received the EEOC's findings prior to receipt of this letter, you have 30 days from the date of this letter to send the Department a copy of the EEOC's findings. Upon receipt of the EEOC's findings, the Department will mail you a notice as to what further action the Department may take on your charge.

The 365-day time period for the Department to investigate your EEOC charge is tolled while the EEOC is investigating your charge and does not begin to run until the EEOC issues its findings. Your failure to timely provide the EEOC's findings to the Department will result only in the Department closing your file. **This process does not affect the investigation of your charge at EEOC.** If you do not wish to proceed with the Department, you do not need to take any further action.

This letter **does not apply** to any settlement of this charge the parties have made with the EEOC.

**If you have any questions, please contact Thomas F. Roeser, Pre-Investigations Coordinator, at (312) 814-6295. Please do not contact the EEOC.**

ILLINOIS DEPARTMENT OF HUMAN RIGHTS.

PRE1-EEOC 30
Rev 8/18

CC:   Chicago Police Department, C/O Eileen Geary
2 N. LaSalle St., Suite 660
Chicago, IL  60602

**City of Chicago MTD Exhibit 2**                    Page 1 of 5

210524.012

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2021-02528 |

| ILLINOIS DEPARTMENT OF HUMAN RIGHTS | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| MR. BRIAN POSTRELKO | ▮▮▮▮▮▮ | 1977 |

| Street Address | City, State and ZIP Code |
|---|---|
| ▮▮▮▮▮▮ | CHICAGO,IL ▮▮▮▮ |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| CHICAGO POLICE DEPARTMENT | 501+ | (312) 746-6000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3510 SOUTH MICHIGAN AVENUE, CHICAGO, IL 60653 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

Earliest **01-29-2021**  Latest **04-06-2021**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I began my employment with Respondent on or about October 31, 2005. My current position is Police Officer. During my employment, I have been subjected to sexual harassment. I was also subjected to different terms and conditions of employment, including but not limited to, harsher work assignments. I complained to Respondent.**

**I believe I have been discriminated against because of my sex, male, and in retaliation for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.**

DEPT. OF HUMAN RIGHTS
INTAKE DIVISION

May 24, 2021
**RECEIVED**

BY:_____

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Brian Postrelko on 05-12-2021 02:00 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

FILED DATE: 10/1/2021 2:54 PM  2021L006834

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

Page 3 of 5

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

FILED DATE: 10/1/2021 2:54 PM   2021L006834

EEOC Form 212-A (3/98)

# U.S. Equal Employment Opportunity Commission

| | | |
|---|---|---|
| TO: | **Illinois Department Of Human Rights**<br>**100 West Randolph Street**<br>**Floor 10-100**<br>**Chicago, IL 60601** | Date **May 24, 2021**<br>EEOC Charge No.<br>**440-2021-02528**<br>FEPA Charge No. |

CHARGE TRANSMITTAL

SUBJECT:

| **Brian Postrelko** | *v.* | **CHICAGO POLICE DEPARTMENT** |
|---|---|---|
| *Charging Party* | | *Respondent* |

Transmitted herewith is a charge of employment discrimination initially received by the:

☒ EEOC   ☐ _____ on **May 12, 2021**
                              *Name of FEPA*                *Date of Receipt*

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

☐ Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

☐ The worksharing agreement does not determine which agency is to initially investigate the charge.

☐ EEOC requests a waiver          ☐ FEPA waives

☐ No waiver requested             ☐ FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge*
*and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

| Typed Name and Title of EEOC or FEPA Official<br>**Julianne Bowman, District Director** | Signature/Initials<br>*Julianne Bowman/zb* |
|---|---|

| **Brian Postrelko** | *v.* | **CHICAGO POLICE DEPARTMENT** |
|---|---|---|
| *Charging Party* | | *Respondent* |

TO WHOM IT MAY CONCERN:

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

| Typed Name and Title of EEOC or FEPA Official<br>**James L. Bennett, Director** | Signature/Initials<br>*James L. Bennett/zb* |
|---|---|

| | | |
|---|---|---|
| TO: | **Chicago District Office**<br>**230 S. Dearborn**<br>**Suite 1866**<br>**Chicago, IL 60604** | Date **May 24, 2021**<br>EEOC Charge No.<br>**440-2021-02528**<br>FEPA Charge No. |

FILED DATE: 10/1/2021 2:54 PM   2021L006834



ILLINOIS DEPARTMENT OF
# Human Rights

JB Pritzker, Governor
James L. Bennett, Director

FILED DATE: 10/1/2021 2:54 PM    2021L006834

September 20, 2021

**Via Email Only: Pamela.Buscemi@cityofchicago.org**

Pamela Buscemi, Paralegal II
City of Chicago, Law Department
Employment Litigation Division
2 North LaSalle Street, Suite 640
Chicago, IL 60602

RE:     Freedom of Information Act Request ("FOIA"):
        Brian Postrelko v. Chicago Police Department, EEOC Charge No. 440-2021-02528

Dear Ms. Buscemi:

On September 15, 2021, the Illinois Department of Human Rights ("Department") received your FOIA request in which you requested a copy of the above-referenced investigation file.

Section 2(c) of FOIA defines "public records" as including "all records, reports, forms, writings … and all other documentary materials pertaining to the transaction of public business … having been prepared by or for, or having been or being used by, received by, in possession of, or under the control of any public body."  5 ILCS 140/2(c).

The Department will provide you with a copy of the documentation it has in its possession related to the above-referenced matter.  The Department's records show that on May 12, 2021, Brian Postrelko ("Mr. Postrelko"), filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), against the Chicago Police Department, which was cross-filed with the Department.  Further, the Department's records show that on May 24, 2021, the Department notified Mr. Postrelko, via U.S. mail, that to proceed with his charge before the Department he must notify the Department in writing within 30 days after receiving the EEOC's findings.  However, the Department's records do not show that Mr. Postrelko notified the Department in writing of his intent to proceed before the Department.  Therefore, the Department did not investigate Mr. Postrelko's allegations and is unable to provide you with a copy of the above-referenced investigation file.  The documentation is attached hereto.

To the extent you consider this response to be a denial of your FOIA request, you have the right to submit a request for review by the Public Access Counselor ("PAC") of the Office of the Illinois Attorney General to: Public Access Counselor, Office of the Attorney General, 500 South 2nd Street, Springfield, Illinois 62706, Fax: 217-782-1396, E-mail: publicaccess@atg.state.il.us.  If you choose to submit a request for review, you must do so within 60 days after the date of this response letter.  The request for review must be in writing, signed by you, and include a copy of your FOIA request and this office's response.  5 ILCS 140/9.5(a).  In addition, you have the right to seek judicial review of this response.  5 ILCS 140/11(a), (b).

Sincerely,

Keisha T. Nelson
Freedom of Information Act Officer

**City of Chicago MTD Exhibit 3**

FILED
10/1/2021 2:58 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006834

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

BRIAN POSTRELKO,                    )
                                    )
            Plaintiff,              )
                                    )
    v.                              )       2021 L 006834
                                    )
CITY OF CHICAGO, a Municipal        )       Honorable Daniel J. Kubasiak
Corporation, POLICE DEPARTMENT,     )
and officer CARRIE A. COONEY,       )       Commercial Calendar T
individually, and as an agent and   )
employee of the CITY OF CHICAGO,    )
                                    )
            Defendants.             )

## DEFENDANT COONEY'S PARTIAL MOTION TO DISMISS PURSUANT TO 2-619.1

Defendant, Carrie A. Cooney, through her attorney, CELIA MEZA, Corporation Counsel for the City of Chicago, moves to dismiss Count IV and VI of Plaintiff's Complaint pursuant to 735 ILCS 5/2-619.1. Defendant states the following in support of her motion.

## I.    Introduction

Sgt. Carrie A. Cooney was Plaintiff's supervisor in the Chicago Police Department for approximately three months in early 2021. Plaintiff alleges she sexually harassed him in violation of the Illinois Human Rights Act, 775 ILCS 5/2-102(D) ("IHRA") (Count IV), engaged in unwanted touching of him that constituted battery (Count V) and engaged in "sexual advances" and "impermissible touching" that constituted an intentionally infliction of emotional distress ("IIED") (Count VI). The Court should dismiss Plaintiff's IHRA claim (Count IV) for failure to exhaust under Section 2-619. Additionally, Plaintiff fails to state a claim for IIED because the conducted described is not "extreme and outrageous," and Plaintiff has failed to plead any facts to show his emotional distress was "severe." Therefore, the Court should dismiss Count VI under 2-615.

FILED DATE: 10/1/2021 2:58 PM  2021L006834

**EXHIBIT E**

FILED DATE: 10/1/2021 2:58 PM    2021L006834

## II.    Background

Plaintiff is a Police Officer with the Chicago Police Department (CPD). Plaintiff alleges that between January and March 2021, his then-supervisor, Defendant Sgt. Carrie Cooney, sexually harassed him. Plaintiff alleges Sgt. Cooney's purported harassment took the following forms:

- Inappropriate unwanted sexual comments and advances towards Plaintiff, (Complaint ("Comp.") (attached as "Exhibit 1" or "Ex. 1") at ¶¶4, 5;
- Taking a picture of Plaintiff's buttocks without consent, (*id.* at ¶5);
- Pulling Plaintiff by his backpack without consent, (*id.);*
- Touching Plaintiff's back and neck without his consent, (*id.);*
- "Graz[ing] up against [Plaintiff's] buttocks and back without his consent," (*id.);*
- Grabbing and fixing Plaintiff's shirt collar without his consent, (*id.);*
- Violating social distancing protocols, (*id.).*

Plaintiff also concludes that Defendant Cooney retaliated against him but does not specify what form the alleged retaliation took. (*Id.*) Plaintiff also alleges that Defendant Cooney "sexually discriminated" against him but fails to allege how. (*Id.*)

In Count IV of the Complaint, Plaintiff alleges Cooney, violated the IHRA's prohibition on sexual harassment. (*Id.* at ¶ 58).

In Count V of the Complaint, Plaintiff alleges that the purported unwanted touching outlined in paragraph 5 of the Complaint constituted battery. (*Id.* at ¶ 73).

In Count VI of the Complaint, Plaintiff alleges the purported "inappropriate sexual advances and impermissible touching of the Plaintiff as set forth in Paragraph 5 [of the Complaint]" constituted IIED in violation of Illinois common law. (*Id.* at ¶¶ 85-86).

On May 12, 2021, Plaintiff cross-filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). (Charge of Discrimination, Ex. 1-A). Pursuant to the cooperative agreement between the EEOC and IDHR, the EEOC conducted the initial investigation of Plaintiff's charge. (A copy of

FILED DATE: 10/1/2021 2:58 PM    2021L006834

the EEOC May 24, 2021 letter to the IDHR indicating the EEOC would conduct the initial

investigation is part of the IDHR file attached hereto as "Exhibit 2" or "Ex. 2" at p. 5).

On May 24, 2021, the IDHR sent Plaintiff a letter notifying him that the IDHR would take

no further action on Plaintiff's IDHR charge unless Plaintiff requested the IDHR do so after the

EEOC issued its findings. (Ex. 2, p. 1). The IDHR's letter to Plaintiff stated, in relevant part:

> Since you filed your discrimination charge initially with the EEOC, the EEOC is the
> governmental agency responsible for investigating the charge and the investigation
> will be conducted pursuant to the rules and procedures adopted by the EEOC. The
> Department will take no action on your charge until the EEOC issues its findings.
> **After the EEOC issues its findings**, if you want the Department to take any
> further action on your charge, **you must send the Department a copy of the
> EEOC's findings within 30 days after service of the EEOC's findings on you**. .
> . .
>
> If you received the EEOC's findings prior to receipt of this letter, you have 30 days
> from the date of this letter to send the Department a copy of the EEOC's findings.
> Upon receipt of the EEOC's findings, the Department will mail you a notice as to
> what further action the Department may take on your charge. . . .
>
> Your failure to timely provide the EEOC's findings to the Department will result
> only in the Department closing your file. . . . If you do not wish to proceed with the
> Department, you do not need to take any further action.

*Id.* The EEOC issued its findings to Plaintiff on May 24, 2021. (Ex. 1-B). Per the IDHR, Plaintiff

never submitted the EEOC filings to the IDHR: "the [IDHR]'s records do not show that [Plaintiff]

notified the Department in writing of his intent to proceed before the Department. Therefore, the

Department did not investigate [Plaintiff's] allegations . . . ." (September 20, 2021 Letter from the

IDHR, "Exhibit 3" or "Ex. 3"). The IDHR never issued Plaintiff a right to sue letter. (*See* Ex. 2

(entire IDHR file received via FOIA) and Ex. 3 (letter from the IDHR explaining charge was not

investigated). Plaintiff filed suit on July 6, 2021.

### III.    Legal Standard

A motion to dismiss pursuant to 735 ILCS 5/2-619 admits the sufficiency of all well-pleaded

facts but argues for the dismissal of the complaint based on an affirmative matter defeating the claim

FILED DATE: 10/1/2021 2:58 PM    2021L006834

or avoiding its legal effect. *Janda v. United States Cellular Corp.*, 2011 IL App (1st) 103552, ¶ 83. A motion brought pursuant to section 2-619(a)(1) asserts "the court does not have jurisdiction of the subject matter of the action . . . ." 735 ILCS 5/2-619(a)(1). A motion brought pursuant to 2-619(a)(9) asserts "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9).

On the other hand, a motion to dismiss pursuant to 735 ILCS 5/2-615 tests the legal sufficiency of the complaint based on defects apparent on its face. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 25. A court on a Section 2-615 motion views the facts pled in the light most favorable to the plaintiff and determines if they are sufficient to state a cause of action upon which relief might be granted. *Id.* "[A] cause of action should not be dismissed pursuant to Section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." *Id.*

### IV.    Argument

### *Motion Pursuant to Section 2-619*

**A.    Plaintiff's IHRA claim against the Cooney (Count IV) should be dismissed as Plaintiff failed to administratively exhaust his complaint with the IDHR.**

Defendant Cooney hereby incorporates and adopts the reasons in Section IV.A. of the City's Motion to Dismiss. (pp. 5-6). For the reasons set forth in the City's Motion, the Court should dismiss Count IV against Cooney.

### *Motion Pursuant to 2-615*

**B.    Plaintiff's IIED claim should be dismissed pursuant to 2-615.**

In order to state a cause of action for IIED, a plaintiff must adequately allege: "(1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended to inflict severe emotional distress or knew that there was a high probability that its conduct would do so; and (3) the defendant's conduct actually caused severe emotional distress." *Welsh v. Commonwealth Edison*

*Co.,* 306 Ill. App. 3d 148, 154 (1st Dist. 1999). As explained in the following sections, Plaintiff fails

to meet all three prongs.

1.   **Plaintiff does not allege facts showing Cooney's conduct was objectively extreme and outrageous and cannot show Cooney intended to inflict distress or knew there was a high probability that her alleged conduct would do so.**

Whether conduct is extreme and outrageous is evaluated on an objective standard based on

all of the facts and circumstances. *McGrath v. Fahey,* 126 Ill.2d 78, 90 (1988). The Illinois Supreme

Court has indicated that "mere insults, indignities, threats, annoyances, petty oppressions or

trivialities" do not constitute extreme and outrageous conduct. *Public Finance Corp. v. Davis,* 66 Ill.2d

85, 89-90 (1976). "Rather, the nature of the defendant's conduct must be so extreme as to go

beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community."

*Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1, 21 (1992). In determining whether conduct is

outrageous and extreme, the court uses an objective standard based on all the facts and

circumstances of the case. *Duffy v. Orlan Brook Condominium Owners' Ass'n,* 2012 IL (1st) 113577, ¶ 36.

