United States District Court
Northern District of Illinois-Eastern Division

| | | |
|---|---|---|
| BRIAN POSTRELKO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22 CV 00173 |
| | ) | |
| CITY OF CHICAGO, a Municipal | ) | Honorable Steven C. Seeger |
| Corporation, POLICE DEPARTMENT, | ) | |
| and officer CARRIE A. COONEY, | ) | Magistrate Judge Susan Cox |
| individually, and as an agent and | ) | |
| employee of the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>DEFENDANT COONEY'S PARTIAL MOTION TO DISMISS PURSUANT TO 12(b)(6)</u>**

Defendant, Carrie A. Cooney, through her attorney, CELIA MEZA, Corporation Counsel for the City of Chicago, moves to dismiss Counts V, VI and VIII of Plaintiff's Amended Complaint pursuant to Federal Rule 12(b)(6). Defendant states the following in support of her motion.

### I. Introduction

Sgt. Carrie A. Cooney was a sergeant in the Awards Section of the Chicago Police Department ("CPD") that Plaintiff was detailed to as a police officer for approximately three months in early 2021. Amended Complaint ("Am. Comp.") (attached as "Exhibit 1" or "Ex. 1"), at ¶¶ 2-4. Plaintiff has brought an eight count complaint against the City of Chicago (the "City") and Sgt. Cooney. In the complaint, he alleges Sgt. Cooney sexually harassed him in violation of the Illinois Human Rights Act, 775 ILCS 5/2-102(D) ("IHRA") (<u>Counts I & V</u>) and in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e (<u>Counts II & VI</u>). Plaintiff further alleges Sgt. Cooney engaged in unwanted touching of him that constituted battery (<u>Counts III & VII</u>) and engaged in "sexual advances" and "impermissible touching" that constituted an intentional infliction of emotional distress ("IIED") (<u>Counts IV & VIII</u>).

1

The Court should dismiss Plaintiff's IHRA claim (Count V) for failure to exhaust. Individuals, such as Defendant Cooney, cannot be properly sued under Title VII, so the Court should also dismiss Count VI. Additionally, Plaintiff's IIED claim is pre-empted by his IHRA claim, and he also fails to state a claim for IIED because the conducted described is not "extreme and outrageous" nor "severe". Therefore, the Court should also dismiss Count VIII.

## II.     Background

Plaintiff is a Police Officer with CPD. Ex. 1 at ¶ 3. Plaintiff alleges that between January and March 2021, his then-supervisor, Defendant Sgt. Carrie Cooney, sexually harassed him. Plaintiff alleges Sgt. Cooney's purported harassment took the following forms:

- Inappropriate unwanted sexual comments and advances towards Plaintiff, (Ex. 1) at ¶¶4, 5);
- Taking a picture of Plaintiff's buttocks without consent, (*id.* at ¶5);
- Pulling Plaintiff by his backpack without consent, (*id.*);
- Touching Plaintiff's back and neck without his consent, (*id.*);
- "Graz[ing] up against [Plaintiff's] buttocks and back without his consent," (*id.*);
- Grabbing and fixing Plaintiff's shirt collar without his consent, (*id.*);
- Violating social distancing protocols, (*id.*).

Plaintiff also alleges Defendant Cooney "sexually discriminated" against him but fails to allege how. (*Id.*)

In Count V of the Complaint, Plaintiff alleges Cooney, violated the IHRA's prohibition on sexual harassment. (*Id.* at ¶ 58). In Count VI of the Amended Complaint, Plaintiff alleges that Cooney violated Title VII's prohibition of sex discrimination and harassment (*Id.* at ¶¶ 86-87). In Count VII, Plaintiff alleges that the purported unwanted touching outlined in paragraph 5 of the Amended Complaint constituted battery. (*Id.* at ¶ 73). In Count VI of the Amended Complaint,

Plaintiff alleges the purported "inappropriate sexual advances and impermissible touching of the Plaintiff as set forth in Paragraph 5 [of the Complaint]" constituted IIED in violation of Illinois common law. (*Id.* at ¶¶ 85-86).

On May 12, 2021, Plaintiff cross-filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). (Charge of Discrimination, is part of the IDHR file attached hereto as "Exhibit 2" or "Ex. 2" at p 2). Pursuant to the cooperative agreement between the EEOC and IDHR, the EEOC conducted the initial investigation of Plaintiff's charge. (A copy of the EEOC May 24, 2021 letter to the IDHR indicating the EEOC would conduct the initial investigation is part of the IDHR file,Ex. 2 at p. 5).

