UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS-EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN POSTRELKO )</br>)</br>   Plaintiff, )</br>)</br>v. )</br>)</br>CITY OF CHICAGO, a Municipal )</br>Corporation, POLICE DEPARTMENT, )</br>and officer CARRIE A. COONEY, )</br>individually, and as an agent and )</br>employee of the CITY OF CHICAGO, )</br>)</br>   Defendants. ) | | 22 CV 00173</br></br>Honorable Steven C. Seeger</br></br>Magistrate Judge Susan Cox |

**DEFENDANT CITY OF CHICAGO'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

Defendant, City of Chicago, (the City), through its attorney, Celia Meza, Corporation Counsel for the City, submits the following brief in further support of its partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

I.  **ARGUMENT**[1]

A.  **The IHRA preempts Plaintiff's IIED claim against the City**[2]

In his Response to the City's Partial Motion to Dismiss (Dkt. No. 16), Plaintiff ignores the City's cited authority finding the IHRA preempted IIED claims. Plaintiff instead argues that there is

---

[1] In the City's Partial Motion to Dismiss the City also moved to dismiss Count I (An Illinois Human Rights Act (IHRA) claim against the City) and moved to dismiss the Chicago Police Department as a party as it is a non-suable entity. In his Response to the Motion to Dismiss, Plaintiff concedes that Count I should be dismissed and that CPD should be dismissed as a party. (Dkt. No. 16, p. 3 (agreement to dismiss IHRA claim), p. 6 (agreement to dismiss CPD)).

[2] Even though Plaintiff is voluntarily dismissing his IHRA claim, the IHRA can still pre-empt his IIED claims. *In Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill. 2d 507, the plaintiff filed only a "common law tort action" alleging her employer negligently hired and negligently retained a supervisor who sexually harassed her. 159 Ill. 2d at 509, 517-18. The Illinois Supreme Court ruled that the IHRA preempted the tort claims because "the concept of sexual harassment is inextricably linked to [plaintiff's tort claims against her employer]". *Id.*, 159 Ill. 2d at 516–17.

an independent basis for his IIED claim outside of the IHRA. However, the cases Plaintiff cites to support this argument are readily distinguishable.

Plaintiff relies primarily on *Maksimovic v. Tsogalis*, 177 Ill. 2d 511 (1997). In *Maksimovic*, the Illinois Supreme Court held that the plaintiff's battery, assault, and false imprisonment claims were not inextricably linked to the plaintiff's claims of sexual harassment claims because "[t]he sexual harassment aspect of this case is merely incidental to what are otherwise ordinary common law tort claims." 177 Ill. 2d at 517. *Maksimovic* is distinguishable for several reasons. First, it did not involve an IIED claim. Second, it involved intentional tort allegations against an individual defendant not against the individual defendant's employer, as is the case here. As noted in the City's Motion to Dismiss, "Illinois law dictates an employer is not liable for an employee's intentional torts, as these fall outside the scope of employment[,]" Griffin v. *Sutton Ford, Inc.*, 452 F. Supp. 2d 842, 845 (N.D. Ill. 2006) (citing *Wright v. City of Danville*, 174 Ill.2d 391, 404–05, 675 N.E.2d 110, 117–18 (1996)). Thus the IHRA would be the only source of liability for the City for Cooney's alleged IIED. Third, in his Amended Complaint Plaintiff alleges that his IIED claim against the City is premised*, inter alia*, on Cooney's alleged discrimination, harassment and retaliation towards Plaintiff. (Dkt. 1-1, ¶¶5.g.-5.j. adopted and incorporated into Plaintiff's IIED claim against the City, Count IV, ¶58).

Plaintiff also relies on *Schroeder v. RGIS, Inc.*, 2013 IL App (1st) 122483. However, *Schroeder* does not help, but hurts Plaintiff's argument. In *Schroeder*, the Illinois Appellate Court held that in order to evaluate an IIED claim for IHRA preclusion, courts should "review [] the allegations of plaintiff's [] complaint, stripped of the alleged civil rights violations" *Id.* at ¶ 29. The court found that without the alleged civil rights violations, the alleged conduct was not extreme or outrageous enough to constitute IIED and thus the IIED claim was "inextricably linked to a civil rights violation" and thus preempted by the IHRA. *Id.*

Were the Court to perform a similar evaluation here, the same result would be required. All of Cooney's alleged misconduct, with the exception of allegedly "violat[ing] social distancing protocols" (Dkt. 1-1, ¶5.f.) were acts of alleged discrimination, harassment and retaliation that are explicitly prohibited by the IHRA. Plaintiff cannot state a cause of action for IIED[3] without relying on allegations of harassment, discrimination and retaliation, and thus his IIED claim is preempted by the IHRA.

*Naeem v. McKesson Drug Co.*, is also distinguishable from the instant case. 444 F.3d 593, 605 (7th Cir. 2006). The plaintiff in *Naeem* alleged that multiple management-level employees at her job engaged in conduct that was "not just sexually harassing conduct; instead, she allege[d] a pattern of behavior by the defendants that created impossible deadlines, set up obstacles to her performing her job, and sabotaged her work" and thus her claim rested "not just on behavior that [was] sexually harassing, but rather behavior that would be a tort no matter what the motives of the defendant." *Id.* at 605. Here, unlike those in *Naeem,* all of Plaintiff's allegations regarding Cooney's alleged misconduct (other than the allegations regarding social distancing) were alleged acts of sexual harassment, discrimination or retaliation prohibited by the IHRA. To support his argument, Plaintiff impermissibly points to multiple other acts that were not alleged in his Amended Complaint. (*See* Dkt. 16, p. 5). The Court should disregard these, as when considering a motion to dismiss under Rule 12(b)(6), the Court may only consider well-pleaded facts in the operative complaint. *Yeftich v. Navistar, Inc.,* 722 F. 3d 911, 915 (7th Cir. 2013). *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) ("plaintiff may not amend his complaint in his response brief"). Based on the allegations in Plaintiff's Amended Complaint, Plaintiff's IIED claim

---

[3] As argued in Cooney's Partial Motion Dismiss and Reply In Support of her Partial Motion to Dismiss (and adopted by the City) the Court should dismiss Plaintiff's IIED claims for failure to state a cause of action regardless of how the Court rules on the preemption argument.

is clearly premised on alleged violations of legal duties created by the IHRA and thus should be dismissed.

**B.    Plaintiff fails to state a claim for IIED.**

Defendant Cooney is filing a reply in support of her motion to dismiss concurrently with the City's brief. The City adopts Defendant Cooney's arguments regarding Plaintiff's failure to state a cause of action for IIED. (Cooney's Reply in support of her Partial Motion to Dismiss, Dkt. No. 21, §II.B, pp. 3-4).

## II.    CONCLUSION

For these reasons, and the reasons stated in its Partial Motion to Dismiss, the City requests: the Court:

1) Dismiss Count I (Illinois Human Rights Act) with prejudice;

2) Dismiss Count IV (Intentional Infliction of Emotional Distress) with prejudice; and

3) Dismiss CPD from this matter with prejudice as CPD is a non-suable entity.

Dated: April 6, 2022                                    Respectfully submitted,

CELIA MEZA
Corporation Counsel of the City of Chicago

By:  *s/ Scott Crouch*
City of Chicago, Department of Law           SCOTT CROUCH
Employment Litigation Division               Assistant Corporation Counsel
2 North LaSalle Street, Suite 640
Chicago, Illinois 60602
Scott.Crouch@cityofchicago.org
(312) 744-8369

Counsel for Defendant City of Chicago