Here, the conduct alleged, including pulling Plaintiff's backpack, "grazing upon his buttocks," taking

a picture of his buttocks and fixing his shirt collar, are not extreme and outrageous to go beyond the

bounds of human decency. Ex. 1, ¶5.

In *Welsh*, plaintiffs alleged that they were demoted, transferred, forced to perform

"demeaning" and "humiliating" tasks, harassed, intimidated, and threatened with termination by

their employer. 306 Ill. App. 3d at 154. The court ruled that "in the absence of conduct calculated to

coerce an employee to do something illegal" an employer's retaliatory conduct is not enough to give

rise to and IIED claim. *Id.* The court noted that if stress and anxiety resulting from discipline, job

transfers and terminations was enough for an action for IIED, then "virtually" every employee

would have a cause of action. *Id.* Here, Plaintiff is not even alleging actions such as demotions or

FILED DATE: 10/1/2021 2:58 PM    2021L006834

terminations or threats from Cooney. Thus, the alleged actions do not rise to the level of extreme and outrageous conduct.

Additionally, the Illinois Appellate Court has found that allegations objectively worse than those found in the instant case do not rise to the level of extreme and outrageous conduct. In *Miller* v. *Equitable Life Assur. Soc. of the U.S.*, 181 Ill. App. 3d 954, 956 (1st Dist. 1989), the plaintiff, an insurance sales representative, was subjected to repeated threats of physical harm, continuous threats of termination, denial of job transfers, and she was prohibited from seeking police assistance when a colleague hit her and threw coffee at her. 129 Ill. App. 3d at 955-56. Additionally, her employer refused to forward her mail to her and falsely told her clients she no longer worked there while she was out recovering from a car crash. *Id.* at 956. Her supervisors repeatedly told her to use sex to make insurance sales. *Id.* One supervisor touched her breast, shoulders and head. *Id.* Another told her that he "wanted her." *Id.* Finally, she alleged she was fired in retaliation for reporting a fraudulent insurance application and for reporting illegal kickbacks. *Id.*

The circuit court dismissed the Plaintiff's complaint for failure to state a cause of action, holding that the plaintiff could not recover for IIED as the conduct was not extreme and outrageous as a matter of law. The First District affirmed, holding:

> for approximately three and one-half years [the plaintiff] was surrounded by supervisors and co-workers who were inconsiderate, rude, vulgar, uncooperative, unprofessional and unfair. While we do not condone such behavior, we do not believe that the conduct alleged is so outrageous in character and so extreme in degree as to go beyond all bounds of human decency. The fact that [the plaintiff] alleges that she was a victim of sexual harassment, battery, and retaliatory discharge does not necessarily mean that she has a cause of action for intentional infliction of emotional distress.

*Id.* at 957.

Here, the alleged acts took place over less than a three-month period, nowhere near 3.5 years the plaintiff in *Miller* endured. Ex. 1, ¶5. Additionally, the conduct alleged in *Miller* was more extreme than the conduct alleged here: grabbing Plaintiff's backpack, fixing Plaintiff's collar, taking a picture

FILED DATE: 10/1/2021 2:58 PM    2021L006834

of his buttocks, "[g]raz[ing] up against [Plaintiff's] buttocks and back without his consent," and making unspecified "advances" towards him. As the more severe conduct in *Miller* could not state a claim for IIED, the Court should similarly find Plaintiff's allegations here insufficient to state a claim for IIED.

It is axiomatic that if the alleged conduct is not severe and outrageous, then Plaintiff cannot meet the second prong, that "the defendant either intended to inflict severe emotional distress or knew that there was a high probability that its conduct would do so." *Welsh,* 306 Ill. App. 3d at 154. Thus, Plaintiff has failed to establish the first and second prongs for IIED and Count VI should be dismissed.

### 2. Plaintiff has not sufficiently plead that he experienced severe emotional distress.

Plaintiff has included only a conclusory allegation that the emotional distress he suffered was "severe" without alleging any facts in support. Emotional distress alone is not sufficient to give rise to a cause of action for IIED. *Taliani v. Ressurection,* 2018 IL App (3d) 160327, ¶ 27. To be actionable, the distress inflicted must be so severe that no reasonable person could be expected to endure it. *Id.* Here, plaintiff conclusory claimed, without elaboration, that he suffered "severe emotional distress". Ex. 1, ¶ 87.*See Obolumani v. Young,* 2015 Il App (1st) 141930-U, p 47 (granting 615 motion because the plaintiff did not allege facts to show distress "so severe or long lasting that no reasonable man could be expected to endure it" when plaintiff only pled he had sleepless nights, cried and withdrew from his family; *see also,* Thompson v. N.J., 2016 Il App (1ˢᵗ) 142918, ¶28 ("Illinois is a fact pleading state; conclusions of law and conclusory allegations unsupported by specific facts are not sufficient to survive dismissal"). Thus, Plaintiff has not sufficiently pled a cause of action for IIED, and this Court should dismiss his claim pursuant to 2-615.

### V.    Conclusion

For these reasons, the Court should dismiss Counts IV and VI of Plaintiff's Complaint.

FILED DATE: 10/1/2021 2:58 PM   2021L006834

Dated:   October 1, 2021

Respectfully submitted,

CELIA MEZA
Corporation Counsel of the City of Chicago

Attorney No.: 90909
City of Chicago, Department of Law
Employment Litigation Division
2 North LaSalle Street, Suite 640
Chicago, Illinois 60602
Jessica.Durkin@cityofchicago.org
(312) 744-2836

By:  *s/ Jessica  R. Durkin*
JESSICA R. DURKIN

Counsel for Defendant Carrie A. Cooney

\* 5 0 0 8 8 9 9 4 \*

FILED
7/6/2021 12:42 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
13927423

FILED
10/1/2021 2:58 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006834

FILED DATE: 10/1/2021 2:58 PM  2021L006834
FILED DATE: 7/6/2021 12:42 PM  2021L006834

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| BRIAN POSTRELKO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | No.: 2021L006834 |
| | ) | |
| CITY OF CHICAGO, a Municipal | ) | |
| Corporation, POLICE DEPARTMENT, | ) | |
| and officer CARRIE A. COONEY, | ) | |
| individually, and as an agent and | ) | |
| employee of the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, BRIAN POSTRELKO, by and through his attorneys, CUDA

LAW OFFICES, LTD., and complaining of the Defendants, CITY OF CHICAGO, a Municipal

Corporation, POLICE DEPARTMENT and officer CARRIE A. COONEY, individually and as an

agent and employee of the CITY OF CHICAGO, states as follows:

### COUNT I – VIOLATION OF HUMAN RIGHTS ACT
### BRIAN POSTRELKO vs CITY OF CHICAGO

1)      Defendant, CITY OF CHICAGO, a Municipal Corporation, (hereinafter "CITY

OF CHICAGO"), was and still is a duly organized and existing corporation in and about the City

of Chicago, County of Cook and State of Illinois.

2)      At all times relevant to this Complaint, Defendant, CARRIE A. COONEY,

individually, was a police officer and agent and employee of Defendant, CITY OF CHICAGO.

3)      On or about January 4, 2021, Plaintiff, BRIAN POSTRELKO, was offered a

position with the CITY OF CHICAGO, which was at their Headquarters and within the Awards

Department.

1

**City of Chicago MTD Exhibit 1**



FILED DATE: 10/1/2021 2:58 PM   2021L006834
FILED DATE: 7/6/2021 12:42 PM   2021L006834

4)      Throughout the course of BRIAN POSTRELKO'S employment with the CITY OF CHICAGO between January 2021, and March 2021, the Defendant, CARRIE A. COONEY, as an agent and employee of Defendant, CITY OF CHICAGO, on several occasions, made inappropriate comments and advances towards BRIAN POSTRELKO.

5)      During these encounters Defendant CARRIE A. COONEY as agent and employee of Defendant, CITY OF CHICAGO:

    a.   Took an unconsented and inappropriate picture of BRIAN POSTRELKO's buttocks;

    b.   Pulled BRIAN POSTRELKO by his backpack without his consent;

    c.   Touched BRIAN POSTRELKO on his back and neck without his consent;

    d.   Grazed up against BRIAN POSTRELKO's buttocks and back without his consent;

    e.   Grabbed and fixed BRIAN POSTRELKO's shirt collar without his consent;

    f.   Violated social distancing protocols;

    g.   Made inappropriate and unwanted sexual comments towards BRIAN POSTRELKO;

    h.   Sexually harassed BRIAN POSTRELKO;

    i.   Retaliated against BRIAN POSTRELKO for denying her inappropriate and unwanted advances;

    j.   Sexually discriminated against BRIAN POSTRELKO on the basis of his sex.

6)      During the course of these encounters, Defendant CITY OF CHICAGO, knew or should have known about the inappropriate conduct directed at BRIAN POSTRELKO and failed to take appropriate action.



FILED DATE: 10/1/2021 2:58 PM   2021L006834
FILED DATE: 7/6/2021 12:42 PM   2021L006834

7)      On each occasion during which the Defendant CARRIE A. COONEY made the foregoing inappropriate and sexually related overtures, BRIAN POSTRELKO, informed the Defendant that he objected to the advances, behavior and comments.

8)      For purposes of this Complaint, CITY OF CHICAGO, was at all times herein Plaintiff's employer as contemplated by 775 ILCS 5/2-101(B)(1)(b).

9)      At all times relevant, Plaintiff was an employee of, CITY OF CHICAGO, as contemplated by 775 ILCS 5/2-101(A)(1).

10)     For purposes of this Complaint, Defendant, CARRIE A. COONEY,  was a managerial employee and agent of Defendant CITY OF CHICAGO, as contemplated by 775 ILCS 5/2-102(D) and at all times relevant to this Complaint had managerial and supervisory authority over BRIAN POSTRELKO in his capacity as an employee of Defendant, CITY OF CHICAGO.

11)     As a managerial and supervisory employee and agent of Defendant CITY OF CHICAGO, Defendant CARRIE A. COONEY engaged in the foregoing conduct set forth in Paragraphs 5.

12)     This action is brought pursuant to Article II of the Illinois Human Rights Act [775 ILCS 5/2-101 et seq.].

13)     The forgoing acts perpetrated against BRIAN POSTRELKO by the Defendant CARRIE A. COONEY constituted acts of sexual harassment, in violation of 775 ILCS 5/2-102(D).

14)     Within 180 days of the forgoing acts of sexual harassment, BRIAN POSTRELKO brought a Charge of Discrimination against the Defendant CITY OF CHICAGO, before the

3



FILED DATE: 10/1/2021 2:58 PM   2021L006834
FILED DATE: 7/6/2021 12:42 PM   2021L006834

Illinois Department of Human Rights (hereinafter "the Department"), as contemplated by 775 ILCS 5/7A-102. A copy of said Charge of Discrimination is attached hereto as Exhibit A.

15)     BRIAN POSTRELKO received his Notice of Rights letter from the EEOC on May 24, 2021. A copy of said Notice of Rights letter is attached hereto as Exhibit B.

16)     As a result of the foregoing acts of sexual harassment perpetrated against him by the Defendant CARRIE A. COONEY, who was at the time acting as an agent of Defendant, CITY OF CHICAGO, and having managerial authority over BRIAN POSTRELKO, Plaintiff suffered severe and permanent emotional distress and psychological suffering and has suffered economic losses, which are a direct and proximate result of the foregoing harassment.

17)     The acts of the Defendants were so outrageous as to warrant imposition of punitive damages authorized by the Illinois Human Rights Act in order to deter other employers from similar acts.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CITY OF CHICAGO, for actual and punitive damages in an amount in excess of $50,000.00.

## COUNT II – BATTERY
## BRIAN POSTRELKO vs CITY OF CHICAGO

18-28) Plaintiff, BRIAN POSTRELKO, adopts and realleges each and every allegation of Paragraphs 1 through 11 of Count I above as and for Paragraphs 18-28 of Count II of his Complaint as though fully set forth herein.

29)     Between January 2021, and March 2021, Defendant CARRIE A. COONEY, as agent and employee of Defendant, CITY OF CHICAGO, without the consent of BRIAN POSTRELKO, made offensive physical contact with Plaintiff, causing him apprehension for his personal safety.

4

* 5 0 0 8 8 9 9 4 *

FILED DATE: 10/1/2021 2:58 PM  2021L006834
FILED DATE: 7/6/2021 12:42 PM  2021L006834

30) Contact with BRIAN POSTRELKO as set forth in Paragraph 5, constituted impermissible touching and battery perpetrated against BRIAN POSTRELKO.

31) As a direct and proximate result of the acts of battery perpetrated against him by Defendant CARRIE A. COONEY, as agent and employee of Defendant CITY OF CHICAGO, BRIAN POSTRELKO has suffered humiliation, shame and emotional distress.

32) The conduct of Defendant CARRIE A. COONEY, as agent and employee of Defendant CITY OF CHICAGO, is so outrageous as to warrant an award of punitive damages to deter others from similar conduct as authorized and contemplated by the Illinois Human Rights Act.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CARRIE A. COONEY, for actual and punitive damages in an amount in excess of $50,000.00.

### COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### BRIAN POSTRELKO vs CITY OF CHICAGO

33-43) Plaintiff, BRIAN POSTRELKO, adopts and realleges each and every allegation of Paragraphs 1 through 11 of Count I above as and for Paragraphs 33-43 of Count III of his Complaint as though fully set forth herein.

44) The inappropriate sexual advances and impermissible touching of the Plaintiff as set forth in Paragraph 5 hereof were willful and deliberate and were of such a character that any reasonable person would know they would cause the Plaintiff, BRIAN POSTRELKO, to suffer emotional distress.

45) That in so acting, the Defendant CARRIE A. COONEY, as agent and employee of Defendant, CITY OF CHICAGO, intentionally inflicted emotional distress upon BRIAN POSTRELKO.

5



FILED DATE: 10/1/2021 2:58 PM   2021L006834
FILED DATE: 7/6/2021 12:42 PM   2021L006834

46)     As a result of the conduct of the Defendant CARRIE A. COONEY, as agent and employee of Defendant CITY OF CHICAGO, as expressed in Paragraph 5 hereof, BRIAN POSTRELKO was caused to suffer severe and permanent emotional distress.

47)     The conduct of the Defendant CARRIE A. COONEY, as agent and employee of Defendant CITY OF CHICAGO, was so outrageous as to warrant an award of punitive damages to deter others from similar conduct as authorized and contemplated by the Illinois Human Rights Act.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CITY OF CHICAGO, for actual and punitive damages in an amount in excess of $50,000.00.

### COUNT IV – VIOLATION OF HUMAN RIGHTS ACT
### BRIAN POSTRELKO vs CARRIE A. COONEY, Individually

48)     At all times relevant to this Complaint, Defendant CARRIE A. COONEY, individually was a police officer and agent and employee of Defendant, CITY OF CHICAGO.

49)     On or about January 4, 2021, Plaintiff BRIAN POSTRELKO was offered a position with the CITY OF CHICAGO.

50)     Throughout the course of BRIAN POSTRELKO'S employment with the CITY OF CHICAGO between January 2021, and March 2021, the Defendant, CARRIE A. COONEY, as an agent and employee of Defendant, CITY OF CHICAGO, on several occasions, made inappropriate comments and advances towards BRIAN POSTRELKO.