On May 24, 2021, the IDHR sent Plaintiff a letter notifying him that the IDHR would take no further action on Plaintiff's IDHR charge unless Plaintiff requested the IDHR do so after the EEOC issued its findings. (Ex. 2, p. 1). The IDHR's letter to Plaintiff stated, in relevant part:

> Since you filed your discrimination charge initially with the EEOC, the EEOC is the governmental agency responsible for investigating the charge and the investigation will be conducted pursuant to the rules and procedures adopted by the EEOC. The Department will take no action on your charge until the EEOC issues its findings. After the EEOC issues its findings, if you want the Department to take any further action on your charge, you must send the Department a copy of the EEOC's findings within 30 days after service of the EEOC's findings on you. . . . If you received the EEOC's findings prior to receipt of this letter, you have 30 days from the date of this letter to send the Department a copy of the EEOC's findings. Upon receipt of the EEOC's findings, the Department will mail you a notice as to what further action the Department may take on your charge. . . . Your failure to timely provide the EEOC's findings to the Department will result only in the Department closing your file. . . . If you do not wish to proceed with the Department, you do not need to take any further action. *Id.*

The EEOC issued its findings to Plaintiff on May 24, 2021. (May 24, 2021, EEOC Right to Sue Letter, "Exhibit 4" or "Ex. 4"). Per the IDHR, Plaintiff never submitted the EEOC filings to the IDHR: "the [IDHR]'s records do not show that [Plaintiff] notified the Department in writing of his intent to proceed before the Department. Therefore, the Department did not investigate

3

[Plaintiff's] allegations . . . ." (September 20, 2021 Letter from the IDHR, "Exhibit 3" or "Ex. 3"). The IDHR never investigated Plaintiff's claim. (See Ex. 2 (entire IDHR file received via FOIA) and Ex. 3 (letter from the IDHR explaining charge was not investigated). Plaintiff filed suit on July 6, 2021.

### III.     Motion to Dismiss Standard

When considering a motion to dismiss under Rule 12(b)(6), the court must construe the operative complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts and drawing all reasonable inferences in her favor. *E.g., Yeftich v. Navistar, Inc.,* 722 F.3d 911, 915 (7th Cir. 2013). The complaint must allege sufficient facts that, if true, would raise a right to relief above the speculative level, showing that the claim is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 549, 555 (2007). To be plausible on its face, the complaint must plead facts sufficient for the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

### IV.     Argument

**A.  Count V (IHRA claim) must be dismissed for failure to exhaust.**

In Count V of the Amended Complaint, Plaintiff alleges Sgt. Cooney violated the IHRA. A plaintiff must administratively exhaust her allegations with the IDHR before filing a lawsuit premised on the IHRA. *See Donald v. City of Chicago*, 20-CV-6815, 2021 WL 1946335, at *4 (N.D. Ill. May 14, 2021)(citing *Baranowska v. Intertek Testing Servs. NA, Inc.*, No. 19 C 6844, 2020 WL 1701860, at *3 (N.D. Ill. Apr. 8, 2020) (citing 775 Ill. Comp. Stat. 5/7A-102(D), (G)).

Here, Plaintiff failed to administratively exhaust his IHRA claim because he failed to timely submit a copy of the EEOC's determination to the IDHR, as required by the IHRA. 775 ILCS

4

5/7A-102(A-1)(1)(iv); *see also* 775 ILCS 5/7A-102(A-1)(2) (providing that the IDHR will only take substantive action on the EEOC determination if it "is timely notified of the EEOC's findings by complainant"); 775 ILCS 5/7A102(A-1)(3) ("if the Department is timely notified of the EEOC's determination by complainant").

Accordingly, dismissal of Count V is required. *See Jafri v. Signal Funding LLC*, 19-C-645, 2019 WL 4824883, at *2 (N.D. Ill. Oct. 1, 2019). Pursuant to section 7A-102 of the Act, Plaintiff was required to advise the IDHR of the EEOC's determination on his charge within 30 days after service of the determination by the EEOC on the complainant. 775 ILCS 5/7A-102(A-1)(1). Likewise, section 2520.490 of the IDHR's regulations states:

> a) The following will apply to all charges filed after August 26, 2011 with the Equal Employment Opportunity Commission (EEOC) and dual filed with the Department pursuant to Section 7A-102(A-1) of the Act:
>
>> 1) The charge will be initially investigated by the EEOC pursuant to the EEOC's rules and procedures.
>> 2) The Department will not take any action on the charge until the EEOC issues its final determination.
>> 3) Within 30 days after receiving the final determination from the EEOC, the complainant must submit a copy of the EEOC's determination to the Department **in order to preserve the complainant's rights under the Act**. 56 Ill. Admin. Code 2520.490(a) (emphasis added).