51)     During these encounters Defendant CARRIE A. COONEY, individually:

a.  Took an unconsented and inappropriate picture of BRIAN POSTRELKO's buttocks;

b.  Pulled BRIAN POSTRELKO by his backpack without his consent;

6



FILED DATE: 10/1/2021 2:58 PM 2021L006834
FILED DATE: 7/6/2021 12:42 PM 2021L006834

c.  Touched BRIAN POSTRELKO on his back and neck without his consent;

d.  Grazed up against BRIAN POSTRELKO's buttocks and back without his consent;

e.  Grabbed and fixed BRIAN POSTRELKO's shirt collar without his consent;

f.  Violated social distancing protocols;

g.  Made inappropriate and unwanted sexual comments towards BRIAN POSTRELKO;

h.  Sexually harassed BRIAN POSTRELKO;

i.  Retaliated against BRIAN POSTRELKO for denying her inappropriate and unwanted advances; and

j.  Sexually discriminated against BRIAN POSTRELKO on the basis of his sex.

52)  On each occasion during which the Defendant CARRIE A. COONEY made the foregoing inappropriate and sexually related overtures, BRIAN POSTRELKO informed the Defendant that he objected to the advances, behavior and comments.

53)  For purposes of this Complaint, CITY OF CHICAGO, was at all times herein Plaintiff's employer as contemplated by 775 ILCS 5/2-101(B)(1)(b).

54)  At all times relevant, Plaintiff was an employee of, CITY OF CHICAGO, as contemplated by 775 ILCS 5/2-101(A)(1).

55)  For purposes of this Complaint, Defendant, CARRIE A. COONEY, was a managerial employee and agent of Defendant CITY OF CHICAGO, as contemplated by 775 ILCS 5/2-102(D) and at all times relevant to this Complaint had managerial and supervisory authority over BRIAN POSTRELKO in his capacity as an employee of Defendant, CITY OF CHICAGO.



* 5 0 0 8 8 , 9 9 4 *

FILED DATE: 10/1/2021 2:58 PM   2021L006834
FILED DATE: 7/6/2021 12:42 PM   2021L006834

56)     As a managerial and supervisory employee and agent of Defendant CITY OF CHICAGO, Defendant CARRIE A. COONEY engaged in the foregoing conduct set forth in Paragraph 5.

57)     This action is brought pursuant to Article II of the Illinois Human Rights Act [775 ILCS 5/2-101 et seq.].

58)     The forgoing acts perpetrated against BRIAN POSTRELKO by the Defendant CARRIE A. COONEY constituted acts of sexual harassment, in violation of 775 ILCS 5/2-102(D).

59)     Within 180 days of the forgoing acts of sexual harassment, BRIAN POSTRELKO brought a Charge of Discrimination against the Defendant CITY OF CHICAGO, before the Illinois Department of Human Rights (hereinafter "the Department"), as contemplated by 775 ILCS 5/7A-102.  A copy of said Charge of Discrimination is attached hereto as Exhibit A.

60)     BRIAN POSTRELKO received his Notice of Rights letter from the EEOC on May 24, 2021.  A copy of said Notice of Rights letter is attached hereto as Exhibit B.

61)     As a result of the foregoing acts of sexual harassment perpetrated against him by the Defendant CARRIE A. COONEY, individually, who at that time had managerial authority over BRIAN POSTRELKO, Plaintiff suffered severe and permanent emotional distress and psychological suffering and has suffered economic losses, which are a direct and proximate result of the foregoing harassment.

62)     The acts of the Defendants were so outrageous as to warrant imposition of punitive damages authorized by the Illinois Human Rights Act in order to deter other employers from similar acts.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the



* 5 0 0 8 8 9 9 4 *

Plaintiff and against the Defendant, CARRIE A. COONEY, individually, for actual and punitive damages in an amount in excess of $50,000.00.

## COUNT V – BATTERY
### BRIAN POSTRELKO vs CARRIE A. COONEY, Individually

63-71) Plaintiff, BRIAN POSTRELKO, adopts and realleges each and every allegation of Paragraphs 48 through 56 of Count IV above as and for Paragraphs 63-71 of Count V of his Complaint as though fully set forth herein.

72)     Between January 2021, and March 2021, Defendant CARRIE A. COONEY, individually, without the consent of BRIAN POSTRELKO, made offensive physical contact with Plaintiff, causing him apprehension for his personal safety.

73)     Contact with BRIAN POSTRELKO as set forth in Paragraph 5, constituted impermissible touching and battery perpetrated against BRIAN POSTRELKO.

74)     As a direct and proximate result of the acts of battery perpetrated against him by Defendant CARRIE A. COONEY, individually, Plaintiff BRIAN POSTRELKO has suffered humiliation, shame and emotional distress.

75)     The conduct of Defendant CARRIE A. COONEY, individually, is so outrageous as to warrant an award of punitive damages to deter others from similar conduct as authorized and contemplated by the Illinois Human Rights Act.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CARRIE A. COONEY, individually, for actual and punitive damages in an amount in excess of $50,000.00.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### BRIAN POSTRELKO vs CARRIE A. COONEY, Individually

FILED DATE: 10/1/2021 2:58 PM   2021L006834
FILED DATE: 7/6/2021 12:42 PM   2021L006834

FILED DATE: 10/1/2021 2:58 PM  2021L006834
FILED DATE: 7/6/2021 12:42 PM  2021L006834

76-84) Plaintiff, BRIAN POSTRELKO, adopts and realleges each and every allegation of Paragraphs 48 through 56 of Count IV above as and for Paragraphs 76-84 of Count VI of his Complaint as though fully set forth herein.

85)     The inappropriate sexual advances and impermissible touching of the Plaintiff as set forth in Paragraph 5 hereof were willful and deliberate and were of such a character that any reasonable person would know they would cause the Plaintiff, BRIAN POSTRELKO, to suffer emotional distress.

86)     That in so acting, the Defendant CARRIE A. COONEY, individually, intentionally inflicted emotional distress upon BRIAN POSTRELKO.

87)     As a result of the conduct of the Defendant CARRIE A. COONEY, individually, as expressed in Paragraph 5 hereof, Plaintiff BRIAN POSTRELKO was caused to suffer severe and permanent emotional distress.

88)     The conduct of the Defendant CARRIE A. COONEY, individually, was so outrageous as to warrant an award of punitive damages to deter others from similar conduct as authorized and contemplated by the Illinois Human Rights Act.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CARRIE A. COONEY, individually, for actual and punitive damages in an amount in excess of $50,000.00.

Respectfully submitted

By:    *Anthony Cuda*
       Attorney for Plaintiff

Attorney No: 27099
CUDA LAW OFFICES, LTD.
6525 W. North Avenue, Suite 204
Oak Park, Illinois 60302
708-383-4900



*210524012 94*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2021-02528 |

FILED
07/06/2021 12:42 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006834
13927428

## ILLINOIS DEPARTMENT OF HUMAN RIGHTS
### State or local Agency, if any
and EEOC

| Name (indicate Mr., Ms., Mrs.)<br>**MR. BRIAN POSTRELKO** | Home Phone<br>**(773) 972-7009** | Year of Birth<br>**1977** |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| **7061 NORTH KEDZIE AVENUE, STE 1713, CHICAGO,IL 60645** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>**CHICAGO POLICE DEPARTMENT** | No. Employees, Members<br>**501+** | Phone No.<br>**(312) 746-6000** |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| **3510 SOUTH MICHIGAN AVENUE, CHICAGO, IL 60653** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER (Specify) | Earliest **01-29-2021**   Latest **04-06-2021**<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent on or about October 31, 2005. My current position is Police Officer. During my employment, I have been subjected to sexual harassment. I was also subjected to different terms and conditions of employment, including but not limited to, harsher work assignments. I complained to Respondent.

I believe I have been discriminated against because of my sex, male, and in retaliation for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

DEPT. OF HUMAN RIGHTS
INTAKE DIVISION

May 24, 2021
**RECEIVED**

BY:_____

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Brian Postrelko on 05-12-2021 02:00 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

FILED DATE: 10/1/2021 2:58 PM   2021L006834
FILED DATE: 7/6/2021 12:42 PM   2021L006834

EXHIBIT
A



EEOC Form 161 (11/2020)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**   * 5 0 0 8 8 9 9 4 *

## DISMISSAL AND NOTICE OF RIGHTS

<table>
<tr><td>To:</td><td>**Brian Postrelko**<br>**7061 North Kedzie Avenue**<br>**STE 1713**<br>**Chicago, IL 60645**</td><td>From:</td><td>**Chicago District Office**<br>**230 S. Dearborn**<br>**Suite 1866**<br>**Chicago, IL 60604**</td></tr>
</table>

| | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|
| EEOC Charge No. | EEOC Representative | Telephone No. |
| | **Katarzyna Hammond,** | |
| **440-2021-02528** | **Investigator** | **(312) 872-9703** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/eh*                                    5/24/2021

Enclosures(s)

**Julianne Bowman,**                                    *(Date Issued)*
**District Director**

cc:   **CITY OF CHICAGO LAW DEPARTMENT LABOR**
      **DIVISION**
      **Eileen Geary, Esq.**
      **Chief Assistant Corporation Counsel**
      **2 North LaSalle Street, Suite 660**
      **Chicago, IL 60602**

FILED DATE: 10/1/2021 2:58 PM   2021L006834
FILED DATE: 7/6/2021 12:42 PM   2021L006834

**EXHIBIT**

tabbies®   **B**

ILLINOIS DEPARTMENT OF
# Human Rights

JB Pritzker, Governor
James L. Bennett, Director

FILED DATE: 10/1/2021 2:58 PM    2021L006834

May 24, 2021

Brian Postrelko
▮▮▮▮▮▮▮▮▮▮▮▮
Chicago, IL ▮▮▮▮

Re:  **Brian Postrelko v. Chicago Police Department    #210524.012**

Dear Complainant:

You are receiving this letter because you filed a charge with the United States Equal Employment Opportunity Commission (EEOC). The EEOC and the Illinois Department of Human Rights (Department) are parties to a cooperative agreement. Under this agreement, when you filed your charge of discrimination with the EEOC, a copy of the charge was automatically filed with the Department. The Department is keeping a copy of your EEOC charge on file to preserve jurisdiction under Illinois law.

Since you filed your discrimination charge initially with the EEOC, the EEOC is the governmental agency responsible for investigating the charge and the investigation will be conducted pursuant to the rules and procedures adopted by the EEOC. The Department will take no action on your charge until the EEOC issues its findings. **After the EEOC issues its findings,** if you want the Department to take any further action on your charge, you must send the Department a copy of the EEOC's findings within 30 days after service of the EEOC's findings on you. Please also send a one sentence written statement requesting that the Department investigate your charge and include the above Control Number. You may submit a copy of the EEOC's findings by either of the following methods:

**By Mail:**    Send your EEOC findings and written statement via U.S. Postal certified mail, return receipt requested, to: Illinois Department of Human Rights, Attn: EEOC Referred Charges/Intake Unit, 100 W. Randolph St., Ste. 10-100, Chicago, IL 60601.

**In Person:**    Bring an original and one copy of your EEOC findings and written statement to the Department. The Department will stamp and return the copies to you for your records.

If you received the EEOC's findings prior to receipt of this letter, you have 30 days from the date of this letter to send the Department a copy of the EEOC's findings. Upon receipt of the EEOC's findings, the Department will mail you a notice as to what further action the Department may take on your charge.

The 365-day time period for the Department to investigate your EEOC charge is tolled while the EEOC is investigating your charge and does not begin to run until the EEOC issues its findings. Your failure to timely provide the EEOC's findings to the Department will result only in the Department closing your file. **This process does not affect the investigation of your charge at EEOC.** If you do not wish to proceed with the Department, you do not need to take any further action.

This letter **does not apply** to any settlement of this charge the parties have made with the EEOC.

**If you have any questions, please contact Thomas F. Roeser, Pre-Investigations Coordinator, at (312) 814-6295. Please do not contact the EEOC.**

ILLINOIS DEPARTMENT OF HUMAN RIGHTS.

PRE1-EEOC 30
Rev 8/18

100 West Randolph Street, Suite 10-100, Chicago, IL 60601, (312) 814-6200, TTY (866) 740-3953, Housing Line (800) 662-3942
2309 West Jefferson Street, Springfield, IL 62702, (217) 785-5100
2309 West Main Street, Marion, IL 62959 (618) 993-7463
www.illinois.gov/dhr

CC:   Chicago Police Department, C/O Eileen Geary
2 N. LaSalle St., Suite 660
Chicago, IL  60602

**City of Chicago MTD Exhibit 2**

Page 1 of 5

210524.012

EEOC Form 5 (11/09)

FILED DATE: 10/1/2021 2:58 PM    2021L006834

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | **440-2021-02528** |

**ILLINOIS DEPARTMENT OF HUMAN RIGHTS** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **MR. BRIAN POSTRELKO** | ▉▉▉▉▉ | **1977** |

| Street Address | City, State and ZIP Code |
|---|---|
| ▉▉▉▉▉ | **CHICAGO,IL** ▉▉▉▉ |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **CHICAGO POLICE DEPARTMENT** | **501+** | **(312) 746-6000** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3510 SOUTH MICHIGAN AVENUE, CHICAGO, IL 60653** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **01-29-2021**   Latest **04-06-2021**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I began my employment with Respondent on or about October 31, 2005. My current position is Police Officer. During my employment, I have been subjected to sexual harassment. I was also subjected to different terms and conditions of employment, including but not limited to, harsher work assignments. I complained to Respondent.**

**I believe I have been discriminated against because of my sex, male, and in retaliation for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.**

DEPT. OF HUMAN RIGHTS
INTAKE DIVISION

May 24, 2021
**RECEIVED**

BY:_____

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Brian Postrelko on 05-12-2021 02:00 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

Page 2 of 5

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

Page 3 of 5

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

FILED DATE: 10/1/2021 2:58 PM   2021L006834

EEOC Form 212-A (3/98)

# U.S. Equal Employment Opportunity Commission

TO: **Illinois Department Of Human Rights**
**100 West Randolph Street**
**Floor 10-100**
**Chicago, IL 60601**

Date **May 24, 2021**
EEOC Charge No.
**440-2021-02528**

FEPA Charge No.

CHARGE TRANSMITTAL

SUBJECT:

| **Brian Postrelko** | *v.* | **CHICAGO POLICE DEPARTMENT** |
|---|---|---|
| *Charging Party* | | *Respondent* |

Transmitted herewith is a charge of employment discrimination initially received by the:

☒ EEOC    ☐ _____ on **May 12, 2021**

                                                              *Name of FEPA*                     *Date of Receipt*

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

☐ Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

☐ The worksharing agreement does not determine which agency is to initially investigate the charge.

    ☐ EEOC requests a waiver         ☐ FEPA waives

    ☐ No waiver requested         ☐ FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge*
*and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

| Typed Name and Title of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **Julianne Bowman, District Director** | *Julianne Bowman/zb* |

| **Brian Postrelko** | *v.* | **CHICAGO POLICE DEPARTMENT** |
|---|---|---|
| *Charging Party* | | *Respondent* |

TO WHOM IT MAY CONCERN:

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

| Typed Name and Title of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **James L. Bennett, Director** | *James L. Bennett/zb* |

TO: **Chicago District Office**
**230 S. Dearborn**
**Suite 1866**
**Chicago, IL 60604**

Date **May 24, 2021**
EEOC Charge No.
**440-2021-02528**
FEPA Charge No.