As courts have aptly noted, the IHRA is unambiguous as to the requirement of notice of the EEOC's determination to the IDHR within 30 days. *See Jafri*, 2019 WL 4824883, at *2; *see also Ball v. Roeslein and Assoc. Inc.*, 20-CV-45, 2020 WL 4673136, at *7 (S.D. Ill. Aug. 12, 2020). Additionally, the 30-day notice requirement is contained in the same section in the IHRA as the requirements to file a charge within 300 days of a violation's occurrence and that a civil action must be filed within 90 days of the administrative determination, both of which also require dismissal for failure to comply. *Jafri*, 2019 WL 4824883, at *2, citing *Mayle v. Chi. Park Dist.,* 2019 WL 2773681, at *5 (N.D. Ill. July 2,

5

2019) ("Failing to comply with the IHRA's exhaustion requirements results in dismissal of an IHRA claim." (citing *Garcia v. Village of Mt. Prospect*, 360 F.3d 630, 640 (7th Cir. 2004))

Here, Plaintiff filed a Charge of Discrimination with the EEOC, Charge No. 440-2021-02528 (see Ex. 2, a p. 3(the "Charge"), on May 12, 2021, which was automatically cross-filed with the IDHR. (Ex. 2, pp. 2 & 5). On May 24, 2021, the IDHR notified Plaintiff that to proceed with his Charge before the IDHR, Plaintiff was required to notify the IDHR of the EEOC's findings within 30 days of the EEOC's service of their findings on Plaintiff. (Ex. 2, p. 1). On May 24, 2021, the EEOC issued Plaintiff a Dismissal and Notice of Rights. (Ex. 1, ¶ 15, Ex. 4). Plaintiff failed to notify IDHR of EEOC's findings. On September 20, 2021, IDHR issued a letter stating "the Department's records do not show that Mr. Postrelko notified the Department in writing of his intent to proceed before the Department. Therefore, the Department did not investigate Mr. Postrelko's allegations . . . ." (Ex. 3). Plaintiff's failure to notify the IHRA of the EEOC's findings is indistinguishable from the facts of *Donald* and *Jafri,* and the result should be the same. Plaintiff's IHRA claims should be dismissed because he failed to exhaust his administrative remedies.

### B. Count VI (Title VII) claim must be dismissed because individuals are not suable under Title VII.

Count VI of the Amended Complaint is captioned "Violation of Title VII of the Civil Rights Act of 1964, as amended, Directed at Defendant Carrie A. Cooney, Individually". It is well-settled law that an individual employee cannot be liable under Title VII. *See Smith v. Bd. of Educ. for Waukegan Pub. Sch. Dist. # 60*, 20-CV-03069, 2021 WL 4459529, at *7 (N.D. Ill. Sept. 29, 2021) ("[A] supervisor, in his individual capacity, does not fall within Title VII's definition of employer") (quoting *Geier v. Medtronic, Inc.*, 99 F.3d 238, 244 (7th Cir. 1996)). Thus, Count VI should be dismissed for failure to state a cause of action against Defendant Cooney.

### C. IHRA pre-empts Plaintiff's IIED claim (Count VIII).

6

The IHRA clearly states: "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8–111(C). The IHRA's definitions of "civil rights violations" include sexual harassment, (775 ILCS 5/2-102(D)) and retaliation "against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination [or] sexual harassment in employment. . ." 775 ILCS 5/6-101(A). "Sexual harassment" is defined as

> any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.

775 ILCS 5/2-101(E).

The IHRA's preemption provision deprives Illinois' circuit courts of subject matter jurisdiction over all intentional tort actions seeking redress for civil rights violations, such as sexual harassment and retaliation. If a tort cause of action relies upon "wrongful and unjustified conduct prohibited by [the Act]" then circuit courts lack subject-matter jurisdiction over that cause of action. *Welch v. Illinois Supreme Court*, 322 Ill. App. 3d 345, 356-57 (3d Dist. 2001). *See also, Veazey v. LaSalle Telecomm., Inc.*, 334 Ill. App. 3d 926, 934 (1st Dist. 2002); *Anderson v. Pistner*, 148 Ill. App. 3d 616, 619-20 (1st Dist. 1986). The United States Court of Appeals for the Seventh Circuit—applying Illinois law—has issued numerous decisions, consistent with *Veazey, Welch*, and *Anderson*, and holding intentional infliction of emotional distress claims, like Plaintiff's, are preempted by the IHRA. *Sanglap v. LaSalle Bank, FSB*, 345 F.3d 515, 519 (7th Cir. 2003) (IIED claim was preempted by the IHRA because plaintiff alleged that bank's motivation for closing his account was handicap discrimination); *Quantock v. Shared Mktg. Servs., Inc.*, 312 F.3d 899, 905 (7th Cir. 2002) (IIED claim was preempted by the IHRA because plaintiff alleged that employer's motivation was sexual