*Left margin:* FILED DATE: 10/1/2021 2:58 PM   2021L006834



ILLINOIS DEPARTMENT OF

JB Pritzker, Governor
James L. Bennett, Director

FILED DATE: 10/1/2021 2:58 PM     2021L006834

September 20, 2021

**Via Email Only: Pamela.Buscemi@cityofchicago.org**

Pamela Buscemi, Paralegal II
City of Chicago, Law Department
Employment Litigation Division
2 North LaSalle Street, Suite 640
Chicago, IL 60602

RE:     Freedom of Information Act Request ("FOIA"):
        Brian Postrelko v. Chicago Police Department, EEOC Charge No. 440-2021-02528

Dear Ms. Buscemi:

On September 15, 2021, the Illinois Department of Human Rights ("Department") received your FOIA request in which you requested a copy of the above-referenced investigation file.

Section 2(c) of FOIA defines "public records" as including "all records, reports, forms, writings … and all other documentary materials pertaining to the transaction of public business … having been prepared by or for, or having been or being used by, received by, in possession of, or under the control of any public body."  5 ILCS 140/2(c).

The Department will provide you with a copy of the documentation it has in its possession related to the above-referenced matter.  The Department's records show that on May 12, 2021, Brian Postrelko ("Mr. Postrelko"), filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), against the Chicago Police Department, which was cross-filed with the Department.  Further, the Department's records show that on May 24, 2021, the Department notified Mr. Postrelko, via U.S. mail, that to proceed with his charge before the Department he must notify the Department in writing within 30 days after receiving the EEOC's findings.  However, the Department's records do not show that Mr. Postrelko notified the Department in writing of his intent to proceed before the Department.  Therefore, the Department did not investigate Mr. Postrelko's allegations and is unable to provide you with a copy of the above-referenced investigation file.  The documentation is attached hereto.

To the extent you consider this response to be a denial of your FOIA request, you have the right to submit a request for review by the Public Access Counselor ("PAC") of the Office of the Illinois Attorney General to: Public Access Counselor, Office of the Attorney General, 500 South 2nd Street, Springfield, Illinois 62706, Fax: 217-782-1396, E-mail: publicaccess@atg.state.il.us.  If you choose to submit a request for review, you must do so within 60 days after the date of this response letter.  The request for review must be in writing, signed by you, and include a copy of your FOIA request and this office's response.  5 ILCS 140/9.5(a).  In addition, you have the right to seek judicial review of this response.  5 ILCS 140/11(a), (b).

Sincerely,

Keisha T. Nelson
Freedom of Information Act Officer

**City of Chicago MTD Exhibit 3**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| Brian Postrelko, | ) | No. 21 L 6834 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Commercial Calendar T |
| | ) | |
| City of Chicago, et al, | ) | Judge Daniel J. Kubasiak |
| Defendant. | ) | |

**BRIEFING SCHEDULE ORDER**

This cause coming to be heard on the Commercial Calendar "T" Status or Motion Call, due notice having been given, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED:**

(1) Movant, _City and Cooney_ is granted leave to file their _MTD_ and Memorandum in Support thereof instanter or by _____/_____/_____;  **(4231)**

(2) Respondent, _Plaintiff_ shall file their Response by _11_/_05_/_2021_;  **(4231)**

(3) Movant shall file their Reply by _11_/_19_/_2021_;  **(4231)**

(4) The moving party **must** provide the Court (Room 1904) at the Clerk's Status Call on _11_/_29_/_21_ at 8:45 a.m. with **two complete sets** of courtesy copies of **ALL** documents, which must be submitted in written form, including MOTION, RESPONSE, REPLY, COMPLAINT, PLEADINGS, which are being attacked, as well as any applicable DEPOSITION TRANSCRIPTS, EXHIBITS, ETC.;  **(6315/4374)**

(5) **NO SUPPLEMENTAL BRIEFS OR CITATIONS FILED WITHOUT LEAVE OF COURT;**

(6) No continuance of any of the above dates will be granted without leave of Court;

(7) Lack of compliance with any of the above may result in either striking or ruling on the Motion without hearing, as applicable;

(8) A full set of courtesy copies should be emailed to Law.calTcc@cookcountyil.gov.

Attorney Name: _J. Durkin_
Attorney for: ▮▮▮▮▮ Defendant
Firm: _Corporation Counsel_
Direct Phone: _312-744-2836_
Fax: 312-744-3989
Email: _jessica.durkin@cityofchicago.org_

ENTERED
Judge Daniel J. Kubasiak-2072
OCT 13 2021
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

ENTER: _____

Honorable Daniel J. Kubasiak

**EXHIBIT F**

FILED
11/16/2021 11:58 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006834

15618034

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

BRIAN POSTRELKO,

        Plaintiff,

v.

CITY OF CHICAGO, a Municipal
Corporation, POLICE DEPARTMENT, and
officer CARRIE A. COONEY, individually,
and as an agent and employee of the CITY OF
CHICAGO,

        Defendants.

No.: 2021 L 006834

Commercial Calendar T

Hon. Daniel J. Kubasiak

**DEFENDANTS' AGREED MOTION TO STRIKE BRIEFING SCHEDULE AND
GRANT PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT**

The Defendants, City of Chicago and Carrie A. Cooney, through their attorney, CELIA

MEZA, Corporation Counsel for the City of Chicago, move to strike the October 13, 2021 briefing

schedule order and grant Plaintiff leave to file an amended complaint. Defendants state the

following in support of their agreed motion.

       1.     Plaintiff filed this lawsuit on July 6, 2021. Plaintiff is a current employee of the

Defendant City of Chicago. Defendant Cooney was formerly Plaintiff's supervisor.

       2.     In his Complaint, Plaintiff alleges, *inter alia*, that the City of Chicago and Defendant

Cooney engaged in acts of employment discrimination and retaliation in violation of the Illinois

Human Rights Act, 775 ILCS 5/1-101, *et seq.*

       3.     Defendants filed motions to dismiss pursuant to 735 ILCS 5/2-619.1 on October 1,

2021.

       4.     On October 13, 2021, The Court entered a briefing schedule order for the motions

to dismiss. Plaintiff's response briefs were due November 5, 2021, and Defendants' reply briefs are

FILED DATE: 11/16/2021 11:58 AM   2021L006834

**EXHIBIT G**

FILED DATE: 11/16/2021 11:58 AM   2021L006834

currently due November 19, 2021. The matter is set for a clerk's status on 8:45 a.m. on November 21, 2021. (A copy of the *October 13, 2021 order* is attached as Exhibit 1).

5.      On November 5, 2021, Plaintiff timely filed responses to the motions to dismiss. In Plaintiff's response to the City's motion to dismiss, Plaintiff indicated, *inter alia*, that he inadvertently omitted a claim alleging Defendant City of Chicago violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq*. Plaintiff requested leave to amend his complaint, stating:

> In addition to responding to the Defendant's Motion to Dismiss, the Plaintiff is requesting leave to amend his Complaint to correct an inadvertent clerical error. The Complaint at Law was filed pursuant to the EEOC's Notice of Rights letter, as evidenced by it being attached to and referenced in the Complaint at Law. As such, the Complaint at Law was intended to allege the CITY OF CHICAGO violated both the Illinois Human Rights Act as well as Title VII of the Civil Rights Act.

*Plaintiff's Response to the City's Motion to Dismiss* (Ex. 2), p. 3.

6.      The undersigned attorneys do not object to Plaintiff's request for leave to file an amended complaint.

7.      One of the undersigned attorneys spoke with Plaintiff's counsel *via* phone on the morning of November 15, 2021. During the call, the parties agreed that to avoid wasting judicial resources and to expedite this matter's resolution, it would be prudent to strike the remainder of the briefing schedule and permit Plaintiff to file an amended complaint.

8.      On November 16, 2021, the parties agreed to a proposed order, which Defendants are submitting to the Court concurrently with this motion.

**Wherefore,** the Defendants respectfully request this Court enter an agreed order:

1.   Striking the October 13, 2021 briefing schedule order;

2.   Striking the November 29, 2021, 8:45 a.m. clerk status;

3.   Granting Plaintiff until December 15, 2021 to file an Amended Complaint;

4.   Granting Defendants 30 days thereafter, or until January 14, 2022 to respond to the Amended Complaint; and

2

5. Permitting Defendant Cooney and Defendant City of Chicago to withdraw their

   Motions to Dismiss as moot, without prejudice.

Dated: November 16, 2021

Respectfully submitted,

CELIA MEZA
Corporation Counsel of the City of Chicago

Attorney No.: 90909
City of Chicago, Department of Law
Employment Litigation Division
2 North LaSalle Street, Suite 640
Chicago, Illinois 60602
Jessica.Durkin@cityofchicago.org
Scott.Crouch@cityofchicago.org
(312) 744-2836 | (312) 744-8369

By: _s/ Scott Crouch_____
SCOTT CROUCH

By: _s/ Jessica R. Durkin_
JESSICA R. DURKIN

Assistants Corporation Counsel

Counsel for Defendants

FILED DATE: 11/16/2021 11:58 AM    2021L006834

FILED
11/16/2021 12:36 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006834
15619146

FILED DATE: 11/16/2021 12:36 PM  2021L006834

# Exhibit 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Brian Postrelko,                      )
                                      )
    Plaintiff,                    )        No. 21 L 6834
                                      )
        v.                    )        Commercial Calendar T
                                      )
City of Chicago, et al,               )        Judge Daniel J. Kubasiak
                                      )
    Defendant.                    )
                              **BRIEFING SCHEDULE ORDER**

      This cause coming to be heard on the Commercial Calendar "T" Status or Motion Call, due notice having been given, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED:**

(1) Movant, <u>City and Cooney</u> is granted leave to file their <u>MTD</u> and Memorandum in Support thereof instanter or by ____/____/____;    **(4231)**

(2) Respondent, <u>Plaintiff</u> shall file their Response by <u>11</u> /<u>05</u> / <u>2021</u> ;    **(4231)**

(3) Movant shall file their Reply by <u>11</u> /<u>19</u> /<u>2021</u> ;    **(4231)**

(4) The moving party **must** provide the Court (Room 1904) at the Clerk's Status Call on <u>11</u> /<u>29</u> /<u>21</u> at 8:45 a.m. with **two complete sets** of courtesy copies of **ALL** documents, which must be submitted in written form, including MOTION, RESPONSE, REPLY, COMPLAINT, PLEADINGS, which are being attacked, as well as any applicable DEPOSITION TRANSCRIPTS, EXHIBITS, ETC.;    **(6315/4374)**

(5) **NO SUPPLEMENTAL BRIEFS OR CITATIONS FILED WITHOUT LEAVE OF COURT;**

(6) No continuance of any of the above dates will be granted without leave of Court;

(7) Lack of compliance with any of the above may result in either striking or ruling on the Motion without hearing, as applicable;

(8) A full set of courtesy copies should be emailed to Law.calTcc@cookcountyil.gov.

Attorney Name:  J. Durkin
Attorney for: ████ Defendant
Firm: Corporation Counsel
Direct Phone: 312-744-2836
Fax: 312-744-3989
Email: jessica.durkin@cityofchicago.org

ENTERED
Judge Daniel J. Kubasiak-2072
OCT 13 2021
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

ENTER: _____
      Honorable Daniel J. Kubasiak

FILED DATE: 11/16/2021 12:36 PM    2021L006834

FILED
11/16/2021 11:58 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006834

15618034

FILED DATE: 11/16/2021 11:58 AM   2021L006834

# Exhibit 2

FILED
11/5/2021 4:42 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006834

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| BRIAN POSTRELKO | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | )  No.: 21 L 6834 |
| | ) |
| CITY OF CHICAGO, a Municipal | ) |
| Corporation, POLICE DEPARTMENT, | ) |
| and officer CARRIE A. COONEY, | ) |
| individually, and as an agent and | ) |
| employee of the CITY OF CHICAGO, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF CHICAGO'S MOTION TO
DISMISS PURSUANT TO 735 ILCS 5/2-619.1**

NOW COMES Plaintiff, BRIAN POSTRELKO, by and through his attorneys, CUDA

LAW OFFICES, LTD., and for his Response to Defendant's Motion to Dismiss Plaintiff's

Complaint Pursuant to 735 ILCS 5/2-619.1, states as follows:

## I. FACTUAL BACKGROUND

On May 12, 2021, the Plaintiff, BRIAN POSTRELKO, timely cross-filed a Charge of

Discrimination with the EEOC and the Illinois Department of Human Rights. (Exhibit A – Charge

of Discrimination). The EEOC issued their Dismissal and Notice of Rights letter on May 24, 2021;

just twelve (12) days after the Charge of Discrimination was filed. (Exhibit B – EEOC Dismissal

and Notice of Rights). The letter dated May 24, 2021, from the Illinois Department of Human

Rights, indicates the following: "The 365-day time period for the Department to investigate your

EEOC charge is tolled while the EEOC is investigating your charge and does not begin to run until

the EEOC issues its findings. Your failure to timely provide the EEOC's findings to the

1

Department *will result only in the Department closing your file.*" (Exhibit C – May 24, 2021, IDHR Letter).

On July 6, 2021, the Plaintiff filed his Complaint at Law against the CITY OF CHICAGO, a Municipal Corporation, POLICE DEPARTMENT, and officer CARRIER A. COONEY, individually and as an agent and employee of the CITY OF CHICAGO. (Exhibit D – Complaint at Law). Plaintiff contends that between January and April 2021, his then-supervisor, Defendant Sgt. CARRIE COONEY, sexually harassed him, battered him and intentionally inflicted emotional distress. The Complaint puts forth the following allegations:

    a. Took an unconsented and inappropriate picture of BRIAN POSTRELKO's buttocks;

    b. Pulled BRIAN POSTRELKO by his backpack without his consent;

    c. Touched BRIAN POSTRELKO on his back and neck without his consent;

    d. Grazed up against BRIAN POSTRELKO's buttocks and back without his consent;

    e. Grabbed and fixed BRIAN POSTRELKO's shirt collar without his consent;

    f. Violated social distancing protocols;

    g. Made inappropriate and unwanted sexual comments towards BRIAN POSTRELKO;

    h. Sexually harassed BRIAN POSTRELKO;

    i. Retaliated against BRIAN POSTRELKO for denying her inappropriate and unwanted advances; and

    j. Sexually discriminated against BRIAN POSTRELKO on the basis of his sex.

A copy of the Charge of Discrimination as well as a copy of the Dismissal and Notice of Rights letter were attached as exhibits to Plaintiff's Complaint at Law. (Exhibit D – Complaint at Law). The Complaint at Law was filed well within the 90-day filing period. On October 1, 2021,

FILED DATE: 1/16/2021 2:48 PM    2021L006834

the Defendant CITY OF CHICAGO filed their Motion to Dismiss pursuant to 735 ILCS 5/2-619.1. The CITY OF CHICAGO's Motion to Dismiss requests all Counts against the CITY OF CHICAGO be dismissed with prejudice.

In addition to responding to the Defendant's Motion to Dismiss, the Plaintiff is requesting leave to amend his Complaint to correct an inadvertent clerical error. The Complaint at Law was filed pursuant to the EEOC's Notice of Rights letter, as evidenced by it being attached to and referenced in the Complaint at Law. As such, the Complaint at Law was intended to allege the CITY OF CHICAGO violated both the Illinois Human Rights Act as well as Title VII of the Civil Rights Act.

## **LEGAL STANDARD**

Under section 2-615 of the Illinois Code of Civil Procedure, a party may move for dismissal of an action where the pleadings fail to state a cause of action. *Cont'l Mobile Tel. Co. v. Chi. S M S A Ltd. P'ship,* 225 Ill. App. 3d 317, 324, 167 Ill. Dec. 554, 559, 587 N.E.2d 1169, 1174 (1992). A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover. *Id.* The complaint must be construed liberally and should only be dismissed when it appears that plaintiff could not recover under any set of facts. *Basler,* 188 Ill. App. 3d 178, 544 N.E.2d 60.