7

harassment); *Krocka v. City of Chicago*, 203 F.3d 507, 516-17 (7th Cir. 2000) (IIED claim was preempted by the IHRA because plaintiff alleged that employer's motivation was handicap discrimination); *Smith v. Chicago Sch. Reform Bd.*, 165 F.3d 1142, 1151 (7th Cir. 1999) (IIED claim was preempted by the IHRA because plaintiff alleged that employer's motivation was race discrimination).

Here, the Plaintiff's IIED claim against Defendant Cooney is premised on the same alleged harassing behavior by Defendant Cooney that form the basis of Plaintiff's IHRA sexual harassment claim against Cooney. (*See* Ex. 1, ¶¶ 107 & 109 (incorporating by reference ¶5 from the IHRA claim into his IIED claims against the Cooney)). "In other words, the . . . IIED claims arise solely as a result of a duty imposed under the IHRA; therefore, these are inextricably linked." *Griffin*, 452 F. Supp. 2d at 846 (internal citations omitted). Accordingly, as the Court lacks subject-matter jurisdiction over Count VIII of the Complaint, Count VIII should be dismissed.

### D. Plaintiff also fails to state a claim for IIED (Count VIII).

In order to state a cause of action for IIED under Illinois law, a plaintiff must adequately allege: "(1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended to inflict severe emotional distress or knew that there was a high probability that its conduct would do so; and (3) the defendant's conduct actually caused severe emotional distress." *Welsh v. Commonwealth Edison Co.*, 306 Ill. App. 3d 148, 154 (1st Dist. 1999). As explained in the following sections, Plaintiff fails to sufficiently allege any of the three prongs

> **1. Plaintiff does not allege facts showing Cooney's conduct was objectively extreme and outrageous or that she intended to inflect severe emotional distress.**

Whether conduct is extreme and outrageous is evaluated on an objective standard based on all of the facts and circumstances. *McGrath v. Fahey*, 126 Ill.2d 78, 90 (1988). The Illinois Supreme Court has indicated that "mere insults, indignities, threats, annoyances, petty oppressions or

8

trivialities" do not constitute extreme and outrageous conduct. *Public Finance Corp. v. Davis,* 66 Ill.2d 85, 89-90 (1976). "Rather, the nature of the defendant's conduct must be so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community." *Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1, 21 (1992). In determining whether conduct is outrageous and extreme, the court uses an objective standard based on all the facts and circumstances of the case. *Duffy v. Orlan Brook Condominium Owners' Ass'n*, 2012 IL (1st) 113577, ¶ 36. Here, the conduct alleged, including pulling Plaintiff's backpack, "grazing upon his buttocks," taking a picture of his buttocks and fixing his shirt collar, are not extreme and outrageous to go beyond the bounds of human decency. Ex. 1, ¶5.¹

In *Welsh*, plaintiffs alleged that they were demoted, transferred, forced to perform "demeaning" and "humiliating" tasks, harassed, intimidated, and threatened with termination by their employer. 306 Ill. App. 3d at 154. The court ruled that "in the absence of conduct calculated to coerce an employee to do something illegal" an employer's retaliatory conduct is not enough to give rise to an IIED claim. *Id.* The court noted that if stress and anxiety resulting from discipline, job transfers and terminations was enough for an action for IIED, then "virtually" every employee would have a cause of action. *Id.* Here, Plaintiff is not even alleging actions such as demotions terminations or threats from Cooney. Thus, the alleged actions do not rise to the level of extreme and outrageous conduct.

Additionally, federal courts have also dismissed IIED claims that did not rise to the level of extreme and outrageousness conduct. *See, Shamim v. Siemens Indus., Inc.,* 854 F. Supp. 2d 496, 512 (N.D. Ill. 2012)(dismissing IIED claim where supervisor subjected Plaintiff "to outbursts of yelling, profanity and insults about [his] religion and ethnicity," but plaintiff did not allege he was threatened

---

¹ Cooney denies the allegations of the Amended Complaint. Solely for the purpose of this Motion, Cooney the well-pled allegations of fact but rejects the numerous factual and legal conclusions asserted. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

9

or coerced into illegal activity.); *see also*, *Harriston v. Chi. Tribune Co.,* 992 F.2d 697, 703 (7th Cir.1993) (affirming dismissal of plaintiff's IIED claim where plaintiff alleged that she was subject to discriminatory conduct, including being reprimanded without cause, being forced out of a management position, being falsely accused of having poor sales, and being threatened with discipline, amongst other actions).