A dismissal with prejudice is deemed to be as conclusive of the rights of the parties as if the matter had proceeded to trial, and had been resolved by a final judgment adverse to plaintiff. *Dunavan v. Calandrino,* 167 Ill. App. 3d 952, 960, 118 Ill. Dec. 892, 896, 522 N.E.2d 347, 351 (1988). Dismissal with prejudice is only warranted where it is certain from the face of the complaint that amendment would be futile. *Gill v. CEC Emple. Grp., LLC*, No. 19 CV 8099, 2020 U.S. Dist. LEXIS 184700, at *10 (N.D. Ill. Oct. 6, 2020). Plaintiffs generally are granted at least

one opportunity to amend their pleadings. *Sinclair v. State Bank of Jerseyville*, 226 Ill. App. 3d 909, 168 Ill. Dec. 462, 589 N.E.2d 862, 1992 Ill. App. (Ill. App. Ct. 4th Dist. 1992). The Court may consider documents attached to the complaint and documents that are referenced in and central to its claims. *Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018).

In Illinois, a claim relates back when it arises out of the same transaction or occurrence as the one identified in the original complaint. *Schorsch v. Hewlett-Packard Co.,* 417 F.3d 748, 751 (7th Cir. 2005). Illinois has a relation-back rule that is functionally identical to Fed. R. Civ. P. 15(c). *Id.* An amendment relates back in Illinois when the original complaint "furnished to the defendant all the information necessary . . . to prepare a defense to the claim subsequently asserted in the amended complaint." *Boatmen's National Bank of Belleville v. Direct Lines, Inc*., 167 Ill. 2d 88, 102, 656 N.E.2d 1101, 1107, 212 Ill. Dec. 267 (1995).

## **ARGUMENT**

### **A. Plaintiff's IHRA claim against the City of Chicago should not be dismissed**

Under the IHRA, an individual has 300 calendar days after the date that a civil rights violation allegedly has been committed to file a charge of discrimination. 775 Ill. Comp. Stat. Ann. 5/7A-102. Section (A-1)(1) of 775 ILCS 5/7A-102 states the following:

"**(1)** If a charge is filed with the Equal Employment Opportunity Commission (EEOC) within 300 calendar days after the date of the alleged civil rights violation, the charge shall be deemed filed with the Department on the date filed with the EEOC. If the EEOC is the governmental agency designated to investigate the charge first, the Department shall take no action until the EEOC makes a determination on the charge and after the complainant notifies the Department of the EEOC's determination. In such cases, after receiving notice from the EEOC that a charge was filed, the Department shall notify the

4

FILED DATE: 11/15/2021 4:48 PM    2021L006834

parties that (i) a charge has been received by the EEOC and has been sent to the

Department for dual filing purposes; (ii) the EEOC is the governmental agency

responsible for investigating the charge and that the investigation shall be conducted

pursuant to the rules and procedures adopted by the EEOC; (iii) it will take no action on

the charge until the EEOC issues its determination; (iv) the complainant must submit a

copy of the EEOC's determination within 30 days after service of the determination by

the EEOC on complainant; and (v) that the time period to investigate the charge

contained in subsection (G) of this Section is tolled from the date on which the charge is

filed with the EEOC until the EEOC issues its determination."  775 Ill. Comp. Stat. Ann.

5/7A-102.

The IHRA does not require that a charge actually be investigated by the Illinois Department of

Human Rights. *Nieman v. Grange Mut. Cas. Co*., No. 11-3404, 2012 U.S. Dist. LEXIS 59180,

at *8-9 (C.D. Ill. Apr. 26, 2012).

BRIAN POSTRELKO's charge of discrimination was cross-filed with the EEOC and

IDHR within the 300-day limitation period.  In fact, the 300-day limitation period does not

expire until February 1, 2022.  The May 24, 2021, letter issued to BRIAN POSTRELKO by the

Illinois Department of Human Rights, indicates the following:

"Your failure to timely provide the EEOC's findings to the Department will result *only* in

the Department closing your file."   (Exhibit C - May 24, 2021, IDHR Letter).

There is no language within the letter issued by the Illinois Department of Human Rights or the

Human Rights Act that provides for the dismissal of the charge should the EEOC's findings not be

reported to the IDHR within 30-days.  In this case, the 30-day "reporting period" lapsed well before

the 300-day limitation period provided for in the IHRA.  In essence, the Defendant's interpretation

FILED DATE: 11/15/2021 12:48 PM 2021L006834

of the IHRA shortens an individual's limitation period for pursuing their charge. This would go against public policy as it negates the length of time an individual has to file a claim in the first place. It would be contradictory to the 300-day policy for a claim to be lapsed and dismissed due to the failure to share findings with the non-investigating department. As the 300-day limitation period has not lapsed, BRIAN POSTRELKO should still be allowed to pursue his IDHR charge.

As mentioned above, the Complaint at Law was filed pursuant to the EEOC's Notice of Rights letter, as evidenced by it being attached to and referenced in the Complaint at Law. As such, the Complaint at Law was intended to allege the CITY OF CHICAGO violated both the Illinois Human Rights Act as well as Title VII of the Civil Rights Act. The language alleging the CITY OF CHICAGO violated Title VII of the Civil Rights Act was inadvertently omitted from the filed Complaint at Law. The original Complaint at Law was timely filed, the Plaintiff has never amended his Complaint at Law, the EEOC's Notice of Rights letter was attached to the original Complaint at Law, the amended claim arose out of the same occurrences as the one identified in the original complaint and the original complaint provided the Defendants with all the information necessary to prepare a defense to the amended complaint. As such, the Plaintiff requests leave to amend his Complaint to remedy the inadvertent omission by adding the violation of Title VII of the Civil Rights Act.

**B-C. The IHRA does not preempt Plaintiff's Battery or IIED claims. Plaintiff's cause of action for IIED contained in Count III of his Complaint at Law is sufficiently plead and should not be dismissed**

The battery and intentional infliction of emotional distress claims alleged against the CITY OF CHICAGO and officer CARRIE A. COONEY, individually and as an agent and employee of the CITY OF CHICAGO, are not inextricably linked to the civil rights violation that is also alleged by Plaintiff. The circuit court is not precluded from exercising jurisdiction over all tort claims that

related factually to a civil rights violation. *Maksimovic v. Tsogalis,* 177 Ill. 2d 511, 517. Whether the circuit court may exercise jurisdiction over a tort claim depends upon whether the tort claim is inextricably linked to a civil rights violation, such that there is no independent basis for the action apart from the Act itself. *Schroeder v. RGIS, Inc.,* 2013 IL App (1st) 122483, P26. If a plaintiff is able to establish the necessary elements of the alleged tort independent of any duties created by the Human Rights Act or Title VII, then the common law tort claim is not inextricably linked with the civil rights violation and the circuit court may exercise jurisdiction. *Id.*

Under Illinois law, the following elements are required to state a claim for the tort of intentional infliction of emotional distress: (1) extreme and outrageous conduct; (2) intent to cause severe emotional distress or knowledge that there is a high probability of causing severe emotional distress; and (3) the conduct actually caused severe emotional distress. *Mazurek v. Cook County*, 2003 U.S. Dist. LEXIS 9100, *8. In determining whether conduct is outrageous and extreme, we use an objective standard based on all the facts and circumstances of the case. *Schroeder v. RGIS, Inc.*, 2013 IL App (1st) 122483, ¶ 27, 992 N.E.2d 509. Whether a defendant abused a position of actual or apparent authority is a factor to consider when determining whether conduct is outrageous. *Id.*

Under Illinois law, the following elements are required to state a claim for the tort of battery; (1) an intentional act on the part of the defendant; (2) a resulting offensive contact with plaintiff's person; and (3) a lack of consent to the defendant's conduct. *McNeil v.* Brewer, 304 Ill.App.3d 1050, 1053 (1999).

In *Maksimovic v. Tsogalis,* 177 Ill. 2d 511 (1997), the plaintiff filed claims of assault, battery, and false imprisonment against the defendant. The defendant moved for summary judgment arguing that plaintiff's claims were barred, and the exclusive remedy was with the

Illinois Human Rights Commission. (*Id.*). The Court disagreed and found that a common law tort claim is not inextricably linked with a civil rights violation where a plaintiff can establish the necessary elements of the tort, independent of any legal duties created by the Illinois Human Rights Act. (*Id* at 516). The court further found that it was not the legislative intent to abolish all common law torts factually related to sexual harassment. (*Id.*). The court found that the sexual harassment aspect of this case is merely incidental to what are otherwise ordinary common law tort claims. (*Id.*). The plaintiff alleged facts sufficient to establish the elements of assault, battery, and false imprisonment, which are long recognized tort actions that exist separate and apart from a cause of action for sexual harassment. (*Id.*).

The distinction between claims that are preempted and claims that are not preempted is well established and turns on the legal duty that the defendant allegedly breached; if the conduct would be actionable even aside from its character as a civil rights violation, because the Illinois Human Rights Act did not furnish the legal duty that the defendant was alleged to have breached, the IHRA does not preempt a state law claim seeking recovery for it. *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 603 (2006).

In this case, BRIAN POSTRELKO alleged facts sufficient to establish the elements of the common law tort of intentional infliction of emotional distress and battery. BRIAN POSTRELKO was continually violated and harassed by CITY OF CHICAGO agent and employee, CARRIE A. COONEY. Defendant, CARRIE A. COONEY, continually embarrassed Plaintiff in front of co-workers, assigned the Plaintiff unreasonable work tasks, denied him work re-assignment requests, followed him to and from the parking lot, made inappropriate comments towards the Plaintiff, made unwanted and unconsented physical contact with the Plaintiff and continually threatened the Plaintiff by stating she "had dirt on him." She would repeatedly scold

him in front of co-workers for being on his phone, all while other co-workers could be on their phones.

Finally, BRIAN POSTRELKO reported his discomfort and disgust with her behavior. However, even after reporting his discomfort and disgust, CARRIE A. COONEY continued to harass the Plaintiff. Additionally, no one at the CITY OF CHICAGO took any remedial action.

The actions of CARRIE A. COONEY were outrageous and were intentionally continued despite BRIAN POSTRELKO's continued plea of discomfort and continual pleas for her to stop. Any reasonable person would conclude that all these events are extreme and outrageous. The CITY OF CHICAGO and CARRIE A. COONEY knew or should have known that these actions would cause emotional distress to BRIAN POSTRELKO. These occurrences have caused BRIAN POSTRELKO to suffer from severe emotional distress, for which he sought and continues to seek medical treatment. These occurrences on their own are enough to meet the elements of intentional infliction of emotional distress.

These facts are also sufficient to establish the elements of battery. CARRIE A. COONEY forcefully grabbed BRIAN POSTRELKO by his backpack and on multiple occasions touched his back, neck and buttocks without consent. No reasonable person would refute that the actions of CARRIE A. COONEY were intentional. There is no doubt that the impermissible touching committed by CARRIE A. COONEY to BRIAN POSTRELKO was offensive contact. This type of contact was unwanted and offensive to the Plaintiff, and he never consented to being touching or grabbed by CARRIE A. COONEY. In accord with the established rules, these claims are actionable, as the common law tort claims are not inextricably linked to a civil rights violation, and the Plaintiff can establish the necessary elements of the tort independent of any legal duties created by the Illinois Human Rights Act or Title VII of the Civil Rights Act.

The individual tort claims of intentional infliction of emotional distress and battery as alleged by Plaintiff, are not inextricably linked to the EEOC or IHRA claims. The Plaintiff alleged facts relative to each tort that are sufficient to establish the elements of each common law tort claim. Therefore, they should remain pending with this court on their face.

**D. Plaintiff agrees to dismiss the Chicago Police Department from this case.**

**E. The Plaintiff requests leave to amend his Complaint to remove the requests seeking punitive damages against the City of Chicago.**

WHEREFORE, the Plaintiff, BRIAN POSTRELKO, respectfully requests this Honorable Court to enter an order denying, in its entirety, Defendant's Motion to Dismiss. In the alternative, Plaintiff respectfully requests leave to amend his Complaint at Law to include the Title VII Civil Rights violation, to include a more definite and complete statement of facts and to clarify that the battery and intentional infliction claims are not inextricably linked to the civil rights claims.

Respectfully submitted:

*Anthony Cuda*

Attorney for Plaintiff

#27099
CUDA LAW OFFICES, LTD.
6525 W. North Avenue, Suite 204
Oak Park, Illinois 60302
708-383-4900
acuda@cudalaw.com

210524012

FILED
11/5/2021 4:42 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2021-02528 |

**ILLINOIS DEPARTMENT OF HUMAN RIGHTS** and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>**MR. BRIAN POSTRELKO** | Home Phone<br>**(773) 972-7009** | Year of Birth<br>**1977** |
|---|---|---|
| Street Address<br>**7061 NORTH KEDZIE AVENUE, STE 1713,** | City, State and ZIP Code<br>**CHICAGO, IL 60645** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>**CHICAGO POLICE DEPARTMENT** | No. Employees, Members<br>**501+** | Phone No.<br>**(312) 746-6000** |
|---|---|---|
| Street Address<br>**3510 SOUTH MICHIGAN AVENUE,** | City, State and ZIP Code<br>**CHICAGO, IL 60653** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (*Specify*)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **01-29-2021** Latest **04-06-2021**

☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s).*):

I began my employment with Respondent on or about October 31, 2005. My current position is Police Officer. During my employment, I have been subjected to sexual harassment. I was also subjected to different terms and conditions of employment, including but not limited to, harsher work assignments. I complained to Respondent.

I believe I have been discriminated against because of my sex, male, and in retaliation for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

DEPT. OF HUMAN RIGHTS
INTAKE DIVISION

May 24, 2021
**RECEIVED**

BY:_____

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally signed by Brian Postrelko on 05-12-2021 02:00 PM EDT** | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

EXHIBIT

A

FILED DATE: 11/05/2021 4:58 PM  2021L006834

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Brian Postrelko**
**7061 North Kedzie Avenue**
**STE 1713**
**Chicago, IL 60645**

From: **Chicago District Office**
**230 S. Dearborn**
**Suite 1866**
**Chicago, IL 60604**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2021-02528** | **Katarzyna Hammond,** Investigator | **(312) 872-9703** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/eh*                                5/24/2021

Enclosures(s)                    **Julianne Bowman,**          *(Date Issued)*
                                 **District Director**

cc:    **CITY OF CHICAGO LAW DEPARTMENT LABOR DIVISION**
       **Eileen Geary, Esq.**
       **Chief Assistant Corporation Counsel**
       **2 North LaSalle Street, Suite 660**
       **Chicago, IL 60602**

**EXHIBIT**
**B**

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



# ILLINOIS DEPARTMENT OF
# Human Rights

JB Pritzker, Governor
James L. Bennett, Director

May 24, 2021

Brian Postrelko
7061 N. Kedzie Ave., Suite 1713
Chicago, IL 60645

Re: **Brian Postrelko v. Chicago Police Department   #210524.012**

Dear Complainant:

You are receiving this letter because you filed a charge with the United States Equal Employment Opportunity Commission (EEOC). The EEOC and the Illinois Department of Human Rights (Department) are parties to a cooperative agreement. Under this agreement, when you filed your charge of discrimination with the EEOC, a copy of the charge was automatically filed with the Department. The Department is keeping a copy of your EEOC charge on file to preserve jurisdiction under Illinois law.