The Illinois Appellate Court has found that allegations objectively worse than those found in the instant case do not rise to the level of extreme and outrageous conduct. In *Miller v. Equitable Life Assur. Soc. of the U.S.*, 181 Ill. App. 3d 954, 956 (1st Dist. 1989), the plaintiff, an insurance sales representative, was subjected to repeated threats of physical harm, continuous threats of termination, denial of job transfers, and she was prohibited from seeking police assistance when a colleague hit her and threw coffee at her. 129 Ill. App. 3d at 955-56. Additionally, her employer refused to forward her mail to her and falsely told her clients she no longer worked there while she was out recovering from a car crash. *Id.* at 956. Her supervisors repeatedly told her to use sex to make insurance sales. *Id.* One supervisor touched her breast, shoulders and head. *Id.* Another told her that he "wanted her." *Id.* Finally, she alleged she was fired in retaliation for reporting a fraudulent insurance application and for reporting illegal kickbacks. *Id.* The circuit court dismissed the Plaintiff's complaint for failure to state a cause of action, holding that the plaintiff could not recover for IIED as the conduct was not extreme and outrageous as a matter of law. The Illinois Appellate Court affirmed, holding:

> for approximately three and one-half years [the plaintiff] was surrounded by supervisors and co-workers who were inconsiderate, rude, vulgar, uncooperative, unprofessional and unfair. While we do not condone such behavior, we do not believe that the conduct alleged is so outrageous in character and so extreme in degree as to go beyond all bounds of human decency. The fact that [the plaintiff] alleges that she was a victim of sexual harassment, battery, and retaliatory discharge does not necessarily mean that she has a cause of action for intentional infliction of emotional distress. *Id.* at 957.

10

Here, the alleged acts took place over less than a three-month period, nowhere near 3.5 years the plaintiff in *Miller* endured. Ex. 1, ¶5. Additionally, the conduct alleged in *Miller* was more extreme than the conduct alleged here: grabbing Plaintiff's backpack, fixing Plaintiff's collar, and taking a picture of a uniform violation, "[g]raz[ing] up against [Plaintiff's] buttocks and back without his consent," and making unspecified "advances" towards him. As the more severe conduct in *Miller* was not enough to state a claim for IIED, the Court should similarly find Plaintiff's allegations here insufficient to state a claim for IIED.

It is also axiomatic that if the alleged conduct is not severe and outrageous, then Plaintiff cannot meet the second prong that "the defendant either intended to inflict severe emotional distress or knew that there was a high probability that its conduct would do so." *Welsh*, 306 Ill. App. 3d at 154. Thus, Plaintiff has failed to establish the first and second prongs for IIED and Count VIII should be dismissed.

### 2. Plaintiff has not sufficiently plead that he experienced severe emotional distress.

Plaintiff has included only a conclusory allegation that the emotional distress he suffered was "severe" without alleging any facts in support. Ex. 1, at ¶ 109. Emotional distress alone is not sufficient to give rise to a cause of action for IIED. *Taliani v. Ressurection,* 2018 IL App (3d) 160327, ¶ 27. To be actionable, the distress inflicted must be so severe that no reasonable person could be expected to endure it. *Id.* Here, Plaintiff conclusory claims, without elaboration, he suffered "severe emotional distress". Ex. 1, ¶ 109. This allegation is nothing more than a recital of an element of an IIED claim, which is insufficient to state a claim under the standard set forth in *Iqbal,*. 556 U.S. at 678.

### III. CONCLUSION

For these reasons set forth above, the Court dismiss Counts V, VI, and VIII of Plaintiff's Amended Complaint with prejudice against Defendant Cooney.

Dated: February 15, 2022

                                        Respectfully submitted,

                                        CELIA MEZA
                                        Corporation Counsel
                                        of the City of Chicago

                                        By: */s/ Jessica R. Durkin*
                                        JESSICA DURKIN
                                        Assistant Corporation Counsel

City of Chicago, Department of Law
Employment Litigation Division
2 North LaSalle Street, Suite 640
Chicago, Illinois 60602
Jessica.durkin@cityofchicago.org
(312) 744-2836

Counsel for Defendant Sgt. Carrie Cooney

12