Since you filed your discrimination charge initially with the EEOC, the EEOC is the governmental agency responsible for investigating the charge and the investigation will be conducted pursuant to the rules and procedures adopted by the EEOC. The Department will take no action on your charge until the EEOC issues its findings. **After the EEOC issues its findings**, if you want the Department to take any further action on your charge, you must send the Department a copy of the EEOC's findings within 30 days after service of the EEOC's findings on you. Please also send a one sentence written statement requesting that the Department investigate your charge and include the above Control Number. You may submit a copy of the EEOC's findings by either of the following methods:

**By Mail:**     Send your EEOC findings and written statement via U.S. Postal certified mail, return receipt requested, to: Illinois Department of Human Rights, Attn: EEOC Referred Charges/Intake Unit, 100 W. Randolph St., Ste. 10-100, Chicago, IL 60601.

**In Person:**   Bring an original and one copy of your EEOC findings and written statement to the Department. The Department will stamp and return the copies to you for your records.

If you received the EEOC's findings prior to receipt of this letter, you have 30 days from the date of this letter to send the Department a copy of the EEOC's findings. Upon receipt of the EEOC's findings, the Department will mail you a notice as to what further action the Department may take on your charge.

The 365-day time period for the Department to investigate your EEOC charge is tolled while the EEOC is investigating your charge and does not begin to run until the EEOC issues its findings. Your failure to timely provide the EEOC's findings to the Department will result only in the Department closing your file. **This process does not affect the investigation of your charge at EEOC.** If you do not wish to proceed with the Department, you do not need to take any further action.

This letter **does not apply** to any settlement of this charge the parties have made with the EEOC.

**If you have any questions, please contact Thomas F. Roeser, Pre-Investigations Coordinator, at (312) 814-6295. Please do not contact the EEOC.**

ILLINOIS DEPARTMENT OF HUMAN RIGHTS.

PRE1-EEOC 30
Rev 8/18

100 West Randolph Street, Suite 10-100, Chicago, IL 60601, (312) 814-6200, TTY (866) 740-3953, Housing Line (800) 662-3942
2309 West Jefferson Street, Springfield, IL 62702, (217) 785-5100
2309 West Main Street, Marion, IL 62959 (618) 993-7463
www.illinois.gov/dhr

CC:   Chicago Police Department, C/O Eileen Geary
2 N. LaSalle St., Suite 660
Chicago, IL 60602



EXHIBIT
C

EEOC Form 212-A (3/98)

# U.S. Equal Employment Opportunity Commission

TO: **Illinois Department Of Human Rights**
**100 West Randolph Street**
**Floor 10-100**
**Chicago, IL 60601**

Date **May 24, 2021**
EEOC Charge No.
**440-2021-02528**
FEPA Charge No.

CHARGE TRANSMITTAL

SUBJECT:

| **Brian Postrelko** | v. | **CHICAGO POLICE DEPARTMENT** |
|---|---|---|
| *Charging Party* | | *Respondent* |

Transmitted herewith is a charge of employment discrimination initially received by the:

☒ EEOC    ☐ _____ on **May 12, 2021**
*Name of FEPA*        *Date of Receipt*

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

☐ Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

☐ The worksharing agreement does not determine which agency is to initially investigate the charge.

☐ EEOC requests a waiver    ☐ FEPA waives

☐ No waiver requested    ☐ FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

| Typed Name and Title of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **Julianne Bowman, District Director** | *Julianne Bowman/zb* |

| **Brian Postrelko** | v. | **CHICAGO POLICE DEPARTMENT** |
|---|---|---|
| *Charging Party* | | *Respondent* |

**TO WHOM IT MAY CONCERN:**

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

| Typed Name and Title of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **James L. Bennett, Director** | *James L. Bennett/zb* |

TO: **Chicago District Office**
**230 S. Dearborn**
**Suite 1866**
**Chicago, IL 60604**

Date **May 24, 2021**
EEOC Charge No.
**440-2021-02528**
FEPA Charge No.

FILED
7/6/2021 12:42 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
13927423

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| BRIAN POSTRELKO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | No.: **2021L006834** |
| | ) | |
| CITY OF CHICAGO, a Municipal | ) | |
| Corporation, POLICE DEPARTMENT, | ) | |
| and officer CARRIE A. COONEY, | ) | |
| individually, and as an agent and | ) | |
| employee of the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, BRIAN POSTRELKO, by and through his attorneys, CUDA

LAW OFFICES, LTD., and complaining of the Defendants, CITY OF CHICAGO, a Municipal

Corporation, POLICE DEPARTMENT and officer CARRIE A. COONEY, individually and as an

agent and employee of the CITY OF CHICAGO, states as follows:

### COUNT I – VIOLATION OF HUMAN RIGHTS ACT
### BRIAN POSTRELKO vs CITY OF CHICAGO

1)      Defendant, CITY OF CHICAGO, a Municipal Corporation, (hereinafter "CITY

OF CHICAGO"), was and still is a duly organized and existing corporation in and about the City

of Chicago, County of Cook and State of Illinois.

2)      At all times relevant to this Complaint, Defendant, CARRIE A. COONEY,

individually, was a police officer and agent and employee of Defendant, CITY OF CHICAGO.

3)      On or about January 4, 2021, Plaintiff, BRIAN POSTRELKO, was offered a

position with the CITY OF CHICAGO, which was at their Headquarters and within the Awards

Department.

1


EXHIBIT
D

4)      Throughout the course of BRIAN POSTRELKO'S employment with the CITY OF CHICAGO between January 2021, and March 2021, the Defendant, CARRIE A. COONEY, as an agent and employee of Defendant, CITY OF CHICAGO, on several occasions, made inappropriate comments and advances towards BRIAN POSTRELKO.

5)      During these encounters Defendant CARRIE A. COONEY as agent and employee of Defendant, CITY OF CHICAGO:

     a.  Took an unconsented and inappropriate picture of BRIAN POSTRELKO's buttocks;

     b.  Pulled BRIAN POSTRELKO by his backpack without his consent;

     c.  Touched BRIAN POSTRELKO on his back and neck without his consent;

     d.  Grazed up against BRIAN POSTRELKO's buttocks and back without his consent;

     e.  Grabbed and fixed BRIAN POSTRELKO's shirt collar without his consent;

     f.  Violated social distancing protocols;

     g.  Made inappropriate and unwanted sexual comments towards BRIAN POSTRELKO;

     h.  Sexually harassed BRIAN POSTRELKO;

     i.  Retaliated against BRIAN POSTRELKO for denying her inappropriate and unwanted advances;

     j.  Sexually discriminated against BRIAN POSTRELKO on the basis of his sex.

6)      During the course of these encounters, Defendant CITY OF CHICAGO, knew or should have known about the inappropriate conduct directed at BRIAN POSTRELKO and failed to take appropriate action.

2

7)      On each occasion during which the Defendant CARRIE A. COONEY made the foregoing inappropriate and sexually related overtures, BRIAN POSTRELKO, informed the Defendant that he objected to the advances, behavior and comments.

8)      For purposes of this Complaint, CITY OF CHICAGO, was at all times herein Plaintiff's employer as contemplated by 775 ILCS 5/2-101(B)(1)(b).

9)      At all times relevant, Plaintiff was an employee of, CITY OF CHICAGO, as contemplated by 775 ILCS 5/2-101(A)(1).

10)     For purposes of this Complaint, Defendant, CARRIE A. COONEY,  was a managerial employee and agent of Defendant CITY OF CHICAGO, as contemplated by 775 ILCS 5/2-102(D) and at all times relevant to this Complaint had managerial and supervisory authority over BRIAN POSTRELKO in his capacity as an employee of Defendant, CITY OF CHICAGO.

11)     As a managerial and supervisory employee and agent of Defendant CITY OF CHICAGO, Defendant CARRIE A. COONEY engaged in the foregoing conduct set forth in Paragraphs 5.

12)     This action is brought pursuant to Article II of the Illinois Human Rights Act [775 ILCS 5/2-101 et seq.].

13)     The forgoing acts perpetrated against BRIAN POSTRELKO by the Defendant CARRIE A. COONEY constituted acts of sexual harassment, in violation of 775 ILCS 5/2-102(D).

14)     Within 180 days of the forgoing acts of sexual harassment, BRIAN POSTRELKO brought a Charge of Discrimination against the Defendant CITY OF CHICAGO, before the

3

Illinois Department of Human Rights (hereinafter "the Department"), as contemplated by 775 ILCS 5/7A-102. A copy of said Charge of Discrimination is attached hereto as Exhibit A.

15) BRIAN POSTRELKO received his Notice of Rights letter from the EEOC on May 24, 2021. A copy of said Notice of Rights letter is attached hereto as Exhibit B.

16) As a result of the foregoing acts of sexual harassment perpetrated against him by the Defendant CARRIE A. COONEY, who was at the time acting as an agent of Defendant, CITY OF CHICAGO, and having managerial authority over BRIAN POSTRELKO, Plaintiff suffered severe and permanent emotional distress and psychological suffering and has suffered economic losses, which are a direct and proximate result of the foregoing harassment.

17) The acts of the Defendants were so outrageous as to warrant imposition of punitive damages authorized by the Illinois Human Rights Act in order to deter other employers from similar acts.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CITY OF CHICAGO, for actual and punitive damages in an amount in excess of $50,000.00.

### COUNT II – BATTERY
### BRIAN POSTRELKO vs CITY OF CHICAGO

18-28) Plaintiff, BRIAN POSTRELKO, adopts and realleges each and every allegation of Paragraphs 1 through 11 of Count I above as and for Paragraphs 18-28 of Count II of his Complaint as though fully set forth herein.

29) Between January 2021, and March 2021, Defendant CARRIE A. COONEY, as agent and employee of Defendant, CITY OF CHICAGO, without the consent of BRIAN POSTRELKO, made offensive physical contact with Plaintiff, causing him apprehension for his personal safety.

4

30)     Contact with BRIAN POSTRELKO as set forth in Paragraph 5, constituted impermissible touching and battery perpetrated against BRIAN POSTRELKO.

31)     As a direct and proximate result of the acts of battery perpetrated against him by Defendant CARRIE A. COONEY, as agent and employee of Defendant CITY OF CHICAGO, BRIAN POSTRELKO has suffered humiliation, shame and emotional distress.

32)     The conduct of Defendant CARRIE A. COONEY, as agent and employee of Defendant CITY OF CHICAGO, is so outrageous as to warrant an award of punitive damages to deter others from similar conduct as authorized and contemplated by the Illinois Human Rights Act.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CARRIE A. COONEY, for actual and punitive damages in an amount in excess of $50,000.00.

### COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### BRIAN POSTRELKO vs CITY OF CHICAGO

33-43) Plaintiff, BRIAN POSTRELKO, adopts and realleges each and every allegation of Paragraphs 1 through 11 of Count I above as and for Paragraphs 33-43 of Count III of his Complaint as though fully set forth herein.

44)     The inappropriate sexual advances and impermissible touching of the Plaintiff as set forth in Paragraph 5 hereof were willful and deliberate and were of such a character that any reasonable person would know they would cause the Plaintiff, BRIAN POSTRELKO, to suffer emotional distress.

45)     That in so acting, the Defendant CARRIE A. COONEY, as agent and employee of Defendant, CITY OF CHICAGO, intentionally inflicted emotional distress upon BRIAN POSTRELKO.

5

46)     As a result of the conduct of the Defendant CARRIE A. COONEY, as agent and employee of Defendant CITY OF CHICAGO, as expressed in Paragraph 5 hereof, BRIAN POSTRELKO was caused to suffer severe and permanent emotional distress.

47)     The conduct of the Defendant CARRIE A. COONEY, as agent and employee of Defendant CITY OF CHICAGO, was so outrageous as to warrant an award of punitive damages to deter others from similar conduct as authorized and contemplated by the Illinois Human Rights Act.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CITY OF CHICAGO, for actual and punitive damages in an amount in excess of $50,000.00.

## COUNT IV – VIOLATION OF HUMAN RIGHTS ACT
## BRIAN POSTRELKO vs CARRIE A. COONEY, Individually

48)     At all times relevant to this Complaint, Defendant CARRIE A. COONEY, individually was a police officer and agent and employee of Defendant, CITY OF CHICAGO.

49)     On or about January 4, 2021, Plaintiff BRIAN POSTRELKO was offered a position with the CITY OF CHICAGO.

50)     Throughout the course of BRIAN POSTRELKO'S employment with the CITY OF CHICAGO between January 2021, and March 2021, the Defendant, CARRIE A. COONEY, as an agent and employee of Defendant, CITY OF CHICAGO, on several occasions, made inappropriate comments and advances towards BRIAN POSTRELKO.

51)     During these encounters Defendant CARRIE A. COONEY, individually:

   a. Took an unconsented and inappropriate picture of BRIAN POSTRELKO's buttocks;

   b. Pulled BRIAN POSTRELKO by his backpack without his consent;

6

FILED DATE: 1/10/2021 4:13 PM 2021L008834

c. Touched BRIAN POSTRELKO on his back and neck without his consent;

d. Grazed up against BRIAN POSTRELKO's buttocks and back without his consent;

e. Grabbed and fixed BRIAN POSTRELKO's shirt collar without his consent;

f. Violated social distancing protocols;

g. Made inappropriate and unwanted sexual comments towards BRIAN POSTRELKO;

h. Sexually harassed BRIAN POSTRELKO;

i. Retaliated against BRIAN POSTRELKO for denying her inappropriate and unwanted advances; and

j. Sexually discriminated against BRIAN POSTRELKO on the basis of his sex.

52)    On each occasion during which the Defendant CARRIE A. COONEY made the foregoing inappropriate and sexually related overtures, BRIAN POSTRELKO informed the Defendant that he objected to the advances, behavior and comments.

53)    For purposes of this Complaint, CITY OF CHICAGO, was at all times herein Plaintiff's employer as contemplated by 775 ILCS 5/2-101(B)(1)(b).

54)    At all times relevant, Plaintiff was an employee of, CITY OF CHICAGO, as contemplated by 775 ILCS 5/2-101(A)(1).

55)    For purposes of this Complaint, Defendant, CARRIE A. COONEY, was a managerial employee and agent of Defendant CITY OF CHICAGO, as contemplated by 775 ILCS 5/2-102(D) and at all times relevant to this Complaint had managerial and supervisory authority over BRIAN POSTRELKO in his capacity as an employee of Defendant, CITY OF CHICAGO.

7

FILED DATE: 7/6/2021 11:48 AM 2021CH03634

56)     As a managerial and supervisory employee and agent of Defendant CITY OF CHICAGO, Defendant CARRIE A. COONEY engaged in the foregoing conduct set forth in Paragraph 5.

57)     This action is brought pursuant to Article II of the Illinois Human Rights Act [775 ILCS 5/2-101 et seq.].

58)     The forgoing acts perpetrated against BRIAN POSTRELKO by the Defendant CARRIE A. COONEY constituted acts of sexual harassment, in violation of 775 ILCS 5/2-102(D).

59)     Within 180 days of the forgoing acts of sexual harassment, BRIAN POSTRELKO brought a Charge of Discrimination against the Defendant CITY OF CHICAGO, before the Illinois Department of Human Rights (hereinafter "the Department"), as contemplated by 775 ILCS 5/7A-102.  A copy of said Charge of Discrimination is attached hereto as Exhibit A.

60)     BRIAN POSTRELKO received his Notice of Rights letter from the EEOC on May 24, 2021.  A copy of said Notice of Rights letter is attached hereto as Exhibit B.

61)     As a result of the foregoing acts of sexual harassment perpetrated against him by the Defendant CARRIE A. COONEY, individually, who at that time had managerial authority over BRIAN POSTRELKO, Plaintiff suffered severe and permanent emotional distress and psychological suffering and has suffered economic losses, which are a direct and proximate result of the foregoing harassment.

62)     The acts of the Defendants were so outrageous as to warrant imposition of punitive damages authorized by the Illinois Human Rights Act in order to deter other employers from similar acts.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the

Plaintiff and against the Defendant, CARRIE A. COONEY, individually, for actual and punitive damages in an amount in excess of $50,000.00.

## COUNT V – BATTERY
### BRIAN POSTRELKO vs CARRIE A. COONEY, Individually

63-71) Plaintiff, BRIAN POSTRELKO, adopts and realleges each and every allegation of Paragraphs 48 through 56 of Count IV above as and for Paragraphs 63-71 of Count V of his Complaint as though fully set forth herein.

72)     Between January 2021, and March 2021, Defendant CARRIE A. COONEY, individually, without the consent of BRIAN POSTRELKO, made offensive physical contact with Plaintiff, causing him apprehension for his personal safety.

73)     Contact with BRIAN POSTRELKO as set forth in Paragraph 5, constituted impermissible touching and battery perpetrated against BRIAN POSTRELKO.

74)     As a direct and proximate result of the acts of battery perpetrated against him by Defendant CARRIE A. COONEY, individually, Plaintiff BRIAN POSTRELKO has suffered humiliation, shame and emotional distress.

75)     The conduct of Defendant CARRIE A. COONEY, individually, is so outrageous as to warrant an award of punitive damages to deter others from similar conduct as authorized and contemplated by the Illinois Human Rights Act.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CARRIE A. COONEY, individually, for actual and punitive damages in an amount in excess of $50,000.00.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### BRIAN POSTRELKO vs CARRIE A. COONEY, Individually

76-84) Plaintiff, BRIAN POSTRELKO, adopts and realleges each and every allegation of Paragraphs 48 through 56 of Count IV above as and for Paragraphs 76-84 of Count VI of his Complaint as though fully set forth herein.

85)    The inappropriate sexual advances and impermissible touching of the Plaintiff as set forth in Paragraph 5 hereof were willful and deliberate and were of such a character that any reasonable person would know they would cause the Plaintiff, BRIAN POSTRELKO, to suffer emotional distress.

86)    That in so acting, the Defendant CARRIE A. COONEY, individually, intentionally inflicted emotional distress upon BRIAN POSTRELKO.

87)    As a result of the conduct of the Defendant CARRIE A. COONEY, individually, as expressed in Paragraph 5 hereof, Plaintiff BRIAN POSTRELKO was caused to suffer severe and permanent emotional distress.

88)    The conduct of the Defendant CARRIE A. COONEY, individually, was so outrageous as to warrant an award of punitive damages to deter others from similar conduct as authorized and contemplated by the Illinois Human Rights Act.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CARRIE A. COONEY, individually, for actual and punitive damages in an amount in excess of $50,000.00.

Respectfully submitted

By:    _Anthony Cuda_
         Attorney for Plaintiff

Attorney No: 27099
CUDA LAW OFFICES, LTD.
6525 W. North Avenue, Suite 204
Oak Park, Illinois 60302
708-383-4900

210524.012

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 440-2021-02528 |

FILED
6/9/2021 4:42 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006834
13927424

**ILLINOIS DEPARTMENT OF HUMAN RIGHTS** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **MR. BRIAN POSTRELKO** | **(773) 972-7009** | **1977** |

Street Address                    City, State and ZIP Code
**7061 NORTH KEDZIE AVENUE, STE 1713, CHICAGO, IL 60645**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **CHICAGO POLICE DEPARTMENT** | **501+** | **(312) 746-6000** |

Street Address                    City, State and ZIP Code
**3510 SOUTH MICHIGAN AVENUE, CHICAGO, IL 60653**

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address                    City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **01-29-2021**   Latest: **04-06-2021**
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with Respondent on or about October 31, 2005. My current position is Police Officer. During my employment, I have been subjected to sexual harassment. I was also subjected to different terms and conditions of employment, including but not limited to, harsher work assignments. I complained to Respondent.

I believe I have been discriminated against because of my sex, male, and in retaliation for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

DEPT. OF HUMAN RIGHTS
INTAKE DIVISION

May 24, 2021
**RECEIVED**

BY: _____

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Brian Postrelko on 05-12-2021 02:00 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

**EXHIBIT**
**A**

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Brian Postrelko<br>7061 North Kedzie Avenue<br>STE 1713<br>Chicago, IL 60645 | From: | Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2021-02528 | Katarzyna Hammond, Investigator | (312) 872-9703 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/eh*                5/24/2021

Enclosures(s)

**Julianne Bowman,
District Director**                (Date Issued)

cc:    **CITY OF CHICAGO LAW DEPARTMENT LABOR DIVISION
Eileen Geary, Esq.
Chief Assistant Corporation Counsel
2 North LaSalle Street, Suite 660
Chicago, IL 60602**



EXHIBIT
B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

FILED
11/5/2021 4:42 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006834

BRIAN POSTRELKO                     )
                                    )
            Plaintiff,              )
                                    )
Vs.                                 )        No.: 21 L 6834
                                    )
CITY OF CHICAGO, a Municipal        )
Corporation, POLICE DEPARTMENT,     )
and officer CARRIE A. COONEY,       )
individually, and as an agent and   )
employee of the CITY OF CHICAGO,    )
                                    )
            Defendants.             )

## <u>NOTICE OF FILING</u>

To:     Mr. Scott Crouch, Ms. Jessica Durkin
        2 N. LaSalle, Suite 640
        Chicago, Illinois 60602
        Scott.crouch@cityofchicago.org; Jessica.durkin@cityofchicago.org

        Please take Notice on the **5th** day of **November, 2021** we filed with the Clerk of the Circuit Court of Cook County, Illinois, certain documents, copies of which are attached hereto, to wit:

        ***PLAINTIFF'S RESPONSE TO DEFENDANT, CITY OF CHICAGO'S, MOTION TO DISMISS PURSUANT TO 735 ILCS 5/2-619.1**

        I, Anthony Cuda, the attorney, certify that I served this Notice and copies of the foregoing documents to all counsel of record by email to the addresses listed above, on the **5th day of November, 2021**.

                                        *Anthony Cuda*


Attorney No.: 27099
CUDA LAW OFFICES, LTD.
Attorney for Plaintiff
6525 West North Avenue, Suite 204
Oak Park, Illinois 60302
708-383-4900
acuda@cudalaw.com

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| BRIAN POSTRELKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2021 L 006834 |
| | ) | |
| CITY OF CHICAGO, a Municipal | ) | Commercial Calendar T |
| Corporation, POLICE DEPARTMENT, | ) | |
| and officer CARRIE A. COONEY, | ) | Hon. Daniel J. Kubasiak |
| individually, and as an agent and | ) | |
| employee of the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED ORDER

**This matter coming to be heard on Defendants' Agreed Motion to Strike the Briefing Schedule and Permit Plaintiff to File an Amended Complaint, it is hereby ordered:**

1. The briefing schedule entered on October 13, 2021 is hereby stricken.

2. The November 29, 2021, 8:45 a.m. clerk status date is hereby stricken.

3. Plaintiff's request to file an amended complaint is granted.

4. Plaintiff shall have until December 15, 2021, to file an Amended Complaint.

5. Defendants shall have 30 days thereafter, until January 14, 2022, to respond to the Amended Complaint.

6. Defendant Cooney and Defendant City of Chicago's Motions to Dismiss are withdrawn without prejudice as moot.

7. This matter is set for status *via* Zoom remote conferencing on January 31, 2022 at 9:30 a.m. Zoom ID: 913 6588 1682; Zoom Password: 894316; Zoom Conference Call # 1-312-626-6799.

**So ordered.**

> **ENTERED**
> Judge Daniel J. Kubasiak-2072
> **NOV 16 2021**
> IRIS Y. MARTINEZ
> CLERK OF THE CIRCUIT COURT
> OF COOK COUNTY, IL

_____
Honorable Daniel J. Kubasiak

**EXHIBIT H**

Prepared by:

Attorney No. 90909
Scott Crouch
Assistant Corporation Counsel
City of Chicago Department of Law, Employment Litigation Division
2 N. LaSalle Street, Suite 640, Chicago, IL 60602
312-744-8369 | Scott.crouch@cityofChicago.org
Counsel for Defendant City of Chicago

FILED
12/15/2021 12:59 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006834
Calendar, T
15966838

FILED DATE: 12/15/2021 12:59 PM   2021L006834

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| BRIAN POSTRELKO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | No.: 2021L006834 |
| | ) | |
| CITY OF CHICAGO, a Municipal | ) | |
| Corporation, POLICE DEPARTMENT, | ) | |
| and officer CARRIE A. COONEY, | ) | |
| individually, and as an agent and | ) | |
| employee of the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, BRIAN POSTRELKO, by and through his attorneys, CUDA LAW OFFICES, LTD., and complaining of the Defendants, CITY OF CHICAGO, a Municipal Corporation, POLICE DEPARTMENT and officer CARRIE A. COONEY, individually and as an agent and employee of the CITY OF CHICAGO, states as follows:

### COUNT I – VIOLATION OF HUMAN RIGHTS ACT
### BRIAN POSTRELKO vs CITY OF CHICAGO

1) Defendant, CITY OF CHICAGO, a Municipal Corporation, (hereinafter "CITY OF CHICAGO"), was and still is a duly organized and existing corporation in and about the City of Chicago, County of Cook and State of Illinois.

2) At all times relevant to this Complaint, Defendant, CARRIE A. COONEY, individually, was a police officer and agent and employee of Defendant, CITY OF CHICAGO.

3) On or about January 4, 2021, Plaintiff, BRIAN POSTRELKO, was offered a position with the CITY OF CHICAGO, which was at their Headquarters and within the Awards Department.

1

**EXHIBIT I**

FILED DATE: 12/15/2021 12:59 PM   2021L006834

4)       Throughout the course of BRIAN POSTRELKO'S employment with the CITY OF CHICAGO between January 2021, and March 2021, the Defendant, CARRIE A. COONEY, as an agent and employee of Defendant, CITY OF CHICAGO, on several occasions, made inappropriate comments and advances towards BRIAN POSTRELKO.

5)       During these encounters Defendant CARRIE A. COONEY as agent and employee of Defendant, CITY OF CHICAGO:

    a. Took an unconsented and inappropriate picture of BRIAN POSTRELKO's buttocks;

    b. Pulled BRIAN POSTRELKO by his backpack without his consent;

    c. Touched BRIAN POSTRELKO on his back and neck without his consent;

    d. Grazed up against BRIAN POSTRELKO's buttocks and back without his consent;

    e. Grabbed and fixed BRIAN POSTRELKO's shirt collar without his consent;

    f. Violated social distancing protocols;

    g. Made inappropriate and unwanted sexual comments towards BRIAN POSTRELKO;

    h. Sexually harassed BRIAN POSTRELKO;

    i. Retaliated against BRIAN POSTRELKO for denying her inappropriate and unwanted advances;

    j. Sexually discriminated against BRIAN POSTRELKO on the basis of his sex.

6)       During the course of these encounters, Defendant CITY OF CHICAGO, knew or should have known about the inappropriate conduct directed at BRIAN POSTRELKO and failed to take appropriate action.

FILED DATE: 12/15/2021 12:59 PM   2021L006834

7)      On each occasion during which the Defendant CARRIE A. COONEY made the foregoing inappropriate and sexually related overtures, BRIAN POSTRELKO, informed the Defendant that he objected to the advances, behavior and comments.

8)      CITY OF CHICAGO, was at all times herein Plaintiff's employer as contemplated by 775 ILCS 5/2-101(B)(1)(b).

9)      At all times relevant, Plaintiff was an employee of, CITY OF CHICAGO, as contemplated by 775 ILCS 5/2-101(A)(1).

10)     For purposes of this Complaint, Defendant, CARRIE A. COONEY,  was a managerial employee and agent of Defendant CITY OF CHICAGO, as contemplated by 775 ILCS 5/2-102(D) and at all times relevant to this Complaint had managerial and supervisory authority over BRIAN POSTRELKO in his capacity as an employee of Defendant, CITY OF CHICAGO.

11)     As a managerial and supervisory employee and agent of Defendant CITY OF CHICAGO, Defendant CARRIE A. COONEY engaged in the foregoing conduct set forth in Paragraphs 5.

12)     This action is brought pursuant to Article II of the Illinois Human Rights Act [775 ILCS 5/2-101 et seq.].

13)     The forgoing acts perpetrated against BRIAN POSTRELKO by the Defendant CARRIE A. COONEY constituted acts of sexual harassment, in violation of 775 ILCS 5/2-102(D).

14)     Within 180 days of the forgoing acts of sexual harassment, BRIAN POSTRELKO brought a Charge of Discrimination against the Defendant CITY OF CHICAGO, before the

3

FILED DATE: 12/15/2021 12:59 PM    2021L006834

Illinois Department of Human Rights (hereinafter "the Department"), as contemplated by 775 ILCS 5/7A-102. A copy of said Charge of Discrimination is attached hereto as Exhibit A.

15)    BRIAN POSTRELKO received his Notice of Rights letter from the EEOC on May 24, 2021. A copy of said Notice of Rights letter is attached hereto as Exhibit B.

16)    As a result of the foregoing acts of sexual harassment perpetrated against him by the Defendant CARRIE A. COONEY, who was at the time acting as an agent of Defendant, CITY OF CHICAGO, and having managerial authority over BRIAN POSTRELKO, Plaintiff suffered severe and permanent emotional distress and psychological suffering and has suffered economic losses, which are a direct and proximate result of the foregoing harassment.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CITY OF CHICAGO, for actual damages in an amount in excess of $50,000.00.

## COUNT II – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as amended
### BRIAN POSTRELKO vs CITY OF CHICAGO

17)    Defendant, CITY OF CHICAGO, a Municipal Corporation, (hereinafter "CITY OF CHICAGO"), was and still is a duly organized and existing corporation in and about the City of Chicago, County of Cook and State of Illinois.

18)    At all times relevant to this Complaint, Defendant, CARRIE A. COONEY, individually, was a police officer and agent and employee of Defendant, CITY OF CHICAGO.

19)    On or about January 4, 2021, Plaintiff, BRIAN POSTRELKO, was offered a position with the CITY OF CHICAGO, which was at their Headquarters and within the Awards Department.

FILED DATE: 12/15/2021 12:59 PM   2021L006834

20)     Throughout the course of BRIAN POSTRELKO'S employment with the CITY OF CHICAGO between January 2021, and March 2021, the Defendant, CARRIE A. COONEY, as an agent and employee of Defendant, CITY OF CHICAGO, on several occasions, made inappropriate comments and advances towards BRIAN POSTRELKO.

21)     During these encounters Defendant CARRIE A. COONEY as agent and employee of Defendant, CITY OF CHICAGO:

    a.  Took an unconsented and inappropriate picture of BRIAN POSTRELKO's buttocks;

    b.  Pulled BRIAN POSTRELKO by his backpack without his consent;

    c.  Touched BRIAN POSTRELKO on his back and neck without his consent;

    d.  Grazed up against BRIAN POSTRELKO's buttocks and back without his consent;

    e.  Grabbed and fixed BRIAN POSTRELKO's shirt collar without his consent;

    f.  Violated social distancing protocols;

    g.  Made inappropriate and unwanted sexual comments towards BRIAN POSTRELKO;

    h.  Sexually harassed BRIAN POSTRELKO;

    i.  Retaliated against BRIAN POSTRELKO for denying her inappropriate and unwanted advances;

    j.  Sexually discriminated against BRIAN POSTRELKO on the basis of his sex.

22)     During the course of these encounters, Defendant CITY OF CHICAGO, knew or should have known about the inappropriate conduct directed at BRIAN POSTRELKO and failed to take appropriate action.

FILED DATE: 12/15/2021 12:59 PM    2021L006834

23)     On each occasion during which the Defendant CARRIE A. COONEY made the foregoing inappropriate and sexually related overtures, BRIAN POSTRELKO, informed the Defendant that he objected to the advances, behavior and comments.

24)     CITY OF CHICAGO, was at all times herein Plaintiff's employer as contemplated by 42 USC § 2000e(b).

25)     At all times relevant, Plaintiff was an employee of, CITY OF CHICAGO, as contemplated by 42 USC § 2000e(f).

26)     Defendant, CARRIE A. COONEY, was a managerial employee and agent of Defendant CITY OF CHICAGO, and at all times relevant to this Complaint had managerial and supervisory authority over BRIAN POSTRELKO in his capacity as an employee of Defendant, CITY OF CHICAGO.

27)     As a managerial and supervisory employee and agent of Defendant CITY OF CHICAGO, Defendant CARRIE A. COONEY engaged in the foregoing conduct set forth in Paragraphs 5.

28)     Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer, "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

FILED DATE: 12/15/2021 12:59 PM    2021L006834

29)     The forgoing acts perpetrated against BRIAN POSTRELKO by the Defendant CARRIE A. COONEY constituted acts of sexual discrimination, in violation of 42 U.S.C. § 2000e et seq.

30)     Within 180 days of the forgoing acts of sexual harassment, BRIAN POSTRELKO brought a Charge of Discrimination against the Defendant CITY OF CHICAGO, before the EEOC and Illinois Department of Human Rights (hereinafter "the Department"), a copy of said Charge of Discrimination is attached hereto as Exhibit A.

31)     BRIAN POSTRELKO received his Notice of Rights letter from the EEOC on May 24, 2021.  A copy of said Notice of Rights letter is attached hereto as Exhibit B.

32)     As a result of the foregoing acts of sexual harassment perpetrated against him by the Defendant CARRIE A. COONEY, who was at the time acting as an agent of Defendant, CITY OF CHICAGO, and having managerial authority over BRIAN POSTRELKO, Plaintiff suffered severe and permanent emotional distress and psychological suffering and has suffered economic losses, which are a direct and proximate result of the foregoing harassment.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CITY OF CHICAGO, for actual damages in an amount in excess of $50,000.00.

## COUNT III – BATTERY
## BRIAN POSTRELKO vs CITY OF CHICAGO

33-43) Plaintiff, BRIAN POSTRELKO, adopts and realleges each and every allegation of Paragraphs 1 through 11 of Count I above as and for Paragraphs 33-43 of Count III of his Complaint as though fully set forth herein.

44)     Between January 2021, and March 2021, Defendant CARRIE A. COONEY, as agent and employee of Defendant, CITY OF CHICAGO, without the consent of BRIAN

FILED DATE: 12/15/2021 12:59 PM   2021L006834

POSTRELKO, made offensive physical contact with Plaintiff, causing him apprehension for his personal safety.

45) Contact with BRIAN POSTRELKO as set forth in Paragraph 5, constituted impermissible touching and battery perpetrated against BRIAN POSTRELKO.

46) As a direct and proximate result of the acts of battery perpetrated against him by Defendant CARRIE A. COONEY, as agent and employee of Defendant CITY OF CHICAGO, BRIAN POSTRELKO has suffered humiliation, shame and emotional distress.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CARRIE A. COONEY, for actual damages in an amount in excess of $50,000.00.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## BRIAN POSTRELKO vs CITY OF CHICAGO

47-57) Plaintiff, BRIAN POSTRELKO, adopts and realleges each and every allegation of Paragraphs 1 through 11 of Count I above as and for Paragraphs 47-57 of Count IV of his Complaint as though fully set forth herein.

58) The inappropriate sexual advances and impermissible touching of the Plaintiff as set forth in Paragraph 5 hereof were willful and deliberate and were of such a character that any reasonable person would know they would cause the Plaintiff, BRIAN POSTRELKO, to suffer emotional distress.

59) That in so acting, the Defendant CARRIE A. COONEY, as agent and employee of Defendant, CITY OF CHICAGO, intentionally inflicted emotional distress upon BRIAN POSTRELKO.

FILED DATE: 12/15/2021 12:59 PM   2021L006834

60)     As a result of the conduct of the Defendant CARRIE A. COONEY, as agent and employee of Defendant CITY OF CHICAGO, as expressed in Paragraph 5 hereof, BRIAN POSTRELKO was caused to suffer severe and permanent emotional distress.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CITY OF CHICAGO, for actual damages in an amount in excess of $50,000.00.

## COUNT V – VIOLATION OF HUMAN RIGHTS ACT
## BRIAN POSTRELKO vs CARRIE A. COONEY, Individually

61)     At all times relevant to this Complaint, Defendant CARRIE A. COONEY, individually was a police officer and agent and employee of Defendant, CITY OF CHICAGO.

62)     On or about January 4, 2021, Plaintiff BRIAN POSTRELKO was offered a position with the CITY OF CHICAGO.

63)     Throughout the course of BRIAN POSTRELKO'S employment with the CITY OF CHICAGO between January 2021, and March 2021, the Defendant, CARRIE A. COONEY, as an agent and employee of Defendant, CITY OF CHICAGO, on several occasions, made inappropriate comments and advances towards BRIAN POSTRELKO.

64)     During these encounters Defendant CARRIE A. COONEY, individually:

a. Took an unconsented and inappropriate picture of BRIAN POSTRELKO's buttocks;

b. Pulled BRIAN POSTRELKO by his backpack without his consent;

c. Touched BRIAN POSTRELKO on his back and neck without his consent;

d. Grazed up against BRIAN POSTRELKO's buttocks and back without his consent;

e. Grabbed and fixed BRIAN POSTRELKO's shirt collar without his consent;

f. Violated social distancing protocols;

FILED DATE: 12/15/2021 12:59 PM    2021L006834

g.  Made inappropriate and unwanted sexual comments towards BRIAN POSTRELKO;

h.  Sexually harassed BRIAN POSTRELKO;

i.  Retaliated against BRIAN POSTRELKO for denying her inappropriate and unwanted advances; and

j.  Sexually discriminated against BRIAN POSTRELKO on the basis of his sex.

65)  On each occasion during which the Defendant CARRIE A. COONEY made the foregoing inappropriate and sexually related overtures, BRIAN POSTRELKO informed the Defendant that he objected to the advances, behavior and comments.

66)  For purposes of this Complaint, CITY OF CHICAGO, was at all times herein Plaintiff's employer as contemplated by 775 ILCS 5/2-101(B)(1)(b).

67)  At all times relevant, Plaintiff was an employee of, CITY OF CHICAGO, as contemplated by 775 ILCS 5/2-101(A)(1).

68)  For purposes of this Complaint, Defendant, CARRIE A. COONEY,  was a managerial employee and agent of Defendant CITY OF CHICAGO, as contemplated by 775 ILCS 5/2-102(D) and at all times relevant to this Complaint had managerial and supervisory authority over BRIAN POSTRELKO in his capacity as an employee of Defendant, CITY OF CHICAGO.

69)  As a managerial and supervisory employee and agent of Defendant CITY OF CHICAGO, Defendant CARRIE A. COONEY engaged in the foregoing conduct set forth in Paragraph 5.

70)  This action is brought pursuant to Article II of the Illinois Human Rights Act [775 ILCS 5/2-101 et seq.].

FILED DATE: 12/15/2021 12:59 PM    2021L006834

71)     The forgoing acts perpetrated against BRIAN POSTRELKO by the Defendant CARRIE A. COONEY constituted acts of sexual harassment, in violation of 775 ILCS 5/2-102(D).

72)     Within 180 days of the forgoing acts of sexual harassment, BRIAN POSTRELKO brought a Charge of Discrimination against the Defendant CITY OF CHICAGO, before the Illinois Department of Human Rights (hereinafter "the Department"), as contemplated by 775 ILCS 5/7A-102.  A copy of said Charge of Discrimination is attached hereto as Exhibit A.

73)     BRIAN POSTRELKO received his Notice of Rights letter from the EEOC on May 24, 2021.  A copy of said Notice of Rights letter is attached hereto as Exhibit B.

74)     As a result of the foregoing acts of sexual harassment perpetrated against him by the Defendant CARRIE A. COONEY, individually, who at that time had managerial authority over BRIAN POSTRELKO, Plaintiff suffered severe and permanent emotional distress and psychological suffering and has suffered economic losses, which are a direct and proximate result of the foregoing harassment.

75)     The acts of the Defendants were so outrageous as to warrant imposition of punitive damages authorized by the Illinois Human Rights Act in order to deter other employers from similar acts.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CARRIE A. COONEY, individually, for actual and punitive damages in an amount in excess of $50,000.00.

FILED DATE: 12/15/2021 12:59 PM    2021L006834

## COUNT VI – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as amended
### BRIAN POSTRELKO vs CARRIE A. COONEY, Individually

76) At all times relevant to this Complaint, Defendant CARRIE A. COONEY, individually was a police officer and agent and employee of Defendant, CITY OF CHICAGO.

77) On or about January 4, 2021, Plaintiff BRIAN POSTRELKO was offered a position with the CITY OF CHICAGO.

78) Throughout the course of BRIAN POSTRELKO'S employment with the CITY OF CHICAGO between January 2021, and March 2021, the Defendant, CARRIE A. COONEY, as an agent and employee of Defendant, CITY OF CHICAGO, on several occasions, made inappropriate comments and advances towards BRIAN POSTRELKO.

79) During these encounters Defendant CARRIE A. COONEY, individually:

a. Took an unconsented and inappropriate picture of BRIAN POSTRELKO's buttocks;

b. Pulled BRIAN POSTRELKO by his backpack without his consent;

c. Touched BRIAN POSTRELKO on his back and neck without his consent;

d. Grazed up against BRIAN POSTRELKO's buttocks and back without his consent;

e. Grabbed and fixed BRIAN POSTRELKO's shirt collar without his consent;

f. Violated social distancing protocols;

g. Made inappropriate and unwanted sexual comments towards BRIAN POSTRELKO;

h. Sexually harassed BRIAN POSTRELKO;

i. Retaliated against BRIAN POSTRELKO for denying her inappropriate and unwanted advances; and

FILED DATE: 12/15/2021 12:59 PM    2021L006834

    j.   Sexually discriminated against BRIAN POSTRELKO on the basis of his sex.

80) On each occasion during which the Defendant CARRIE A. COONEY made the foregoing inappropriate and sexually related overtures, BRIAN POSTRELKO informed the Defendant that he objected to the advances, behavior and comments.

81) CITY OF CHICAGO, was at all times herein Plaintiff's employer as contemplated by 42 USC § 2000e(b).

82) At all times relevant, Plaintiff was an employee of, CITY OF CHICAGO, as contemplated by 42 USC § 2000e(f).

83) For purposes of this Complaint, Defendant, CARRIE A. COONEY,  was a managerial employee and agent of Defendant CITY OF CHICAGO, and at all times relevant to this Complaint had managerial and supervisory authority over BRIAN POSTRELKO in his capacity as an employee of Defendant, CITY OF CHICAGO.

84) As a managerial and supervisory employee and agent of Defendant CITY OF CHICAGO, Defendant CARRIE A. COONEY engaged in the foregoing conduct set forth in Paragraph 5.

85) Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer, "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

13

FILED DATE: 12/15/2021 12:59 PM    2021L006834

86) The forgoing acts perpetrated against BRIAN POSTRELKO by the Defendant CARRIE A. COONEY constituted acts of sexual discrimination, in violation of 42 U.S.C. § 2000e et seq.

87) Within 180 days of the forgoing acts of sexual harassment, BRIAN POSTRELKO brought a Charge of Discrimination against the Defendant CITY OF CHICAGO, before the EEOC and Illinois Department of Human Rights (hereinafter "the Department"), a copy of said Charge of Discrimination is attached hereto as Exhibit A.

88) BRIAN POSTRELKO received his Notice of Rights letter from the EEOC on May 24, 2021. A copy of said Notice of Rights letter is attached hereto as Exhibit B.

89) As a result of the foregoing acts of sexual harassment perpetrated against him by the Defendant CARRIE A. COONEY, individually, who at that time had managerial authority over BRIAN POSTRELKO, Plaintiff suffered severe and permanent emotional distress and psychological suffering and has suffered economic losses, which are a direct and proximate result of the foregoing harassment.

90) The acts of the Defendants were so outrageous as to warrant imposition of punitive damages authorized by Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et seq.) in order to deter other employers from similar acts.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CARRIE A. COONEY, individually, for actual and punitive damages in an amount in excess of $50,000.00.

FILED DATE: 12/15/2021 12:59 PM    2021L006834

## COUNT VII – BATTERY
### BRIAN POSTRELKO vs CARRIE A. COONEY, Individually

91-96)  Plaintiff, BRIAN POSTRELKO, adopts and realleges each and every allegation of Paragraphs 60 through 65 of Count V above as and for Paragraphs 91-96 of Count VII of his Complaint as though fully set forth herein.

97)  Between January 2021, and March 2021, Defendant CARRIE A. COONEY, individually, without the consent of BRIAN POSTRELKO, made offensive physical contact with Plaintiff, causing him apprehension for his personal safety.

98)  Contact with BRIAN POSTRELKO as set forth in Paragraph 5, constituted impermissible touching and battery perpetrated against BRIAN POSTRELKO.

99)  As a direct and proximate result of the acts of battery perpetrated against him by Defendant CARRIE A. COONEY, individually, Plaintiff BRIAN POSTRELKO has suffered humiliation, shame and emotional distress.

100)  The acts of the Defendants were so outrageous as to warrant imposition of punitive damages authorized by Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et seq.) in order to deter other employers from similar acts.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CARRIE A. COONEY, individually, for actual and punitive damages in an amount in excess of $50,000.00.

## COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### BRIAN POSTRELKO vs CARRIE A. COONEY, Individually

101-106)  Plaintiff, BRIAN POSTRELKO, adopts and realleges each and every allegation of Paragraphs 60 through 65 of Count V above as and for Paragraphs 101-106 of Count VIII of his Complaint as though fully set forth herein.

FILED DATE: 12/15/2021 12:59 PM 2021L006834

107) The inappropriate sexual advances and impermissible touching of the Plaintiff as set forth in Paragraph 5 hereof were willful and deliberate and were of such a character that any reasonable person would know they would cause the Plaintiff, BRIAN POSTRELKO, to suffer emotional distress.

108) That in so acting, the Defendant CARRIE A. COONEY, individually, intentionally inflicted emotional distress upon BRIAN POSTRELKO.

109) As a result of the conduct of the Defendant CARRIE A. COONEY, individually, as expressed in Paragraph 5 hereof, Plaintiff BRIAN POSTRELKO was caused to suffer severe and permanent emotional distress.

110) The acts of the Defendants were so outrageous as to warrant imposition of punitive damages authorized by Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et seq.) in order to deter other employers from similar acts.

WHEREFORE, Plaintiff, BRIAN POSTRELKO, respectfully prays for judgment for the Plaintiff and against the Defendant, CARRIE A. COONEY, individually, for actual and punitive damages in an amount in excess of $50,000.00.

Respectfully submitted

By:    *Anthony Cuda*
       Attorney for Plaintiff

Attorney No: 27099
CUDA LAW OFFICES, LTD.
6525 W. North Avenue, Suite 204
Oak Park, Illinois 60302
708-383-4900
acuda@cudalaw.com

16